David I. Lipsky, Esq. (Bar No. 51009)
Email:  david.lipsky.law@gmail.com
**LAW OFFICE OF DAVID I. LIPSKY**
Central Village
409-B Central Avenue
Upland, CA  91786
 Tel:  (909) 985-0557; Fax:  (909) 985-4479

Gary A. Waldron, Esq. (Bar No. 99192)
Sherry S. Bragg, Esq. (Bar No. 132815)
Email:  gwaldron@weintraub.com; sbragg@weintraub.com
**WEINTRAUB TOBIN**
23 Corporate Plaza Drive, Suite 200
Newport Beach, CA  92660-7901
Tel:  (949) 760-0204; Fax:  (949) 760-2507

Ross Bozarth, Esq. (Bar No. 259602)
Email:  rbozarth@gblegal.com
**GUENARD & BOZARTH**
8830 Elk Grove Boulevard
Elk Grove, CA  95624
Tel:  (916) 714-7672; Fax:  (916) 714-9031

Attorneys for Class Plaintiff CHRISTOPHER T. MONROE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| Christopher T. Monroe, <br><br> Plaintiff, <br><br> vs. <br><br> GEICO General Insurance Company, <br><br> Defendant. | Case No._____ <br><br> **CLASS ACTION COMPLAINT** <br> 1. Breach of Contract <br> 2. Unlawful, Unfair and Fraudulent Business Practices <br>       (Cal. Business & Professions Code section 17200, *et seq.*) <br> 3. Fraud <br> 4. Declaratory Relief <br><br> **JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Christopher T. Monroe, by and through the undersigned counsel, on his own behalf and as a representative of a class of persons similarly situated, and for his causes of action against the Defendant, states and alleges as follows:

## PARTIES

1. Plaintiff Christopher T. Monroe (hereinafter "Plaintiff") at all times herein referenced, is an individual residing at 322 Ingram Ct., San Jose, California 95139.

2. Defendant GEICO General Insurance Company (hereinafter "GEICO") is, and at all times herein referenced, was a corporation duly organized and existing under and by virtue of the laws of Washington, D.C. and transacting the business of insurance in the State of California and within this judicial district. GEICO is available for service of process via CT Corporation System, 818 West Seventh Street 2nd Floor, Los Angeles, California 90017

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because:

   a. This is a civil action filed pursuant to Fed.R.Civ.P. 23 brought by one or more representative persons as a class action;

   b. The amount in controversy of all Class Members in the aggregate exceeds the sum or value of $5,000,000.00, exclusive of interest and costs;

   c. Many members of the putative class are citizens of States other than Washington, D.C., which is the residence of the Defendant; and

   d. All other factual conditions precedent necessary to empower this

Court with subject matter jurisdiction and personal jurisdiction have been satisfied.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 by virtue of (i) the residence of the Plaintiff in this district and (ii) that a substantial part of the events giving rise to the claims occurred in this district.

**NATURE OF THE ACTION**

5. Plaintiff Christopher T. Monroe seeks redress and recovery for himself and others similarly situated, namely owners of automobile insurance coverage issued by Defendant GEICO. The action arises from GEICO's claims handling processes and its systematic denials of automobile theft claims based on the unavailability of an insured's cellular telephone records.

6. Plaintiff Monroe had his 2006 Lexus stolen on September 26, 2013. He made a timely claim to GEICO and reported the theft in a timely manner to the local police department. He completed the information form requested by GEICO. The Lexus was paid for and he was the legal owner on the title. Mr. Monroe used the vehicle for family transportation and to travel to his job.

7. On May 29, 2014, GEICO denied Plaintiff Monroe's claim stating that it could not secure his cell phone records because the cell phone provider only kept them for a short period of time and therefore GEICO could not complete its investigation and it must deny his claim. Despite its investigation, GEICO had no valid belief that the vehicle was not stolen as alleged by Monroe. It had not uncovered any evidence to suggest that Monroe was guilty of any fraud or misrepresentation, or participated in the theft to justify the denial.

8. GEICO has systematically and uniformly used its inability to obtain phone records as an improper basis for claim denials.

9. GEICO wrongfully denied the claims of Mr. Monroe and the putative class members by putting the burden of showing that the claims were NOT INVALID on their insured. Under long standing California law, GEICO is required to give equal consideration to the rights of the insured and pay claims if it had no good reason to deny them. The duty to do so is independent of the obligations of the insured. GEICO cannot require that a claim be proved in any particular way (i.e. through cell phone records that presumably do not evidence wrongdoing on the part of the insured), but must pay a claim when it has enough information from any source to show that the claim is valid. In addition, it cannot deny a claim when it has not concluded an investigation to its own satisfaction as it did in Mr. Monroe's claim.

