Dennis B. Kass (State Bar No. 137263)
*dbk@manningllp.com*
Richard Garcia (State Bar No. 198185)
*rgg@manningllp.com*
Alexandra C. Seibert (State Bar No. 283008)
*acs@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for GEICO GENERAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

CHRISTOPHER T. MONROE,

Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

Case No. 14-CV-05174-HRL

**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF ISSUES AS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date: January 25, 2018
Time: 9:00 a.m.
Ctrm.: 4

[Filed concurrently with Motion for Summary Judgment; Appendix of Evidence; Request for Judicial Notice; and [Proposed] Orders]

Complaint filed:

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| Claim 1<br>Breach of contract | | |
| 1. Plaintiff did not comply with the assistance and cooperation provision of the contract. | Fact 1. Defendant issued an automobile insurance policy to plaintiff.<br><br>First Amended Complaint (FAC), ¶ 10; Quinto Dec., ¶ 7; Exh. 7 to Quinto Dec. | |
| | Fact 2. Plaintiff made a claim under his policy for the theft of his vehicle.<br><br>FAC, ¶ 14; Quinto Dec., ¶ 8. | |
| | Fact 3. Because the circumstances of plaintiff's claim and the theft raised multiple red flags that suggested that the claim might be fraudulent, the claim was referred to the Special Investigation Unit (SIU) for investigation.<br><br>Quinto Dec., ¶¶ 7, 8, 10, 19; Exh. F to Quinto Dec.; Wright Dec., ¶¶ 6, 23; Exh. B to Wright Dec; Exh. C to Wright Dec., pp. 3, 5-8, 12, 13, 18-22, 25; P Depo 2, pp. 17: 19 – 18: 2; 30: 25 – 31: 22; 56: 14-15, 20-25; 57: 18-23; 73:11-17; 78: 6-10; 96: 9-13; 176: 9-14 ; P Depo 1, pp. 14: 16-19, 24 – 15: 3; 27: 20-23; 42: 17 – 44: 5; 45: 18-24; 57: 16 – 58: 1; 61: 4-6; 63: 18-21; 64: 3-16; 69: 2-6; 70: 2-13; 72: 3-6. | |
| | Fact 4. Plaintiff's insurance policy includes an assistance and cooperation provision that states: "The insured will cooperate and assist us, if requested:<br>(a) In the investigation of the loss;<br>. . . .<br>(f) In securing and giving evidence;<br><br>Exh. BB to Muhlestein Dec.; Grothen Dec., ¶ 5. | |
| | Fact 5. On October 9, 2013, the SIU investigator, Wright, asked plaintiff to provide cell phone records needed to verify the facts he provided to Geico regarding his claim and provided him with a written list of the requested documentation, including Sprint cell | |

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| | phone records (based on plaintiff's representation that Sprint was his cell phone carrier) and contact information for the investigator so that plaintiff could send the requested information.<br><br>Wright Dec., ¶¶ 10, 11, 13; Exh. C to Wright Dec., at pp. 1-3, 16-17, 23-26; P Depo 2, pp. 103: 15-17, 24 - 104: 11; 106: 7-25; 157: 25 – 158: 7; 170: 20 – 171: 4. | |
| | Fact 6. On October 8, 2013 Wright informed plaintiff that in order to obtain his cell phone records he would need to upgrade his service from prepaid to monthly and advised him that if the cost of upgrading the account was an issue, he could ask the claims examiner to pay for the upgrade and that Geico generally would pay for the necessary upgrade.<br><br>Wright Dec., ¶ 14; Exh. C to Wright Dec., pp. 17, 23, 24; P Depo 2, pp. 155: 20-21, 25 – 156: 4, 17-20; 157: 25 – 158: 7. | |
| | Fact 7. Plaintiff never attempted to upgrade his account. On or about October 14, 2013, plaintiff went to T-Mobile with the intent of upgrading his account in compliance with Wright's instructions in order to obtain the requested cell phone records. However, he decided not ask to upgrade his account because he would lose the money he had already paid on the account and he did not believe that he would be able to get records prior to the date of the upgrade. He never told Wright that he didn't think that upgrading would work or didn't make sense.<br><br>P Depo 2, pp. 156: 5-13, 24 - 157: 4, 12-16; Exh. D to Wright Dec.; Exh. D to Wright Dec. | |
| | Fact 8. Plaintiff did not ask his claims examiner to pay for an upgrade of his account.<br><br>Quinto Dec., ¶ 21; Exh. K to Quinto Dec.; P Depo 2, p. 158: 15-16. | |
| | Fact 9. On November 13, 2013 Geico sent plaintiff a letter referring him to | |

