*Counsel for Plaintiff:*
James M. Terrell (Appearance *Pro Hac Vice*)
jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
myancey@mmlaw.net
Patrick C. Marshall (Appearance *Pro Hac Vice*)
pmarshall@mmlaw.net
**McCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

Ross Bozarth, Esq. (Bar No. 259602)
Email: rbozarth@gblegal.com
**GUENARD & BOZARTH**
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672; Fax: (916) 714-9031

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 5:14-CV-05174-HRL<br><br>**PLAINTIFF'S MOVING SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: January 25, 2018<br>Time: 9:00 a.m.<br>Court Room: 4<br><br>[Filed concurrently with Plaintiff's Notice of Motion and Cross Motion for Partial Summary Judgment and Opposition to Defendant's Motion for Summary Judgment; Memorandum of Points and Authorities in Support Thereof; Plaintiff's Response to Defendant's Separate Statement of Undisputed Facts; Appendix of Evidence; and [Proposed] Order] |

Pursuant to Local Rule 56-1, Plaintiff, Christopher T. Monroe ("Plaintiff" or "Monroe") hereby submits this Moving Separate Statement of Uncontroverted Facts in Support of Plaintiff's Cross Motion for Partial Summary Judgment and Opposition to Defendant's Motion for Summary Judgment.

## UNCONTROVERTED FACTS

| Claim | Plaintiff's Undisputed Facts and Supporting Evidence | Defendant's Response/Supporting Evidence |
|---|---|---|
| **Claim 1: Breach of Contract** | | |
| 1. A contract existed between Plaintiff and GEICO. | Fact 1: GEICO issued Policy No. 4325-03-34-16 to Plaintiff on September 25, 2013 to insure Plaintiff's 2006 white Lexus GS 300 with Vin No. JTHBH96S065010679.<br><br>(Ex. A, Special Investigation Unit "SIU" Case Report Prepared by Larry Wright); (Deposition of Chris Monroe "Monroe Depo" p. 78:6-10, 84:4-22, attached as Ex. B; Insurance Card, attached as Ex. L). | |
| 2. Plaintiff performed under the contract. | Fact 2: Plaintiff paid GEICO the initial premium on the policy on September 25, 2013 at 11:48 am PST.<br><br>(Ex. A, SIU Case Report Prepared by Larry Wright); (Monroe Depo, pp. 78:6-10, 84:4-22, Ex. B). | |
| | Fact 3: Plaintiff's vehicle was stolen on September 26, 2013. Plaintiff reported his stolen vehicle to the police the same day.<br><br>(Police Report, Ex. C; Monroe Depo, pp. 94:21-96:13, Ex. B) | |
| | Fact 4: Plaintiff provided GEICO with the police report, a recorded interview, a notarized vehicle theft questionnaire, witness information, and bank records per GEICO's request. | |

| | | |
|---|---|---|
| | (Deposition of John Quinto "Quinto Depo" pp. 80:23-81:6, attached as Ex. D; Deposition of Lon Grothen "Grothen Depo" p. 90:2-11, attached as Ex. E; Deposition of Larry Wright "Wright Depo" pp. 103:21-104:22, attached as Ex. F; Exhibit 17 to Quinto Depo, attached as Ex. G). | |
| | Fact 5: GEICO also requested that Plaintiff provide his cellular telephone and text records.<br><br>(Wright Depo, p. 174:2-14, Ex. F). | |
| | Fact 6: Plaintiff attempted to retrieve these records for GEICO on multiple occasions but was unable to obtain and provide such records because his cellular telephone provider, T-Mobile, informed him that they do not maintain cellular telephone records for prepaid customers.<br><br>(Monroe Depo, pp. 171:5-172-23, 173:18-174:22, Ex. B; Exhibit 5 to Wright Deposition, attached as Ex. H). | |
| | Fact 7: Plaintiff communicated to GEICO that he could not provide his cellular telephone records because T-Mobile did not maintain such records for its prepaid customers.<br><br>(Monroe Depo, pp. 171:5-172-23, Ex. B; Wright Depo, pp. 82:5-19, 88:7-16, 90:23-91:2, 127:4-128:22, Ex. F; Quinto Depo, p. 141:13-19, Ex. D; Ex. H, (showing T-Mobile's internal customers notes for Plaintiff and stating that Plaintiff Chris Monroe called in on 10/14/2013 "to see if we could help him print out his cell and SMS records, edu cx we don't keep those records in our database…")) | |
| | Fact 8: Plaintiff's cell phone provider, T-Mobile, further confirmed that upgrading his account to a monthly "post-paid" plan would not allow him to obtain his prepaid cell phone records, but instead, only his cell phone records from the date he changed his plan to a monthly plan forward. Plaintiff communicated this to GEICO on multiple occasions. | |