## CLASS ALLEGATIONS

10. This action is brought by the Plaintiff individually and on behalf of all others similarly situated pursuant to Rules 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil Procedure. Plaintiff proposes the following classes comprised of those who were harmed by Defendant's Breach of Contract and/or violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.). The Classes are defined as follows:

   a. Denied Claim Class: composed of any person or entity who is a California resident and who owns or owned an automobile insurance policy within the four years preceding the date of this complaint that was issued by GEICO and whose claim for loss was denied by GEICO on the basis that cellular or mobile telephone records were not available;

    b. Injunctive Relief Class: composed of those persons or entities who are residents of California who own an automobile insurance policy issued by GEICO.

11. Excluded from the proposed classes are Defendant, any entity in which any Defendant has a controlling interest, any agents, employees, actuaries, officers and/or directors of the Defendant, any entities currently in bankruptcy, any entity whose obligations have been discharged in bankruptcy, and any federal governmental agency, entity, or judicial officer.

12. All information necessary to determine the class members and the damages those members suffered are in Defendant's possession or control.

## COMMON QUESTIONS OF LAW AND FACT PREDOMINATE

13. There are common questions of law and fact of general interest to the class. These common questions of law and fact predominate over any questions affecting only individual members of the class, Included among the common questions are:

    a. Whether an injunction is necessary to keep Defendant from continuing to engage in the wrongful conduct alleged herein.

    b. Whether Defendant's conduct as alleged herein is unconscionable.

    c. Whether Defendant conspired to commit the wrongful acts alleged herein.

    d. Whether Defendant engaged in unlawful, unfair and fraudulent business practices.

    e. Whether Plaintiff and members of the putative class were damaged by Defendant's unfair and fraudulent business practices and/or misleading advertising.

  f. Whether Plaintiff and members of the putative class were damaged by Defendant's fraudulent scheme.

  g. Whether Defendant has ceased engaging in the wrongful conduct alleged herein.

## TYPICALITY AND NUMEROSITY

14. The claims of the named Plaintiff are typical of the claims of the class. The total number of members of the putative class exceeds five hundred (500) members.

15. According to its website (https://www.geico.com/about/corporate/at-a-glance/), GEICO has over 13 million auto policies in force and insures more than 22 million vehicles nationwide.

## ADEQUATE REPRESENTATION

16. The named Plaintiff will fairly and adequately protect the interests of the members of the class and has no interest antagonistic to those of other class members. Plaintiff has retained class counsel who are competent to prosecute class actions and are financially able to represent the class.

## SUPERIORITY

17. The class action mechanism is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all members of the class is impracticable. The class action mechanism provides the benefit of unitary adjudication, economies of scale and comprehensive supervision by a single court. The interests of judicial economy favor adjudicating the claims

for Plaintiff and putative class members as a class rather than for Plaintiff and putative class members on an individual basis.

18. Defendants have acted on grounds applicable to the class as a whole, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FACTUAL ALLEGATIONS

19. Plaintiff, Christopher Monroe, was at all relevant times herein, an insured of GEICO under Policy No. 4324-03-34-16.

20. On or about September 25, 2013 Plaintiff's home was burglarized.

21. On or about September 26, 2013 Plaintiff's White 2006 Lexus with Vin No. JTHBH96S065010679 ("vehicle") was stolen while parked in front of his residence.

22. On or about September 26, 2013 Plaintiff timely reported the burglary of his home and theft of his vehicle to local law enforcement authorities.

23. On or about September 26, 2013 Plaintiff timely reported the theft of the vehicle to GEICO and made Claim No. 0485575960101017.

24. On several occasions GEICO requested documentation from the Plaintiff.

25. On several occasions Plaintiff did provide the requested documentation or promptly informed GEICO that the documentation was not available- including his cellular phone records.

26. On or about December 2013 GEICO denied Plaintiff's claim.

27. Plaintiff submitted additional documentation from a T-Mobile retail store manager James Truong stating that due to the nature of Plaintiff's prepaid account with T-Mobile, T-Mobile did not hold the phone records for his cellular phone.

28. On or about May 29, 2014 GEICO reiterated its decision denying Plaintiff's claim stating it was unable to complete its coverage investigation because the cellular phone records are no longer available.

## FIRST CAUSE OF ACTION
### Breach of Contract

Plaintiff Christopher Monroe, on his own behalf and as representative of the Breach of Contract Class, states and alleges as follows:

29. To the extent they are not inconsistent; the Plaintiff incorporates by reference all allegations set forth in this Complaint as if more fully set forth herein.

30. The Plaintiff and the members of the class agreed with Defendant that, in exchange for premium payments, Defendant would pay insurance benefits to Plaintiff and the members of the class in the event that a loss occurs in accordance with the terms of the Policies.

31. The Plaintiff and the Class Members have fully performed their obligations under the Policies.

32. The Plaintiff and the Class Members have had a loss of property and damage to property.

33. Defendant has failed to perform and materially breached the Policies by delaying and denying benefits due under the policy.