| | | |
|---|---|---|
| | sent plaintiff a letter referring him to the assist and cooperate provision in the policy and advised him that a "necessary part of this investigation is that you provide us a completed theft questionnaire form, a copy of the police report to confirm the vehicle was stolen, your bank and cellular phone record."<br><br>Quinto Dec., ¶ 14; Exh. H to Quinto Dec.; P Depo 2, pp. 112: 16-20; 127: 1-16; 131: 16-25. | |
| | Fact 10. Due to privacy laws, Geico could not obtain plaintiff's cell phone records on its own.<br><br>Grothen Dec., ¶ 4. | |
| | Fact 11. On October 30, 2013 Wright noted in his filed that he had not received a readable copy of plaintiff's bank records, that a handwritten noted he had provided indicated that he was unable to obtain his cell phone records, and that he had not submitted the notarized theft questionnaire, which is required by law. Wright observed that the lack of documentation was problematic from the standpoint of verification and closed eh SIU file.<br><br>Wright Dec., ¶ 18; Exh. B to Wright Dec. | |
| | Fact 12. After reviewing the SIU report and consulting with claims examiner Quinto, Regional liability administrator ("RLA") on December 10, 2013 Lon Grothen determined to deny plaintiff's claim for failure to comply with the assistance and cooperation provision of the policy, due to his failure to provide cell phone records, a notarized vehicle theft questionnaire (which is legally required to pay a claim), and legible bank records, which had been requested to assist Geico in its investigation of plaintiff's claim.<br><br>Grothen Dec., ¶ 12; Quinto Dec., ¶¶ 15, 16; Exh. J to Quinto Dec.; P Depo 2, pp. 126: 17-19; 134: 6-9, 12-18; 135: 14-21; 136: 17-20. | |
| | Fact 13. On or about March 24, 2014, | |

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

| | | |
|---|---|---|
| | Quinto, Geico reopened the SIU file on plaintiff's claim and Wright contacted plaintiff again about the requested documents that he had not provided. Wright reminded plaintiff about prior discussions regarding the perishable nature of the cell phone records, reminded him that he needed to establish a monthly account and if there was a cost associated with the change, he could discuss the cost with Quinto, and reminded him that coverage could likely hinge on the information contained in his phone records.<br><br>Wright Dec., ¶¶ 21, 22; Exh. B to Wright Dec.; Quinto Dec., ¶ 18; P Depo 2, p. 157: 12-20. | |
| | Fact 14. On March 26, 2014 the defendant's SUI investigator, Wright, advised plaintiff that he had not received requested documentation, and reminded him of their previous discussion about the perishable nature of cell phone records, that he had been warned not to accept the response that records are not available for prepaid accounts and that he needed to establish a monthly account and could discuss the cost with the claims examiner, Quinto. Wright told plaintiff again, that the results of the investigation could likely hinge on the information contained in his phone records. Whereupon plaintiff became argumentative, repeated that upgrading would have cost him money and told Wright to get the cell phone records if he knew how to get them.<br>Wright Dec., ¶¶ 16, 18, 19, 21, 22; Exh. B to Wright Dec.; P Depo 2, p. 157: 12-20. | |
| | Fact 15. Wright reviewed the documents that plaintiff provided (which did not include cell phone records), noted that the bank records reflected that plaintiff was under economic stress at the time of the theft and that plaintiff's failure to provide phone records had prejudiced Geico's ability to conduct a thorough claims investigation, and closed the SIU file again. | |