| | | |
|---|---|---|
| | (*See* SIU Report, Ex. A, p. 6, "2013-10-30" "He [Plaintiff] has reported, in his documentation, that he is unable to obtain his phone and text records."; Ex. J, Atlas Notes, "recd handwritten note indicating no records for prepaid customers. Was going to upgrade plan but wouldn't cover dates 9/1/13-10/1/13."; Ex. 9 to Monroe Depo, attached as Ex. R). *See also* Def's MSJ, pp. 14-15. | |
| | Fact 9: Plaintiff secured a letter from T-Mobile's Retail Store Manager, James Truong, confirming that T-Mobile does not maintain cellular telephone records for its prepaid customers as GEICO requested. Plaintiff provided this letter to GEICO.<br><br>(*See* Exhibit 8 to Wright Depo, attached as Ex. I). | |
| | Fact 10: GEICO incorrectly assumed, but did not have actual knowledge, that Plaintiff could obtain his prepaid cellular telephone records in other ways such as changing his plan from a prepaid account to a monthly "post-paid" account.<br><br>(Monroe Depo, pp. 155:25-157:10, Ex. B; Wright Depo, pp. 67:16-68:20, 88:20-89:14, Ex. F; Grothen Depo, pp. 140:6-141:11, Ex. E). | |
| | Fact 11: Plaintiff could not obtain his prepaid cellular phone records from T-Mobile, which John Quinto, the claims examiner assigned to Plaintiff's claim, confirmed with T-Mobile on May 22, 2014.<br><br>(*See* Atlas Notes, Defendant's internal customer database, page DEF001275, attached as Ex. J). | |
| 3. Defendant breached the contract. | Fact 12: GEICO denied Plaintiff's claim for "failure to cooperate" solely because Plaintiff did not provide his unavailable prepaid cellular telephone records.<br><br>(*See* Exhibit 19 to Quinto Depo, attached as Ex. K). | |
| | Fact 13: Because Plaintiff could not provide his prepaid cellular telephone records, as such records were not maintained by T-Mobile, | |

| | | |
|---|---|---|
| | GEICO denied his claim based on a "lack of cooperation".<br><br>(*See* Exhibit 19 to Quinto Depo, attached as Ex. K). | |
| 4. Plaintiff has suffered damages. | Fact 14: Plaintiff did not receive any payment from GEICO for his automobile theft claim due to GEICO's denial of his claim.<br><br>(*See* Exhibit 19 to Quinto Depo, attached as Ex. K; Monroe Depo. pp. 134:6-9, 135:19-23, 139:1-12, 164:2-10, Ex. B) | |
| | Fact 15: Plaintiff's car, which he purchased for approximately $30,000, was paid off as of October 2013. The estimated value of his car as of September 2013 is $18,250, in addition to $7,000 of enhancements for a total value of $25,250.<br><br>(Monroe Depo, pp. 38:20-40:5, Ex. B; *See* Kelly Blue Book Certified Value Report, attached as Ex. V). | |
| **Count 1 (continued):**<br><br>**Defendant breached its implied covenant of good faith and fair dealing** | | |
| 1. Benefits due under the policy were withheld; and | Fact 16: GEICO has failed to pay Plaintiff for the timely and legitimate claim he filed regarding the theft of his 2006 Lexus, which was insured by Defendant on the date of loss.<br><br>(Ex. K; Ex. L; Monroe Depo pp. 78:6-10, 84:4-22, Ex. B). | |
| 2. The reason for withholding the benefits was unreasonable or without proper cause. | Fact 17: After Plaintiff filed his insurance claim for the theft of his vehicle, GEICO requested that Plaintiff provide a notarized vehicle theft report, and that Plaintiff participate in a recorded interview to aid and assist in the evaluation and investigation of Plaintiff's insurance claim. Larry Wright, GEICO's claims investigator, later requested that Plaintiff provide witness information and bank records. | |