34. As a direct and proximate result of the Defendant's breach of the Policies, the Plaintiffs and putative Class Members have suffered pecuniary damages, damages under the Policies, plus interest, and other economic, non-economic, general, special, incidental and consequential damages for a total amount currently unknown but which will be shown at the time of trial.

## SECOND CAUSE OF ACTION
### Unlawful, Unfair and Fraudulent Business Practices
### (California Business & Professions Code section 17200, et. seq.)

Plaintiff Christopher Monroe, on his own behalf and as representative of the proposed Classes, states and alleges as follows:

35. To the extent they are not inconsistent, the Plaintiff incorporates by reference all allegations set forth in this Complaint as if more fully set forth herein.

36. Through the conduct described herein, and particularly through the wrongful denial of valid automobile theft claims, Defendant engaged in unlawful, unfair and fraudulent business practices in violation of Business and Professions Code section 17200, *et seq.* Defendant's acts and practices offend an established public policy, and Defendants have engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers including Plaintiff.

37. Defendants' acts of unlawful, unfair, and fraudulent business practices include violations of the California Civil Code §§1572, 1573, 1709, 1710, 1711, 1770, 1670.5, Cal. Ins. Code § 790.03, and the common law. Such acts include, but are not limited to:

   a. GEICO as an insurance company doing business in California must give its insured's rights at least as much consideration as their own interests and have failed to do so.
   b. In handling car theft claims in California, GEICO engages in the business practice of denying those claims without a reasonable factual basis that the claims were not valid.
   c. GEICO wrongfully shifts the burden on its insured in auto theft claims to prove that their claim was not invalid.
   d. GEICO wrongfully requires auto theft claims to be proven in a particular way contrary to long standing California law requiring a company to pay a claim when it had in its possession enough information from another source to pay a valid claim.
   e. GEICO failed to perform its contractual obligations in good faith.

  f. GEICO is required to pay auto theft claims unless there is no valid reason to deny which it has consistently failed to do so.

  g. GEICO's obligations are unconditional and not dependent on the insured's obligation under the insurance contract which it has consistently deemed to be so.

38. Plaintiff reserves the right to allege other violations that constitute other unlawful business acts or practices. Upon information and belief, Defendant's wrongful conduct in violation of § 17200, *et seq.* is ongoing and continues to this date.

39. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

40. On behalf of the proposed class, Plaintiff respectfully requests this Court issue an injunction against Defendant preliminarily and permanently enjoining it from continuing to engage in the unlawful conduct and preventing Defendant from wrongfully denying valid auto theft claims by placing the burden to prove the claim is not invalid on the insured contrary to long standing California law.

41. Defendant's actions, nondisclosures, and misleading statements, as alleged in this Complaint, were and are likely to deceive Plaintiff and the public, and are intended to deceive Plaintiff and members of the public. Plaintiff has in fact been deceived and has relied on Defendant's representations and omissions. This reliance has caused harm to Plaintiff and Plaintiff has suffered injury in fact and lost money as a result of Defendant's unlawful, unfair, and fraudulent practices.

42. As a result of its unlawful, unfair, and fraudulent practices, Defendant has been able to reap unjust revenue and profit. Further, upon information and belief, unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate here.

43. Defendant's actions also constitute "unfair" business acts or practices because, as alleged above, inter alia, Defendant engages in the business practice of denying valid auto theft claims without a reasonable factual basis for doing so, misleads, misrepresents and omits material facts regarding its duties and the duties of its insureds, and thereby offends an established public policy, and engages in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers including Plaintiff.

44. Plaintiff, on behalf of itself, all others similarly situated, and the general public, seeks restitution of all money improperly obtained from Plaintiff and members of the Subclass which Defendant collected or received as a result of unlawful, unfair, or fraudulent practices, an injunction prohibiting Defendant from continuing such practices, and all other relief the Court deems proper and just, consistent with, inter alia, Business & Professions Code §17203.

### THIRD CAUSE OF ACTION
### Fraud

Plaintiff Christopher Monroe, on his own behalf and as representative of the Classes, and for the Third Cause of Action of this complaint, states and alleges as follows:

45. To the extent they are not inconsistent; the Plaintiff incorporates by reference all allegations set forth in this complaint, as if more fully set forth herein.

46. To the extent necessary, this claim is plead in the alternative to those claims asserted on behalf of the putative class and/or is asserted on behalf of Plaintiff alone.

47. At all times material hereto, GEICO, directly and by and through its agents, were under a duty to pay legitimate auto theft claims which it had no reasonable factual basis to deny them.

48. At all times material hereto, GEICO never intended to pay legitimate auto theft claims although it had promised to do so under and through its policies.