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| | again.<br><br>Wright Dec., ¶¶ 23, 24; Exh. E to Wright Dec.; Quinto Dec., ¶ 19; Wright Dec., ¶ 20. | |
| | Fact 16. On April 10, 2014, Quinto and Grothen reviewed plaintiff's claim again and Grothen determined to stand by Gecio's earlier denial because plaintiff had failed to comply with the assistance and cooperation provision of the policy inasmuch as he had not provided cell phone records which due to the passage of time were no longer available.<br><br>Grothen Dec., ¶ 14; Quinto Dec., ¶¶ 20, 21; Exh. K to Quinto Dec.; P Depo 2, pp. 162: 2-3; 164: 2-7. | |
| | Fact 17. On May 6, 2014, Geico sent plaintiff a letter noting that that he had recently advised Geico that due to the length of time that had elapsed, the cell phone records requested were no longer available and that the lack of cell phone records and lapse of time had impeded Geico's ability to complete its investigation. Geico stated that if, in fact, the records had never been available from the cell phone service provider, Geico needed a letter from the cell phone company confirming that fact.<br><br>Quinto Dec., ¶ 22; Exh. L to Quinto Dec. | |
| | Fact 18. On May 14, 2014, plaintiff sent Geico a letter from a Mr. Truong of T-Mobile stating that T-Mobile does not hold phone records for prepaid accounts. Plaintiff offered no evidence that he had timely requested that Sprint or T-Mobile upgrade his account to monthly and no evidence that had he done so, the records would not have been available, and no explanation of why the letter was from T-Mobile, when he had represented that his cell phone provider was Sprint.<br><br>Quinto Dec., ¶¶ 23; Exh. M to Quinto Dec. | |
| | Fact 19. On May 29, 2014, Geico stated that it would stand by its | |

| | | |
|---|---|---|
| | decision to deny coverage for failure to comply with the assistance and cooperation provision of the policy, inasmuch as it was "unable to complete [its] coverage investigation since cellular phone records are no longer available."<br><br>Grothen Dec., ¶ 15; Quinto Dec., ¶ 24; Exh. N to Quinto Dec. | |
| | Fact 20. The decisions of Grothen, in consultation with Quinto, after review of the SIU reports, were good faith exercises of Geico's contractual right to deny plaintiff's claim due to his failure to comply with his contraction obligation to cooperate in the investigation of his claim and assist in securing evidence.<br><br>Grothen Dec., ¶ 16; Quinto Dec., ¶ 26. | |
| | Fact 21. Plaintiff's failure to provide Geico with the requested cell phone records prejudiced Geico's ability to conduct a thorough investigation of plaintiff's claim inasmuch as it prevented Wright from being about to cross-check the details of plaintiff's story. and from determining whether plaintiff made a call to find out whether his car had been towed before calling the police, as he claimed, whether he had a connection to the individual he identified as a potential suspect in the theft, whether he had called anyone or anyone had called him in the days leading up to the theft of the car, and the identity of those potential witnesses. Had Gecio received plaintiff's cell phone records Wright would have used them to do some or all of these things.<br><br>Grothen Dec., ¶¶ 14, 15; Quinto Dec., ¶ 23; Wright Dec., ¶¶ 18, 24, 25; P Depo 2, p. 136: 17-20. | |
| 2. Geico fulfilled its duties under the contract. | Fact 22. Geico's SIU investigator investigated plaintiff's claim obtaining his recorded statement and by requesting, collecting, and reviewing plaintiff's theft questionnaire and other information from plaintiff, the police department, and plaintiff's companion | |




MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

| | | |
|---|---|---|
| | on the day prior to the reported theft.<br><br>Wright Dec., ¶¶ 6-24; Exhs. B, C, D, E to Wright Dec.; Quinto Dec., ¶¶ 8-11, 13, 15, 17-20, 23; Exhs. H, M to Quinto Dec. | |
| Claim 2<br>Unlawful, Unfair and Fraudulent Business Practices (Cal. Bus, & Prof. Code §17200 et seq) | | |
| 1. Geico's handling of plaintiff's theft claim was not unlawful. | Fact 23. Plaintiff alleges that the following conduct violated the law. Geico: (1) failed to give its insured's rights at least as much consideration as its own interests; (2) denied his claim without a reasonable factual basis that it was not valid; (3) shifted the burden to him to prove that his claim was valid; (4) required that his claim be proved in a particular way although it is required to pay claims when it has enough information from another source to pay a valid claim; (5) failed to perform its contractual obligations in good faith; (6) erroneously asserted that its obligations are conditional and depend upon the insured's obligation under the insurance contract; and (7) gave no advance notice prior to the purchase of a policy or submission of a claim that providing cell phone records was a condition or requirement for claim processing.<br><br>FAC ¶ 28; Exh. Y to Muhlestein Dec., no. 21. | |
| | Fact 24. Geico did not fail to give its insured's rights at least as much consideration as its own interests because a requirement that the insured cooperate in the insurer's investigation by providing requested documents pertinent to the investigation is a condition of coverage under the policy.<br><br>Exh. BB to Muhlestein Dec.; Grothen Dec., ¶ 5. | |
| | Fact 25. Geico denied plaintiff's claim for failure to comply with the | |



MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

| | | |
|---|---|---|
| | cooperation and assistance condition of the contract, not based on any determination that the claim was not valid.<br><br>Wright Dec., ¶¶ 18, 20, 23, 24; Exhs. B, E to Wright Dec.; Grothen Dec.,¶ ¶ 12, 14-16; Quinto Dec., ¶¶ 15, 16, 19-24, 26; Exhs. J, L, M, N to Quinto Dec.; P Depo 2, pp. 126: 17-19; 134: 6-9, 12-18; 135: 14-23: 136: 17-20; 162: 2-3: 164: 2-7. | |
| | Fact 26. Geico did not shift the burden to plaintiff to prove that his claim was valid or require that it be proven valid in a particular way; rather it required that he comply with his obligation to provide pertinent requested information. Geico would not deny the claim without proof that it was fraudulent.<br><br>Grothen Depo 59: 11-14; 60: 20 – 61: 10; Exh. BB to Muhlestein Dec.; Grothen Dec., ¶ 5. | |
| | Fact 27: Geico performed its contractual obligations in good faith;<br><br>See Facts 5-22 pertaining to the acts undertaken in the conduct of the investigation of plaintiff's claim. See also, Grothen Dec., ¶¶ 2, 4, 6, 11, 12, 14-16; Quinto Dec., ¶¶ 3, 8-11, 13, 15, 17-20, 23, 26; Exhs. H, M to Quinto Dec.; Wright Dec., ¶¶ 6-24, 27; Exhs. B, C, D, E to Wright Dec. | |
| | Fact 28: Geico did not erroneously assert that its obligations are conditional and depend upon the insured's obligation under the insurance contract because it performed its obligation to investigate the claim and its obligation to pay was, in fact, conditional on plaintiff meeting the contractual conditions of coverage.<br><br>Wright Dec., ¶¶ 6-24; Exhs. B, C, D, E to Wright Dec.; Quinto Dec., ¶¶ 8-11, 13, 15, 17-20, 23; Exhs. H, M to Quinto Dec.; Exh. BB to Muhlestein Dec.; Grothen Dec., ¶ 5. | |
| | Fact 29: Geico did not give advance notice prior to the purchase of a | |


Case No. 14-CV-05174-HRL

DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| | policy or submission of a claim that providing cell phone records was a condition or requirement for claim processing because it was not a condition or requirement for all claims.<br><br>Grothen Dec., ¶ 7; Quinto Dec., ¶ 5; Wright Dec., ¶ 12. | |
| 2. Geico's handling of plaintiff's theft claim was not unfair. | Fact 30. Plaintiff alleges that defendant's handling of his claim was unfair on the grounds that defendant denied his valid auto theft claim without a reasonable factual basis for doing so, mislead, misrepresented and omitted material facts regarding its duties and the duties of its insureds and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injuries to plaintiff.<br><br>FAC, ¶ 34. | |
| | Fact 31. Insurers owe a duty to their policy holders to control premium rates by investigating claims to confirm coverage, liability, and when applicable, damages and denying claims that can be shown to be fraudulent.<br><br>Grothen Dec., ¶ 2; Quinto Dec., ¶ 3. | |
| | Fact 32. Investigations play a crucial role in determining whether a claim is valid and should be paid or fraudulent and should be denied.<br><br>Grothen Dec., ¶ 4; Wright Dec., ¶ 12. | |
| | Fact 33. In conducting his investigations SIU investigator Wright looked for the truth, He looked both for indicators of a valid claim and indicators of fraud. He recorded information in the case file regardless of whether it suggests a valid claim or possible fraud.<br><br>Wright Dec., ¶ 7; Exh. B to Wright Dec. | |
| | Fact 34. It is not the function of nor did SIU investigator Wright make any recommendation regarding whether or not a claim should be paid. He formed no opinion regarding the validity of plaintiff's claim and did not | |