| | | |
|---|---|---|
| | (Exhibit 11 to Quinto Depo, attached as Ex. M, Exhibit 14 to Quinto Depo, attached as Ex. N; Exhibit 17 to Quinto Depo, Ex. G; Quinto Depo, pp. 80:23-81:6, Ex. D; Wright Depo, pp. 144:22-145:16, Ex. F). | |
| | Fact 18: Plaintiff provided these documents and participated in the recorded interview.<br><br>(*See* Exhibit 17 to Quinto Depo, Ex. G; Quinto Depo, pp. 80:23-81:6, 95:18-96:1, Ex. D; Wright Depo, pp. 132:11-18, 144:22-145:16, Ex. F). | |
| | Fact 19: GEICO, and specifically Larry Wright, also requested that Plaintiff provide his cellular telephone records for 9/1/13 – 10/1/13, the month in which the theft of his vehicle occurred.<br><br>(Wright Depo, p. 174:2-14, Ex. F). | |
| | Fact 20: After multiple attempts to retrieve these cellular phone records from his provider, T-Mobile, Plaintiff communicated to GEICO that such records were not obtainable and could not be provided to GEICO because T-Mobile did not maintain such records for its prepaid phone customers.<br><br>(Monroe Depo, pp. 171:5-172-23, Ex. B; Wright Depo, pp. 82:5-19, 88:7-16, 90:23-91:2, 127:4-128:22, Ex. F; Quinto Depo, p. 141:13-19, Ex. D; Exhibit 5 to Wright Deposition, Ex. H, showing T-Mobile Internal notes and stating that Chris Monroe called in on 10/14/2013 "to see if we could help him print out his cell and SMS records, edu cx we don't keep those records in our database…"; Ex. 9 to Monroe Depo, Ex. R, "MON 10/14/13 430 PM LIZ CUSTOMER SERVICE REP, NO RECORDS FOR PREPAID CUSTOMERS WAS GOING TO UPGRADE PLAN BUT WOULDN'T COVER DATES 9/1/13-10/1/13"). | |
| | Fact 21: GEICO admits that Plaintiff communicated on multiple occasions that T-Mobile did not maintain records for its prepaid phone customers.<br><br>(*See, e.g.* SIU Report, Ex. A, ("Monroe related that his cell carrier would not provide | |

| | | |
|---|---|---|
| | the records; they informed him that records are not available to prepaid customers.”); (Wright Depo, pp. 82:5-19, 88:7-16, 90:23-91:2, 127:4-128:22, Ex. F). | |
| | Fact 22: GEICO subsequently sent Plaintiff several letters stating that GEICO was continuing to evaluate and investigate Plaintiff's claim.<br><br>(*See* Exhibits 12, 13, and 15 to Quinto Depo, attached as composite Ex. O) | |
| | Fact 23: On December 10, 2013, GEICO denied Plaintiff's claim for the first time.<br><br>(*See* Exhibit 16 to Quinto, attached as Ex. P). | |
| | Fact 24: Following this denial, Plaintiff resent GEICO the documents he had originally provided to GEICO via US Mail, which GEICO purportedly never received.<br><br>(*See* Atlas Notes, Ex. J). | |
| | Fact 25: Larry Wright, the Claims Investigator who investigated Plaintiff's claim, confirmed that Defendant had originally received documents Plaintiff sent via USPS #7012 2210 0002 6774 1312, although it appears to have been sent to GEICO's Claims department rather than the Special Investigations Unit.<br><br>(SIU Report, Ex. A, “I researched the mailing number he provided, USPS # 7012 2210 0002 6774 1312 and noted that Geico had received the documentation.”) | |
| | Fact 26: After receiving these documents, GEICO re-opened Plaintiff's claim on or around March 20, 2014.<br><br>(*See* Atlas Notes, Ex. J). | |
| | Fact 27: Prior to April 10, 2014, GEICO possessed every document it had originally requested with the exception of Plaintiff's prepaid cellular phone records which Plaintiff had repeatedly communicated he could not obtain or provide.<br><br>(*See* Exhibit 17 to Quinto Depo, Ex. G) (“Since then, we received the above documents from you [notarized vehicle theft | |