49.   GEICO wrongfully suppressed the truth of its plan to deny claims based on the pretense of an insured's cellular phone records being unavailable.

50.   The Plaintiff reasonably relied on his belief that all material facts about GEICO's business practices had been disclosed to him and upon that reliance paid premiums to GEICO and did not do business with other insurance carriers.

### FOURTH CAUSE OF ACTION
### For Declaratory Relief

Plaintiff Christopher Monroe, on his own behalf and as representatives of the Class, and for the Fourth Cause of Action of this Complaint, state and allege as follows:

51.   To the extent they are not inconsistent, the Plaintiff incorporates by reference all allegations set forth in this Complaint as if more fully set forth herein.

52.   An actual controversy has arisen and now exists between Plaintiff and the putative class members, on the one hand, and Defendant, on the other hand, concerning the respective rights and duties of the parties under the Policies.

53.   Defendant contends that it has lawfully denied the auto theft claims of Plaintiff and the putative class members, appropriately required its insureds to produce evidence in support of and to prove a claim, that it had a valid reasonable factual basis to deny the claims, and that it is permitted to do so in the future for the duration of the Policies. On the other hand, Plaintiff and the putative class members maintain that Defendant has breached the policies by inappropriately and unlawfully shifting the burden to prove claims to the Plaintiff and the putative class members, denied those claims without a reasonable factual basis, and further shifted the burden to prove the claim was not invalid on the Plaintiff and the putative class members.

54.   Under these circumstances, the parties' desire a declaration as to their respective rights under the Policies and the Plaintiff requests this Court declare that

the burden to prove a claim and the manner of proof at issue is unlawful and in material breach of the Policies so that future controversies under the Policies may be avoided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class Members, pray for judgment providing:

    A.    Injunctive relief to preliminarily and permanently enjoin Defendant, its representatives, and all others acting with it or on its behalf:

        i. From continuing to engage in the unlawful conduct and preventing Defendant from wrongfully denying valid auto theft claims by placing the burden to prove the claim is not invalid on the insured contrary to long standing California law.

    B.    Injunctive relief requiring Defendant, its representatives, and all others acting with it or on its behalf to reinstate any policyholder whose Policy was cancelled or surrendered as a result of the wrongful denial of an auto theft claim.

    C.    Incidental or other monetary relief in the form of repayments to Plaintiff and other Class Members of all wrongfully denied auto theft claims.

    D.    Alternatively, general damages, consequential damages, and other incidental damages in a sum to be determined at the time of trial.

    E.    Restitutionary relief requiring Defendant to disgorge and divest all money wrongfully retained from Class Members as a result of, or caused by, the artificial, sham, unlawful, and unreasonable denial of valid auto theft claims made under the Policies.

    F.    A declaration that the denial of auto theft claims is a material breach of the Policies and that Defendant must pay auto theft claims when it

- 13 -
CLASS ACTION COMPLAINT

has in its possession enough information from any source to pay a valid claim as required by longstanding California law.

G. Attorneys' fees expended and incurred in recovery of benefits and enforcement of the terms of the Policies against Defendant in a sum to be determined at the time of trial.

H. Cost of suit incurred herein.

I. An award of prejudgment and post-judgment interest.

J. Such other and further relief as deemed appropriate by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff, hereby demands a trial by jury of this action.

Dated: November 21, 2014        By: /s/*Gary A. Waldron*
                                    Gary A. Waldron
                                    Sherry S. Bragg

                                    Attorneys for Plaintiff
                                    CHRISTOPHER T. MONROE

| | |
|---|---|
| 1 | David I. Lipsky, Esq.  (Bar No.  51009) |
| 2 | Email:   david.lipsky.law@gmail.com |
| | **LAW OFFICE OF DAVID I. LIPSKY** |
| 3 | Central Village |
| 4 | 409-B Central Avenue |
| | Upland, CA  91786 |
| 5 | Tel:  (909) 985-0557; Fax:  (909-985-4479 |
| 6 | |
| | Gary A. Waldron, Esq.  (Bar No. 99192) |
| 7 | Sherry S. Bragg, Esq. (Bar No. 132815) |
| 8 | Email:  gwaldron@weintraub.com |
| | sbragg@weintraub.com |
| 9 | **WEINTRAUB TOBIN** |
| 10 | 23 Corporate Plaza Drive, Suite 200 |
| | Newport Beach, CA  92660-7901 |
| 11 | Tel:  (949) 760-0204; Fax:  (949) 760-2507 |
| 12 | |
| | Ross Bozarth, Esq.  (Bar No. 259602) |
| 13 | Email:  rbozarth@gblegal.com |
| 14 | **GUENARD & BOZARTH** |
| | 8830 Elk Grove Boulevard |
| 15 | Elk Grove, CA  95624 |
| 16 | Tel:  (916) 714-7672; Fax:  (916) 714-9031 |