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| | know that the claim had been denied until he learned that a lawsuit had been filed.<br><br>Wright Dec., ¶¶ 19, 27. | |
| | Fact 35. A total theft claim cannot be denied without authorization from an RLA who consults with the claims examiner regarding the claim after the SIU investigation is closed.<br><br>Grothen Dec., ¶ 11, 12, 14, 15; Quinto Dec., ¶¶ 15, 20, 23. | |
| | Fact 36. The decisions of Grothen in consultation with Quinto were made in a good faith exercise of Geico's contractual right to deny plaintiff's claim due to his failure to comply with his contractual obligation to cooperate in in investigation of the claim and assist in securing evidence and were based upon the unique facts that rendered the claim suspicious, the aspects of plaintiff's story that Geico could likely confirm or refute through use of cell phone records, the history of the investigation, and the effect of the lack of cell phone records on Geico's ability to complete the investigation.<br><br>Grothen Dec., ¶ 16; Quinto Dec., ¶ 26. | |
| | Fact 37. It is neither possible nor advisable for Geico to spell out in detail every claims handling practice in its policies or other materials distributed to the public. Explaining every claims handling practice would drown the consumer in a sea of mostly irrelevant minutia. An extremely vast majority of California policy holders will never be concerned with Geico's policies regarding use of cell phones in investigation of total theft claims.<br><br>Grothen Dec., ¶ 6. | |
| 3. Plaintiff cannot establish that Geico defrauded him. | See facts 38 - 52 below pertaining to plaintiff's fraud claim. | |
| Claim 3<br>Fraud | | |
| 1. Plaintiff cannot establish that **at the time plaintiff** | Fact 38. Geico had no policy not to pay valid total theft claims or of automatically denying auto theft | |



MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| **purchased his auto policy** Geico had no intention of paying valid claims under the policy. | claims if requested cell phone records are not provided. Whether a claim will be denied for failure to comply with the assistance and cooperation provisions of the policy depends upon the significance of the documentation to the investigation.<br><br>Grothen Dec., ¶¶ 7, 9; Wright Dec., ¶¶ 3, 4; Quinto Dec., ¶¶ 2, 5, 6. | |
| | Fact 39. Geico pays the vast majority – approximately 2/3 - of California auto theft claims, even those subject to SIU investigation, regardless of whether cell phone records are requested or provided. Of auto theft claims made under Geico auto policies, only approximately 1/3 are closed without payment; only some fraction of claims closed without payment are denied; only some fraction of claims denied are denied for failure to cooperate; and only some fraction of claims denied for failure to cooperate are denied for failure to provide cell phone records.<br><br>Grothen Dec., ¶¶ 6, 9. | |
| | Fact 40. Geico requested plaintiff's cell phone records in order to order confirm the facts he provided Geico regarding his claim, including individuals he spoke to prior to the theft. SUI investigator Wright does not request cell phone records in every case, although cell phone records frequently lead to information that bears on or resolved the question of whether a claim is valid or fraudulent. However, he felt that cell phone records were critical to the investigation of plaintiff's claim.<br><br>Wright Dec., ¶¶ 11, 12; Exh. C to Wright Dec., at 1-2, 11, 16, 18, 26. | |
| | Fact 41. Geico cannot obtain the cell phone records of its insureds due to consumer protection and privacy laws.<br><br>Grothen Dec., ¶ 4. | |
| | Fact 42. Geico has no policy requiring SIU investigation of all total theft claims or requiring that | |