| | | |
|---|---|---|
| | questionnaire, legible bank records], but no cellular phone records. . . You related that the cell carrier would not provide these records, and that those records were not available to prepaid customers.”). | |
| | Fact 28: On April 10, 2014, GEICO denied Plaintiff’s claim for a second time.<br><br>(*See* Exhibit 17 to Quinto Depo, Ex. G). | |
| | Fact 29: Despite denying Plaintiff’s claim solely because he could not provide his prepaid cellular phone records, GEICO did not know whether T-Mobile actually maintained cellular phone records for its prepaid customers when it denied Plaintiff’s claim.<br><br>(Quinto Depo, p. 148:16-24, Ex. D; Wright Depo, p. 70:5-23, 78:7-19, Ex. F). | |
| | Fact 30: GEICO speculated that a prepaid customer such as Plaintiff could change his cellular phone plan to obtain his previous phone records; however, GEICO does not know whether T-Mobile’s prepaid phone customers can change their cellular phone plan to access their previous months’ cellular phone records. In fact, the evidence in the record demonstrates that they cannot.<br><br>(Grothen Depo, pp. 94:23-95:18, 140: 5-24, Ex. E; Wright Depo, pp. 76:21-77:3, Ex. F; Quinto Depo, p. 58:2-59:16, Ex. D..) | |
| | Fact 31: Plaintiff then contacted the California Department of Insurance seeking an investigation into GEICO’s denial of his claim. As a result of this inquiry, GEICO again reopened Plaintiff’s claim on May 6, 2014.<br><br>(*See* Exhibit 18 to Quinto Depo, attached as Ex. Q). | |
| | Fact 32: On May 6, 2014, GEICO requested via letter that Plaintiff provide written confirmation from T-Mobile that his prepaid cellular phone records were never available from T-Mobile in order to re-evaluate the denial of Plaintiff’s claim. | |

| | | |
|---|---|---|
| | (*See* Exhibit 18 to Quinto Depo, Ex. Q) ("You recently advised us that due to the length of time that has elapsed, the cell phone records we requested are no longer available through your phone carrier. This lapse has impeded us form being able to complete our investigation of this loss. If this is incorrect and these records were never available through your phone carrier, we need a letter from the phone company confirming this. . . Once the information we requested is received, we will be able to re-evaluate our position."). | |
| | Fact 33: On May 14, 2014, Plaintiff provided GEICO with confirmation from T-Mobile via a 3 page fax which contained a letter from T-Mobile's Retail Store Manager, James Truong stating that "Mr. Christopher Monroe came in the store to inquire about his cell phone records but due to his pre-paid account with T-Mobile we do not hold phone records for pre-paid phone number 408-688-4512."<br><br>(*See* Exhibit 8 to Larry Wright, Ex. I) | |
| | Fact 34: John Quinto, Plaintiff's claim examiner, testified that this letter meant that Plaintiff's prepaid cellular phone records were not available.<br><br>(Quinto Depo, pp. 144:20-145:11, 146:20-147:6, Ex. D). | |
| | Fact 35: Lon Grothen, the Regional Liability Administrator above Mr. Quinto who had the ultimate authority to deny Plaintiff's claim, also admitted that this letter confirmed that T-Mobile does not maintain cell phone records for its prepaid phone customers such as Plaintiff.<br><br>(Grothen Depo, pp. 19:16-20:3, 110:9-24, Ex. E). | |
| | Fact 36: On May 22, 2014, Mr. Quinto further confirmed, independently, that T-Mobile does not maintain cellular phone records for its prepaid customers and that if a prepaid customer changed his account to a post-paid account, it would only provide records from that day forward.<br><br>(*See* Ex. J, Atlas Record Notes entered by | |

| | | |
|---|---|---|
| | John Quinto on 05/22/2014, DEF001275) ("called and s/w tmobile customer service, 800-866-2453. no cell rcds for pre-paid acct even if t-mobile towers used for pre-paid or post-paid accts. if pre-paid converted to post-paid, only rcds avail online from the time of conversion to post-paid . . . s/w adam. no cell rcds available for pre-paid accts."); Grothen Depo pp. 28:15-29:9 "All claim notes are housed in ATLAS", Ex. E). | |
| | Fact 37: Mr. Wright, the SIU [Special Investigation Unit] investigator responsible for investigating Plaintiff's claim and the person whose SIU report Mr. Quinto used as his sole justification for recommending to Mr. Grothen that Plaintiff's claim be denied, does not recall making any effort to confirm that Plaintiff could have somehow obtained his prepaid cellular phone records from T-Mobile.<br><br>(Wright Depo, pp. 76:21-77:3, Ex. F; Quinto Depo, p. 58:2-59:16, Ex. D). | |
| | Fact 38: Despite Plaintiff providing GEICO with the confirmation letter from T-Mobile and Mr. Quinto confirming that Plaintiff's prepaid records were not available from T-Mobile, GEICO denied Plaintiff's claim for a third and final time on May 29, 2014.<br><br>(*See* Exhibit 19 to Deposition of John Quinto, Ex. K). | |
| | Fact 39: GEICO denied Plaintiff's claim on May 29, 2014 solely because Plaintiff did not provide his cellular phone records for his prepaid cell phone.<br><br>(Quinto Depo, p. 142:7-13, Ex. D; Grothen, p. 89:2-5, Ex. E; Monroe Depo., p. 135:19-23, Ex. B). (Fax from Larry Wright to John Quinto on 3/31/2014 "His choice not to provide us phone records has prejudiced our ability to conduct a thorough claims investigation." DEF001233, attached as Ex. S). | |
| | Fact 40: Mr. Grothen, the individual who denied Plaintiff's claim for lack of cell phone records, testified that his entire belief that Plaintiff could have somehow obtained his | |

| | | |
|---|---|---|
| | cell phone records was based on Mr. Wright's SIU written report.<br><br>(Grothen Depo, pp. 140:6-141:11, Ex. E). | |
| | Fact 41: Mr. Grothen further testified that if this belief turned out to be incorrect and Plaintiff could not have obtained his prepaid cellular phone records, he would re-evaluate Plaintiff's claim in its entirety.<br><br>(Grothen Depo, pp. 140:6-141:11, Ex. E). | |
| | Fact 42: Mr. Wright did not know whether Plaintiff could have obtained his prepaid cellular phone records when he provided his written report and has no personal knowledge that T-Mobile, or any other cell phone carrier, maintains such records for its prepaid cellular phone customers.<br><br>(Wright Depo, pp. 67:16-68:20, 70:5-23, 78:7-19, 88:20-89:14, Ex. F). | |
| | Fact 43: Furthermore, Mr. Wright did not and does not know whether a T-Mobile customer could change or upgrade his plan from a prepaid account to a monthly or post-paid account to obtain his prior months cellular phone records.<br><br>(Wright Depo, pp. 67:16-68:20, 70:5-23, 78:7-19, 88:20-89:14, Ex. F). | |
| | Fact 44: Mr. Wright's sole belief that Plaintiff could upgrade his account to obtain his prepaid cell phone records was based on second hand discussions with other GEICO employees, which he personally never confirmed. (Wright Depo 67:1-68:20; 71:23-75:14, Ex. F). | |
| | Fact 45: GEICO's "Claims Manual" says the investigators are to "[a]void drawing conclusions based on assumption or speculation. An erroneous conclusion can make the difference between settlement and denial. If the denial is unsound, the result may be a complaint or a lawsuit, either of which could have been avoided."<br><br>(*See* Claims Manual, Chapter V Investigation p. V-2, Ex. T). | |

| | | |
|---|---|---|
| | Fact 46: GEICO's claims investigator and SIU investigator testified that they did not know what else Plaintiff could have done to obtain and provide his prepaid cellular phone records.<br><br>(Quinto Depo, p. 83:4-14, Ex. D; Wright Depo, p. 88:7-25, Ex. F). | |
| | Fact 47: Mr. Grothen testified that GEICO is obligated to make a determination regarding coverage based on the information that they have in their possession.<br><br>(Grothen Depo, p. 77:4-78:11, Ex. E). | |
| | Fact 48: Mr. Grothen also testified that if Plaintiff had provided confirmation that his prepaid cellular telephone records were never available (which he did as evidenced in Ex. I) then GEICO **could not have denied** Plaintiff's claim based on a failure to cooperate. Instead, GEICO would have to examine Plaintiff's file as it was and if there was no evidence of any misrepresentations, GEICO would be required to pay his claim.<br><br>(Grothen Depo, pp. 100:7-24, 102:3-23, 107:10-23, 113:9-114:12, Ex. E). | |
| | Fact 49: Because GEICO could no longer deny Plaintiff's claim for lack of cooperation based on his inability to produce his prepaid cellular phone records that did not exist, GEICO was required to examine Plaintiff's claim file for evidence of misrepresentation or fraud.<br><br>(Grothen Depo, pp. 102:24-104:25, Ex. E). | |
| | Fact 50: When conducting this examination, GEICO must pay a claim if it only has a suspicion of fraud or misrepresentation; GEICO cannot deny a claim unless it has evidence of fraud or misrepresentation.<br><br>(Grothen Depo, pp. 59:11-60:8, 61:22-62:6, 62:18-63-3, Ex. E). | |
| | Fact 51: There exists no evidence of fraud or misrepresentation by Plaintiff in submitting his insurance claim or that he was involved in any way in the theft of his vehicle. | |

| | | |
|---|---|---|
| | (Quinto Depo, pp. 102:22-103:14, Ex. D; Grothen Depo, p. 87:9-21, Ex. E; Wright Depo, pp. 124:4-15, Ex. F). | |
| | Fact 52: Therefore, Defendant's denial of Plaintiff's claim was in bad faith and GEICO should have paid Plaintiff's claim.<br><br>(Grothen Depo, pp. 100:7-24, 102:3-23, 107:10-23, 113:9-114:12, Ex. E). | |
| | Fact 53: Plaintiff's vehicle has not been recovered.<br><br>(Monroe Depo, p. 34:15-17, Ex. B) | |
| | Fact 54: Plaintiff has suffered damages as a result of his claim being denied, in that Plaintiff has not had the use and enjoyment of his car and has been forced to hire attorneys to prosecute his claim against GEICO to recover for his loss.<br><br>(*See* Atlas Notes, Ex. J; Monroe Depo, pp. 36:25-37:3, Ex. B). | |

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

By: /s/ James M. Terrell
James M. Terrell (Appearance *Pro Hac Vice*)
jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
myancey@mmlaw.net
Patrick C. Marshall (Appearance *Pro Hac Vice*)
pmarshall@mmlaw.net
McCallum, Methvin & Terrell, P.C.
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

Ross Bozarth, Esq. (Bar No. 259602)
Email: rbozarth@gblegal.com
**Guenard & Bozarth**
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672; Fax: (916) 714-9031

Attorneys for Plaintiff

**PROOF OF SERVICE**

The undersigned certifies that on December 8, 2017, he caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

/s/ James M. Terrell
OF COUNSEL