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| | all total theft cases, and has no policy requiring denial of claims when cell phone records are requested and not provided.<br><br>Grothen Dec., ¶¶ 7-9, 16; Wright Dec., ¶¶ 3, 4; Quinto Dec., ¶¶ 2, 5, 6, 15, 23, 25, 26. | |
| | Fact 43. Geico undertook to investigate plaintiff's claim and requested, obtained, and evaluated information and documentation that assisted in the investigation.<br><br>Wright Dec., ¶¶ 6-24; Exhs. B, C, D, E to Wright Dec.; Quinto Dec., ¶¶ 8-11, 13, 15, 17-20, 23; Exhs. H, M to Quinto Dec. | |
| | Fact 44. Geico attempted to assist plaintiff in getting his cell phone records, by telling him about the upgrade procedure by which he could get his records even though his account was a prepaid account, volunteering that Geico would likely pay the cost of the necessary upgrade, following up with him, and continuing to request documentation, and reminded him of his obligation under the policy to assist and cooperate with its investigation.<br><br>Wright Dec., ¶¶ 14, 15; Exh. C to Wright Dec., pp. 17, 23, 24; Quinto Dec., ¶ 13; Exh. H to Quinto Dec.; P Depo 2, pp. 155: 20-21, 25 – 156: 4, 17-20; 157: 25 – 158: 7. | |
| | Fact 45. Geico reopened its investigation and reconsidered plaintiff's claim twice.<br><br>Grothen Dec., ¶¶ 14, 15; Quinto Dec., ¶¶ 18, 23; Wright Dec., ¶¶ 21, 22; Exh. B to Wright Dec.; Quinto Dec., ¶ 18; P Depo 2, p. 157: 12-20. | |
| | Fact 46. Plaintiff's failure to timely provide cell phone records impeded Geico's investigation of his claim.<br><br>Wright Dec., ¶¶ 18, 24; Exhs. B, E to Wright Dec.; Grothen Dec., ¶¶ 12, 14, 15; Quinto Dec., 15, 20, 23. | |
| | Fact 47. In verified answers to special interrogatories, plaintiff identified all the facts that support his claim that | |

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| | the facts that support his claim that Geico did not intend to pay claims as the fact that Gecio continued to refuse to pay the claim after he cooperated and it had reasonably available information necessary to process his claim.<br><br>Exh. Y to Muhlestein Dec., no. 26. | |
| | Fact 48. There is no evidence that Geico had a policy to deny any valid claims made by plaintiff personally, as opposed to any other insured.<br><br>P Depo 1, p. 16: 6-23. | |
| 2. Plaintiff cannot establish that Geico misrepresented to him that it had disclosed all of its claims handling practices to him. | Fact 49. Geico does not disclose its claims handling procedures to the public, either on line or in advertising or any other materials distributed to the public.<br><br>Grothen Dec., ¶ 17. | |
| | Fact 50. Plaintiff applied for his policy on line. He spoke for five or six minutes with a Geico representative who confirmed information in his application and took payment for the policy. He denies having any other discussion with the Geico representative.<br><br>P Depo 1, p. 16: 6-23. | |
| | Fact 51. Even if it intended to disclose claims handling procedures to the public, Gecio does not and could not spell out every claims handling practice in it policies or in other materials distributed to the public. The details of every type of documentation or information that might be required in the course of an investigation would drown consumers in information that in most cases would be wholly irrelevant to them.<br><br>Grothen Dec., ¶ 6. | |
| 3. Plaintiff cannot establish that he relied or reasonably relied on and was induced by Geico's claims handling procedures to purchase the Geico auto policy. | Fact 52. Plaintiff cannot establish that he saw or was advised of any of Geico's claims handling policies prior to purchase of the policy.<br><br>Grothen Dec., ¶ 17; P Depo 1, p. 16: 6-23. | |

Manning & Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

| | | |
|---|---|---|
| | Fact 53. Plaintiff searched on line for a month trying to find the best deal. He went to a website that sent him offers from several different companies with quotes. He selected Geico because it was the cheapest. He did not renew with his former insurer because he was trying to save money and it was more expensive.<br><br>Exh. C to Wright Dec. at p. 19; P Depo 1, pp. 18: 16-22; 23: 4-16. P Depo 2, p. 78: 17-21. | |
| Claim 4 Declaratory Relief | See facts 1-22 above, pertaining to plaintiff's breach of contract claim. | |
| Injunctive Relief | | |
| 1. There is no likelihood that plaintiff will be wronged again by Geico in a similar way. | Fact 54. Plaintiff is no longer insured with Geico and therefore has no interested in Geico's future claims handling.<br><br>P Depo 2, pp. 32: 17-23; 33: 18-19. | |

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

DATED: November 17, 2017

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: Ladell H. Muhlestein
Richard Garcia
Ladell Hulet Muhlestein
Attorneys for GEICO GENERAL INSURANCE COMPANY



MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW