Dennis B. Kass (State Bar No. 137263)
*dbk@manningllp.com*
Richard Garcia (State Bar No. 198185)
*rgg@manningllp.com*
Alexandra C. Seibert (State Bar No. 283008)
*acs@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for GEICO GENERAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

CHRISTOPHER T. MONROE,

Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

Case No. 14-CV-05174-HRL

**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S REPLY SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF ISSUES AS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date: January 25, 2017
Time: 9:00 a.m.
Ctrm.: 4

[Filed concurrently with Reply to Opposition to Motion for Summary Judgement; and Response to Plaintiff's Separate Statement of Undisputed Material Facts]

Complaint filed:

COMES NOW defendant Geico General Insurance Company and submits the following Reply Separate Statement of Undisputed Material Facts:

| **Claim or Defense** | **Moving Party's Undisputed Facts/Supporting Evidence** | **Opposing Party's Response/Supporting Evidence** |
|---|---|---|
| Claim 1 Breach of contract | | |
| 1. Plaintiff did not comply with the assistance and cooperation provision of the contract. | Fact 1. Defendant issued an automobile insurance policy to plaintiff.<br><br>First Amended Complaint (FAC), ¶ 10; Quinto Dec., ¶ 7; Exh. 7 to Quinto Dec. | Undisputed. |
| | Fact 2. Plaintiff made a claim under his policy for the theft of his vehicle.<br><br>FAC, ¶ 14; Quinto Dec., ¶ 8. | Undisputed. |
| | Fact 3. Because the circumstances of plaintiff's claim and the theft raised multiple red flags that suggested that the claim might be fraudulent, the claim was referred to the Special Investigation Unit (SIU) for investigation.<br><br>Quinto Dec., ¶¶ 7, 8, 10, 19; Exh. F to Quinto Dec.; Wright Dec., ¶¶ 6, 23; Exh. B to Wright Dec; Exh. C to Wright Dec., pp. 3, 5-8, 12, 13, 18-22, 25; P Depo 2, pp. 17: 19 – 18: 2; 30: 25 – 31: 22; 56: 14-15, 20-25; 57: 18-23; 73:11-17; 78: 6-10; 96: 9-13; 176: 9-14 ; P Depo 1, pp. 14: 16-19, 24 – 15: 3; 27: | Plaintiff does not dispute that his claim was referred to the Special Investigation Unit (SIU). Plaintiff denies GEICO's remaining allegations.<br><br>(Quinto Depo, pp. 102:22-103:14, Ex. D; Grothen Depo, p. 87:9-21, Ex. E; Wright Depo, pp. 124:4-15, Ex. F). |

| | | |
|---|---|---|
| | 20-23; 42: 17 – 44: 5; 45: 18-24; 57: 16 – 58: 1; 61: 4-6; 63: 18-21; 64: 3-16; 69: 2-6; 70: 2-13; 72: 3-6. | |
| **Moving Party's Reply:** The evidence cited by plaintiff, which pertains to the results of Geico's unfinished investigation, does not meet or refute the fact that the circumstances of plaintiff's claim and the theft raised multiple red flags and that the claim was referred to SIU of investigation because of the red flags. | | |
| | Fact 4. Plaintiff's insurance policy includes an assistance and cooperation provision that states: "The insured will cooperate and assist us, if requested:<br>(a) In the investigation of the loss;<br>. . . .<br>(f) In securing and giving evidence;<br><br>Exh. BB to Muhlestein Dec.; Grothen Dec., ¶ 5. | Undisputed. |
| | Fact 5. On October 9, 2013, the SIU investigator, Wright, asked plaintiff to provide cell phone records needed to verify the facts he provided to Geico regarding his claim and provided him with a written list of the requested documentation, including Sprint cell phone records (based on plaintiff's representation that Sprint was his cell phone carrier) and contact information for the investigator so that plaintiff could send the requested information.<br><br>Wright Dec., ¶¶ 10, 11, 13; Exh. C to Wright Dec., at pp. 1-3, 16-17, 23-26; P Depo 2, pp. 103: 15-17, 24 - 104: 11; 106: 7-25; 157: 25 – 158: 7; 170: | Plaintiff does not dispute that GEICO asked him to provide his cell phone records. Plaintiff does not dispute that he initially represented that Sprint was his cell phone carrier but cleared this up with GEICO by correctly stating he had a Sprint phone and that T-Mobile was his carrier.[1]<br><br>(Monroe Depo pp. 119:18-120:11, Ex. B) |

[1] Although GEICO cites to Declarations submitted with their Motion for Summary Judgment after depositions and the close of discovery ended, Plaintiff cites to the sworn testimony given at the parties' depositions taken throughout the pre-trial discovery of this case.

<table>
<tr><td></td><td>20 – 171: 4.</td><td></td></tr>
<tr><td colspan="3">Moving Party's Reply: Plaintiff never explained to Geico's claims representative or the SIU investigator why he identified his carrier as being Sprint in his recorded statement and later identified T-Mobile as his carrier. The explanation he refers to took place when he was deposed in the course of this litigation, and he merely stated that his phone was a Sprint phone and his carrier was T-Mobile. He did not disclose the existence of other cell phones he had at the time.</td></tr>
<tr><td></td><td>Fact 6. On October 8, 2013 Wright informed plaintiff that in order to obtain his cell phone records he would need to upgrade his service from prepaid to monthly and advised him that if the cost of upgrading the account was an issue, he could ask the claims examiner to pay for the upgrade and that Geico generally would pay for the necessary upgrade.<br><br>Wright Dec., ¶ 14; Exh. C to Wright Dec., pp. 17, 23, 24; P Depo 2, pp. 155: 20-21, 25 – 156: 4, 17-20; 157: 25 – 158: 7.</td><td>Plaintiff does not dispute that Wright informed him that he “may” need to upgrade his account and that GEICO would pay for it. Plaintiff disputes that Wright had actual knowledge that upgrading his service to a monthly account would allow Plaintiff to obtain his prepaid cell phone records which were not maintained in the first place.<br><br>(Wright Depo pp. 70:5-8; 75:1-6; 82: 5-19, <u>Ex. F</u>). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff’s Cross Motion (at Section V.A.)</td></tr>
<tr><td colspan="3">Moving Party's Reply: The evidence cited by plaintiff does not meet or refute the fact that Wright informed plaintiff that he may need to upgrade his account from pre-paid in order to obtain his cell phone records and that Geico would pay for the cost, which plaintiff admits in the cited deposition testimony.<br>Wright testified that he did have knowledge, based on his experience with insureds who obtained their cell phone records and information shared among SIU investigators, that cell phone records that are not available to pre-paid customers can sometimes be obtained from cell phone companies when the account is upgraded. He testified that it was his belief that that was true as to T-Mobile in 2013. [Wright Depo 69: 21 – 70: 1; 71: 2-25: 72: 4-18; 73: 1-12; 75: 11-24; 76: 4-14, 21-24; 78: 4-6; 82: 5-12.] Furthermore, the decision-maker Grothen testified that Geico insureds with pre-paid accounts have been able to obtain their cell phone records. [Grothen Depo 97: 12, 98: 10-11, 23-24 – Exh. E to P's evidence.] In addition, P's exhibit J reflects that T-Mobile confirmed to claims representative Quinto that records for pre-paid cell phones do initially exist and can be provided to law enforcement, etc., and presumably to the customer upon an explanation of need (as opposed to a monthly print-out of the call detail which is not a service provided for a pre-paid account). [P's Exh. J; Quinto Rebuttal Dec.]<br>The evidence cited by plaintiff does not establish that records of cell phone calls for pre-paid accounts were not generated in the first place.<br>Paragraph 14 of Wright's declaration testimony, which quotes verbatim what he told plaintiff about upgrading his account during the recorded statement, does not contradict deposition testimony cited by Geico.</td></tr>
<tr><td></td><td>Fact 7. Plaintiff never attempted to upgrade his account. On or about October 14, 2013, plaintiff went to T-Mobile with the intent of upgrading his account in compliance with Wright's instructions in order to</td><td>Disputed. Plaintiff was informed on multiple occasions while attempting to obtain his prepaid cell phone records that upgrading his account would not provide him with his prior prepaid cell phone records because such records were not</td></tr>
</table>

| | | |
|---|---|---|
| | obtain the requested cell phone records. However, he decided not ask to upgrade his account because he would lose the money he had already paid on the account and he did not believe that he would be able to get records prior to the date of the upgrade. He never told Wright that he didn't think that upgrading would work or didn't make sense.<br><br>P Depo 2, pp. 156: 5-13, 24 - 157: 4, 12-16; Exh. D to Wright Dec.; Exh. D to Wright Dec. | maintained by T-Mobile. Plaintiff informed Wright on multiple occasions that such records were not available and that upgrading his plan "WOULDN'T COVER DATES 9/1/13 – 10/1/13".<br><br>(Monroe Depo, pp. 126:17-21, 171:5-172-23, 173:18-174:22, Ex. B; Exhibit 5 to Wright Deposition, attached as Ex. H; Wright Depo, pp. 82:5-19, 88:7-16, 90:23-91:2, 127:4-128:22, Ex. F; Quinto Depo, p. 141:13-19, Ex. D; Ex. H (showing T-Mobile's internal customers notes for Plaintiff and stating that Plaintiff Chris Monroe called in on 10/14/2013 "to see if we could help him print out his cell and SMS records, edu cx we don't keep those records in our database…"); Exhibit 8 to Wright Depo, attached as Ex. I.) |
| **Moving Party's Reply:** The evidence cited by plaintiff does not meet or refute, and in fact supports, the fact that plaintiff never attempted to upgrade his account, the reasons he gave for not attempting to upgrade the account, or that he never told Wright that he did not think that upgrading would work or that it did not make sense. Plaintiff's additional fact that upgrading his plan would not enable him to obtain the requested records. Plaintiff never attempted to upgrade his plan and never told Wright that he did not think that upgrading would work or did not make sense. [P Depo 2, pp. 156: 5-13, 24 - 157: 4, 12-16.] The partially quoted handwritten note stated "WAS GOING TO UPGRADE PLAN BUT WOULDN'T COVER DATES 9/1/13-10/1/13." Plaintiff testified that it was "just notes to myself." He does not know who Liz is [the name Liz appears on the note] or who she worked for and he does not know if the note reflects information Liz told him. [P Depo 2, pp. 153: 2-8, 12-21; 154: 13 – 155: 2, 7-8.] | | |
| | Fact 8. Plaintiff did not ask his claims examiner to pay for an upgrade of his account.<br><br>Quinto Dec., ¶ 21; Exh. K to Quinto Dec.; P Depo 2, p. 158: 15-16. | Undisputed. |
| | Fact 9. On November 13, 2013 Geico sent plaintiff a letter referring him to the assist and cooperate provision in the policy and advised him that a "necessary part of this investigation is that you provide us a completed theft questionnaire form, a copy of the police report to confirm the vehicle was stolen, your bank and cellular phone record." | Undisputed. |

| | | |
|---|---|---|
| | Quinto Dec., ¶ 14; Exh. H to Quinto Dec.; P Depo 2, pp. 112: 16-20; 127: 1-16; 131: 16-25. | |
| | Fact 10. Due to privacy laws, Geico could not obtain plaintiff's cell phone records on its own.<br><br>Grothen Dec., ¶ 4. | Disputed.<br><br>(Wright Depo pp. 67:6-13; 77:10-15, 77:24-78:6; 83:24-85:10, Ex. F; Grothen Depo p. 33:14-22, Ex. E). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** The evidence cited by plaintiff does not meet or refute the fact that due to privacy laws, Geico cannot obtain insured's cell phone records (absent a subpoena issued in a criminal investigation or pursuant to civil litigation, neither of which pertains here). The evidence cited by plaintiff includes Wright's testimony that he has inquired in cell phone stores if cell phone records could be released to him and been told that the records must go to the customer (Wright Depo 83: 12-16.)<br>Paragraph 4 of Grothen's declaration is not inconsistent with the cited deposition testimony. | | |
| | Fact 11. On October 30, 2013 Wright noted in his file that he had not received a readable copy of plaintiff's bank records, that a handwritten note he had provided indicated that Plaintiff was unable to obtain his cell phone records, and that he had not submitted the notarized theft questionnaire, which is required by law. Wright observed that the lack of documentation was problematic from the standpoint of verification and closed eh SIU file.<br><br>Wright Dec., ¶ 18; Exh. B to Wright Dec. | Plaintiff admits that Wright made such notations in Plaintiff's file, but states that the handwritten note provided by Plaintiff to GEICO stated that he "WAS GOING TO UPGRADE PLAN BUT WOULDN'T COVER DATES 9/1/13-10/1/13."<br><br>(Wright Dec. ¶ 16; *See* Exhibit 15 to Quinto Depo, Ex. D) |
| **Moving Party's Reply:** Geico replies only to note that any implication from the note that someone at T-Mobile told plaintiff that he would not be able to obtain records for the stated period even if he upgraded is not supported by the evidence inasmuch as plaintiff testified that the note was "just notes to myself." He does not know who Liz is or who she worked for and he does not know if the note reflects information Liz told him. [P Depo 2, pp. 153: 2-8, 12-21; 154: 13 – 155: 2, 7-8.] Furthermore, there is evidence that had plaintiff upgraded his plan he could have obtained records for the updated period because T-Mobile confirmed to claims representative Quinto that records for pre-paid cell phones do initially exist and can be provided to law enforcement, etc., and presumably to the customer upon an explanation of need (as opposed to a monthly print-out of the call detail which is not a service provided for a pre-paid account). [P's Exh. J; Quinto Rebuttal Dec.] | | |
| | Fact 12. After reviewing the SIU | Undisputed. |

| | | |
|---|---|---|
| | report and consulting with claims examiner Quinto, Regional liability administrator ("RLA") on December 10, 2013 Lon Grothen determined to deny plaintiff's claim for failure to comply with the assistance and cooperation provision of the policy, due to his failure to provide cell phone records, a notarized vehicle theft questionnaire (which is legally required to pay a claim), and legible bank records, which had been requested to assist Geico in its investigation of plaintiff's claim.<br><br>Grothen Dec., ¶ 12; Quinto Dec., ¶¶ 15, 16; Exh. J to Quinto Dec.; P Depo 2, pp. 126: 17-19; 134: 6-9, 12-18; 135: 14-21: 136: 17-20. | |
| | Fact 13. On or about March 24, 2014, at the request of claims examiner Quinto, Geico reopened the SIU file on plaintiff's claim and Wright contacted plaintiff again about the requested documents that he had not provided. Wright reminded plaintiff about prior discussions regarding the perishable nature of the cell phone records, reminded him that he needed to establish a monthly account and if there was a cost associated with the change, he could discuss the cost with Quinto, and reminded him that coverage could likely hinge on the information contained in his phone records.<br><br>Wright Dec., ¶¶ 21, 22; Exh. B to Wright Dec.; Quinto Dec., ¶ 18; P Depo 2, p. 157: 12-20. | Plaintiff admits that his file was reopened in March of 2014 and that he was again contacted by Wright about his cell phone records.<br><br>Plaintiff disputes the remaining facts.<br><br>*See* Plaintiff's response to Fact 7. (Monroe Depo, pp. 126:17-21, 155:25-157:10, 171:5-172-23, 173:18-174:22; 180-81:20-3, Ex. B; Exhibit 5 to Wright Deposition, Ex. H; *See* Exhibit 8 to Wright Depo, Ex. I; Wright Depo, pp. 67:16-68:20, 70: 5-8; 75: 1-6, 88:20-89:14, Ex. F; Grothen Depo, pp. 140:6-141:11, Ex. E). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** The evidence cited by plaintiff does not meet or refute the content of Wright's conversation with plaintiff. | | |
| | Fact 14. On March 26, 2014 the defendant's SIU investigator, Wright, advised plaintiff that he had not received requested documentation, and reminded him of their previous discussion about the perishable nature | Disputed.<br><br>Plaintiff tried to obtain such records from T-Mobile on multiple occasions, and in timely fashion, and was informed that records were not available for prepaid |

| | | |
|---|---|---|
| | of cell phone records, that he had been warned not to accept the response that records are not available for prepaid accounts and that he needed to establish a monthly account and could discuss the cost with the claims examiner, Quinto. Wright told plaintiff again, that the results of the investigation could likely hinge on the information contained in his phone records. Whereupon plaintiff became argumentative, repeated that upgrading would have cost him money and told Wright to get the cell phone records if he knew how to get them.<br>Wright Dec., ¶¶ 16, 18, 19, 21, 22; Exh. B to Wright Dec.; P Depo 2, p. 157: 12-20. | cell phone customers. Even if the upgrade was paid for by GEICO it would not have allowed Plaintiff to obtain his prepaid cell phone records. Plaintiff also states that he did not become argumentative but instead was treated poorly and hung up on by Mr. Wright.<br><br>*See* Response to Fact 7. Monroe Depo, p. 156: 3-13 ("And if I upgraded then, it wouldn't have produced records they never ever had."), p. 157: 16-24, Ex. F. Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** Plaintiff's assertion and the cited evidence do not meet or refute the content of what Wright told plaintiff or what plaintiff said to Wright.<br>Plaintiff's assertion (deemed to be an additional material fact) that he tried to obtain cell phone records and was told that they are not available for pre-paid accounts is not disputed. Plaintiff's additional material fact that upgrading would not have permitted him to obtain his cell phone records is disputed as unsupported by the evidence cited. Moreover, plaintiff does not actually state that he "was informed," as opposed to assuming on his own, that even if he upgraded his account, he would not be able to obtain his records. Plaintiff never testified that anyone told him that the records would not be available for the dates requested if he upgraded his account. Furthermore, there is evidence that had he timely upgraded his account plaintiff could have obtained his records because T-Mobile confirmed to claims representative Quinto that records for pre-paid cell phones do initially exist and can be provided to law enforcement, etc., and presumably to the customer upon an explanation of need (as opposed to a monthly print-out of the call detail which is not a service provided for a pre-paid account). [P's Exh. J; Quinto Rebuttal Dec.]<br>Plaintiff does not cite any deposition testimony by Wright that allegedly contradicts the declaration testimony cited by Geico. | | |
| | Fact 15. Wright reviewed the documents that plaintiff provided (which did not include cell phone records), noted that the bank records reflected that plaintiff was under economic stress at the time of the theft and that plaintiff's failure to provide phone records had prejudiced Geico's ability to conduct a thorough claims investigation, and closed the SIU file again.<br><br>Wright Dec., ¶¶ 23, 24; Exh. E to | Disputed.<br><br>(*See* Exhibit 17 to Quinto Depo, Ex. G) ("Since then, we received the above documents from you [notarized vehicle theft questionnaire, legible bank records], but no cellular phone records. . . You related that the cell carrier would not provide these records, and that those records were not available to prepaid customers."); *See* Exhibit 19 to Quinto Depo, pp. 141:13-142:13, Ex. K). Such |

| | | |
|---|---|---|
| | Wright Dec.; Quinto Dec., ¶ 19; Wright Dec., ¶ 20. | Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** The evidence cited by plaintiff does not meet or refute the fact that Wright documented his assessment of the information provided by plaintiff and the effect of the lack of phone records on the investigation as stated. Nothing in the quoted letter is contrary to the fact.<br>Plaintiff does not cite any deposition testimony by Wright that allegedly contradicts the declaration testimony cited by Geico. | | |
| | Fact 16. On April 10, 2014, Quinto and Grothen reviewed plaintiff's claim again and Grothen determined to stand by Gecio's earlier denial because plaintiff had failed to comply with the assistance and cooperation provision of the policy inasmuch as he had not provided cell phone records which due to the passage of time were no longer available.<br><br>Grothen Dec., ¶ 14; Quinto Dec., ¶¶ 20, 21; Exh. K to Quinto Dec.; P Depo 2, pp. 162: 2-3; 164: 2-7. | Disputed. Plaintiff asserts that his prepaid phone records were never available and GEICO has provided no evidence otherwise.<br><br>*See* Exhibit 17 to Quinto Depo, Ex. G; Exhibit 8 to Wright Depo, Ex. I; Ex. J, Atlas Record Notes entered by John Quinto on 05/22/2014, DEF001275) ("called and s/w tmobile customer service, 800-866-2453. no cell rcds for pre-paid acct even if t-mobile towers used for pre-paid or post-paid accts. if pre-paid converted to post-paid, only rcds avail online from the time of conversion to post-paid . . . s/w adam. no cell rcds available for pre-paid accts.")). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** Plaintiff does not dispute that by approximately eight months post-incident, plaintiff's cell phone records were not available. The pertinent issue is not whether or not Wright's understanding that cell phone records can often be obtained if a pre-paid account is upgraded was accurate specifically to T-Mobile in 2013, but whether plaintiff cooperated with Wright's investigation and assisted him in obtaining evidence. Plaintiff admits that he did not attempt to upgrade his account. Had he cooperated by timely upgrading his account and then reported to Geico that T-Mobile could not provide the records, Geico would have asked for confirmation from the carrier and made a decision regarding the validity of his claim based upon the evidence it had. [Grothen Depo 100: 11-24; 102: 14-19; 103: 4-14; 107: 18 -23 – Exh. E to P's evidence.] But he did not.<br>Plaintiff's additional material fact that his prepaid phone records were never available is disputed on the grounds that the cited evidence does not establish the additional material fact and on the ground that Wright testified that he did have knowledge, based on his experience with insureds who obtained their cell phone records and information shared among SIU investigators, that cell phone records that are not available to pre-paid customers can sometimes be obtained from cell phone companies when the account is upgraded. He testified that it was his belief that that was true as to T-Mobile in 2013. [Wright Depo 69: 21 – 70: 1; 71: 2-25: 72: 4-18; 73: 1-12; 75: 11-24; 76: 4-14, 21-24; 78: 4-6; 82: 5-12.] Furthermore, the decision-maker Grothen testified that Geico insureds with pre-paid accounts have been able to obtain their cell phone records. [Grothen Depo 97: 12, 98: 10-11, 23-24 – Exh. E to | | |

P's evidence.] In addition, P's exhibit J reflects that T-Mobile confirmed to claims representative Quinto that records for pre-paid cell phones do initially exist and can be provided to law enforcement, etc., and presumably to the customer upon an explanation of need (as opposed to a monthly print-out of the call detail which is not a service provided for a pre-paid account). [P's Exh. J; Quinto Rebuttal Dec.]

In addition, the evidence cited by plaintiff post-dates the date to which the fact pertains (with the exception of Exh. G, which is the same document cited by Geico.

Plaintiff cites no deposition testimony by Grothen or Quinto that contradicts the declaration testimony cited by Geico.

| | | |
|---|---|---|
| | Fact 17. On May 6, 2014, Geico sent plaintiff a letter noting that he had recently advised Geico that due to the length of time that had elapsed, the cell phone records requested were no longer available and that the lack of cell phone records and lapse of time had impeded Geico's ability to complete its investigation. Geico stated that if, in fact, the records had never been available from the cell phone service provider, Geico needed a letter from the cell phone company confirming that fact.<br><br>Quinto Dec., ¶ 22; Exh. L to Quinto Dec. | Plaintiff admits receipt of the letter on May 6, 2014. However, Plaintiff disputes the remaining facts, including that Plaintiff's cell phone records were no longer available due to the "passage of time that had elapsed." The cell phone records were never available and Plaintiff provided Geico with a letter from T-Mobile as evidence confirming this, per GEICO's request.<br><br>(*See* Exhibit 8 to Larry Wright, Ex. I) |

**Moving Part's Reply:** The evidence cited by plaintiff does not meet or refute the fact stating the content of Geico's May 6, 2014 letter to plaintiff. Plaintiff does not dispute that by approximately eight months post-incident, plaintiff's cell phone records were not available. The pertinent issue is not whether or not Wright's understanding that cell phone records can often be obtained if a pre-paid account is upgraded was accurate specifically to T-Mobile in 2013, but whether plaintiff cooperated with Wright's investigation and assisted him in obtaining evidence. Plaintiff admits that he did not attempt to upgrade his account. Had he cooperated by timely upgrading his account and then reported to Geico that T-Mobile could not provide the records, Geico would have made a decision regarding the validity of his claim based upon the evidence it had. But he did not.

Plaintiff's assertion that plaintiff provided Geico with a letter from T-Mobile as evidence that the cell phone records were never available, per Geico's request is not supported by the cited evidence. Geico requested that plaintiff provide a letter from his carrier indicating that his cell phone records had never been available. The letter from T-Mobile stated only that "**due to his pre-paid account** with T-Mobile we do not hold phone records **for prep-paid phone number** . . . . " This letter merely confirmed what Geico told plaintiff about pre-paid accounts. It did not address whether records would have been available had he timely upgraded the account as Geico had requested. In fact, the wording of the letter suggests that it is the pre-paid status of the account that precluded obtaining records.

Furthermore, the decision-maker Grothen testified that Geico insureds with pre-paid accounts have been able to obtain their cell phone records. [Grothen Depo 97: 12, 98: 10-11, 23-24 – Exh. E to P's evidence.] In addition, P's exhibit J reflects that T-Mobile confirmed to claims representative Quinto that records for pre-paid cell phones do initially exist and can be provided to law enforcement, etc.,

| | | |
|---|---|---|
| and presumably to the customer upon an explanation of need (as opposed to a monthly print-out of the call detail which is not a service provided for a pre-paid account). [P's Exh. J; Quinto Rebuttal Dec.] | | |
| | Fact 18. On May 14, 2014, plaintiff sent Geico a letter from a Mr. Truong of T-Mobile stating that T-Mobile does not hold phone records for prepaid accounts. Plaintiff offered no evidence that he had timely requested that Sprint or T-Mobile upgrade his account to monthly and no evidence that had he done so, the records would not have been available, and no explanation of why the letter was from T-Mobile, when he had represented that his cell phone provider was Sprint.<br><br>Quinto Dec., ¶¶ 23; Exh. M to Quinto Dec. | Plaintiff admits that he sent GEICO a letter from T-Mobile's Retail Store Manager, James Truong, confirming T-Mobile does not maintain cell phone records for its prepaid customers as GEICO had requested.<br><br>Plaintiff disputes the remaining facts.<br><br>See Reponses to Fact 5 and 7. (*See* Exhibit 8 to Larry Wright, Ex. I; Monroe Depo pp. 119:18-21, 120: 7-11; *See* Atlas Notes, Defendant's internal customer database, page DEF001275, Ex. J). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** The evidence cited by plaintiff does not meet or refute the fact that plaintiff did not provide Geico with the evidence identified in the statement.<br>Plaintiff does not cite any Quinto deposition testimony that contradicts the declaration testimony cited by Geico. | | |
| | Fact 19. On May 29, 2014, Geico stated that it would stand by its decision to deny coverage for failure to comply with the assistance and cooperation provision of the policy, inasmuch as it was "unable to complete [its] coverage investigation since cellular phone records are no longer available."<br><br>Grothen Dec., ¶ 15; Quinto Dec., ¶ 24; Exh. N to Quinto Dec. | Undisputed.<br><br>However, Plaintiff's disputes this statement made in Mr. Grothen's Declaration.<br><br>Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** Plaintiff provides no evidence to dispute that fact.<br>Plaintiff cites no deposition testimony by Grothen or Quito that contradicts the declaration testimony cited by Geico. | | |
| | Fact 20. The decisions of Grothen, in consultation with Quinto, after review of the SIU reports, were good faith exercises of Geico's contractual right to deny plaintiff's claim due to his failure to comply with his contraction obligation to cooperate in the investigation of his claim and assist in securing evidence. | Disputed. Plaintiff disputes this and asserts that this is an opinion rather than a fact. Plaintiff further denies these facts as it is undisputed GEICO denied Plaintiff's claim solely based on his inability to provide his unavailable prepaid cell phone records.<br><br>(Quinto Depo, p. 142:7-13, Ex. D; |

| | | |
|---|---|---|
| | Grothen Dec., ¶ 16; Quinto Dec., ¶ 26. | Grothen, p. 89:2-5, Ex. E; Monroe Depo., p. 135:19-23, Ex. B). (Fax from Larry Wright to John Quinto on 3/31/2014 "His choice not to provide us phone records has prejudiced our ability to conduct a thorough claims investigation." DEF001233, Ex. S). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** The evidence cited by plaintiff establishes only that Geico ultimately denied plaintiff's claim for failure to provide his cell phone records. It does not refute the fact that Geico's denial was a good faith exercise of its right to deny plaintiff's claim for failure to comply with his contractual obligation to cooperate in the investigation of his claim and assist in securing evidence inasmuch as he admittedly never provided the requested cell phone records and never indicated to Geico that he timely (or ever) requested an upgrade from his pre-paid status and was then unable to do so.<br>Plaintiff does not cite any deposition testimony by Grothen that contradicts the declaration testimony cited by Geico. | | |
| | Fact 21. Plaintiff's failure to provide Geico with the requested cell phone records prejudiced Geico's ability to conduct a thorough investigation of plaintiff's claim inasmuch as it prevented Wright from being about to cross-check the details of plaintiff's story and from determining whether plaintiff made a call to find out whether his car had been towed before calling the police, as he claimed, whether he had a connection to the individual he identified as a potential suspect in the theft, whether he had called anyone or anyone had called him in the days leading up to the theft of the car, and the identity of those potential witnesses. Had Gecio received plaintiff's cell phone records Wright would have used them to do some or all of these things.<br><br>Grothen Dec., ¶¶ 14, 15; Quinto Dec., ¶ 23; Wright Dec., ¶¶ 18, 24, 25; P Depo 2, p. 136: 17-20. | Disputed. Plaintiff asserts that this is an opinion rather than a fact and based entirely on speculation.<br><br>(Monroe Depo, pp. 126:17-21, 171:5-172-23, 173:18-174:22, Ex. B; Exhibit 5 to Wright Deposition, Ex. H; *See* Atlas Notes, Defendant's internal customer database, page DEF001275, Ex. J; *See* Exhibit 8 to Wright Depo, attached as Ex. I; Quinto Depo pp. 80:23-81:6, Ex. D; Grothen Depo p. 90:2-11, Ex. E; Wright Depo pp. 103:21-104:22, Ex. F; Exhibit 17 to Quinto Depo, Ex. G). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** The evidence cited by plaintiff, most of which pertains to plaintiff's requests | | |

| | | |
|---|---|---|
| for cell phone records, that he was told that there are no records for pre-paid accounts, and that other documentation requested was ultimately provided, does not meet or refute the fact that absence of cell phone records prejudiced its investigation by preventing the investigator from being able to check out the identified aspects of plaintiff's story.<br>Plaintiff does not cite any deposition testimony of Grothen, Quinto, or Wright that contradicts the declaration testimony cited by Geico. | | |
| 2. Geico fulfilled its duties under the contract. | Fact 22. Geico's SIU investigator investigated plaintiff's claim obtaining his recorded statement and by requesting, collecting, and reviewing plaintiff's theft questionnaire and other information from plaintiff, the police department, and plaintiff's companion on the day prior to the reported theft.<br><br>Wright Dec., ¶¶ 6-24; Exhs. B, C, D, E to Wright Dec.; Quinto Dec., ¶¶ 8-11, 13, 15, 17-20, 23; Exhs. H, M to Quinto Dec. | Undisputed.<br><br>However, several Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** Plaintiff does not cite to any evidence that contradicts the declaration testimony cited by Geico. | | |
| Claim 2 Unlawful, Unfair and Fraudulent Business Practices (Cal. Bus, & Prof. Code §17200 et seq) | | |
| 1. Geico's handling of plaintiff's theft claim was not unlawful. | Fact 23. Plaintiff alleges that the following conduct violated the law. Geico: (1) failed to give its insured's rights at least as much consideration as its own interests; (2) denied his claim without a reasonable factual basis that it was not valid; (3) shifted the burden to him to prove that his claim was valid; (4) required that his claim be proved in a particular way although it is required to pay claims when it has enough information from another source to pay a valid claim; (5) failed to perform its contractual obligations in good faith; (6) erroneously asserted that its obligations are conditional and | Undisputed. |

| | | |
|---|---|---|
| | depend upon the insured's obligation under the insurance contract; and (7) gave no advance notice prior to the purchase of a policy or submission of a claim that providing cell phone records was a condition or requirement for claim processing.<br><br>FAC ¶ 28; Exh. Y to Muhlestein Dec., no. 21. | |
| | Fact 24. Geico did not fail to give its insured's rights at least as much consideration as its own interests because a requirement that the insured cooperate in the insurer's investigation by providing requested documents pertinent to the investigation is a condition of coverage under the policy.<br><br>Exh. BB to Muhlestein Dec.; Grothen Dec., ¶ 5. | Disputed. Plaintiff asserts that this is an opinion rather than a fact. GEICO did fail to give Monroe's rights at least as much consideration as its own interest because GEICO had no valid belief that Monroe's car was not stolen as claimed by Monroe, and GEICO admitted through its corporate representative that in light of the impossibility of obtaining cell phone records the claim should have been paid.<br><br>(Quinto Depo pp. 80:23-81:6, Ex. D; Grothen Depo p. 90:2-11, Ex. E; Wright Depo pp. 103:21-104:22, Ex. F; Exhibit 17 to Quinto Depo, Ex. G; *See* Exhibit 8 to Wright Depo, Ex. I) |
| **Moving Party's Reply:** Inasmuch as plaintiff's claim was denied for failure to cooperate which prevented it from completing its investigation, not on grounds that it was a fraudulent claim, plaintiff's additional material fact that Geico had no evidence that the claim was fraudulent is not relevant to the fact or to the action. It is also disputed on the ground that it is not established by the cited evidence, which does not pertain to the assertion that Geico had no belief that the car was not stolen or that a corporate representative admitted that the claim should have been paid (which is not true). The cited testimony by the corporate representative Grothen pertains to bank records.<br>Furthermore, the decision-maker Grothen testified that Geico insureds with pre-paid accounts have been able to obtain their cell phone records. [Grothen Depo 97: 12, 98: 10-11, 23-24 – Exh. E to P's evidence.] In addition, P's exhibit J reflects that T-Mobile confirmed to claims representative Quinto that records for pre-paid cell phones do initially exist and can be provided to law enforcement, etc., and presumably to the customer upon an explanation of need (as opposed to a monthly print-out of the call detail which is not a service provided for a pre-paid account). [P's Exh. J; Quinto Rebuttal Dec.] | | |
| | Fact 25. Geico denied plaintiff's claim for failure to comply with the cooperation and assistance condition of the contract, not based on any determination that the claim was not valid. | Disputed.<br><br>(*See* Exhibit 19 to Quinto Depo, Ex. K; Quinto Depo, pp. 141:13-142:13, Ex. D). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at |

| | | |
|---|---|---|
| | Wright Dec., ¶¶ 18, 20, 23, 24; Exhs. B, E to Wright Dec.; Grothen Dec.,¶ ¶ 12, 14-16; Quinto Dec., ¶¶ 15, 16, 19-24, 26; Exhs. J, L, M, N to Quinto Dec.; P Depo 2, pp. 126: 17-19; 134: 6-9, 12-18; 135: 14-23: 136: 17-20; 162: 2-3; 164: 2-7. | Section V.A.) |
| **Moving Party's Reply:** The evidence cited by plaintiff does not meet or refute the fact that plaintiff's claim was denied for failure to comply with the cooperation and assistance condition of the contract. In fact, Exhibit K is the May denial letter and establishes the grounds on which the claim was denied.<br>Plaintiff cites no deposition testimony by Wright, Grothen or Quinto that contradicts the declaration testimony cited by Geico. | | |
| | Fact 26. Geico did not shift the burden to plaintiff to prove that his claim was valid or require that it be proven valid in a particular way; rather it required that he comply with his obligation to provide pertinent requested information. Geico would not deny the claim without proof that it was fraudulent.<br><br>Grothen Depo 59: 11-14; 60: 20 – 61: 10; Exh. BB to Muhlestein Dec.; Grothen Dec., ¶ 5. | Disputed. Plaintiff asserts that GEICO required Plaintiff to prove his claim was valid through unavailable records that he simply could not obtain and that GEICO knew were unavailable.<br><br>(Monroe Depo, pp. 126:17-21, 171:5-172-23, 173:18-174:22, <u>Ex. B</u>; Exhibit 5 to Wright Deposition, <u>Ex. H</u>; *See* Exhibit 8 to Wright Depo, <u>Ex. I</u>; *See* Atlas Notes, Defendant's internal customer database, page DEF001275, attached as <u>Ex. J</u>) |
| **Moving Party's Reply:** Geico disputes plaintiff's additional material fact on the ground that none of the cited evidence establishes that Geico required plaintiff to prove that his claim was valid as opposed to requiring plaintiff to comply with his contractual obligation to cooperate in the investigation and assist in securing evidence. Given the suspicious circumstances of the claim, requesting cell phone records was a reasonable step to further the investigation. [Quinto Dec., ¶¶ 7, 8, 10, 19; Exh. F to Quinto Dec.; Wright Dec., ¶¶ 6, 23; Exh. B to Wright Dec; Exh. C to Wright Dec., pp. 3, 5-8, 12, 13, 18-22, 25; P Depo 2, pp. 17: 19 – 18: 2; 30: 25 – 31: 22; 56: 14-15, 20-25; 57: 18-23; 73:11-17; 78: 6-10; 96: 9-13; 176: 9-14 ; P Depo 1, pp. 14: 16-19, 24 – 15: 3; 27: 20-23; 42: 17 – 44: 5; 45: 18-24; 57: 16 – 58: 1; 61: 4-6; 63: 18-21; 64: 3-16; 69: 2-6; 70: 2-13; 72: 3-6; Wright Dec., ¶¶ 10, 11, 13; Exh. C to Wright Dec., at pp. 1-3, 16-17, 23-26; P Depo 2, pp. 103: 15-17, 24 - 104: 11; 106: 7-25; 157: 25 – 158: 7; 170: 20 – 171: 4.] Plaintiff admittedly did not provide the requested records and admittedly did not follow instructions to upgrade his pre-paid account. [P Depo 2, pp. 156: 5-13, 24 - 157: 4, 12-16; Exh. D to Wright Dec.; Exh. D to Wright Dec.] Geico denied plaintiff's claim for failure to comply with the cooperation and assistance condition under the policy, not on grounds that the claim was fraudulent (or that plaintiff had not proved that his claim was not fraudulent). [Wright Dec., ¶¶ 18, 20, 23, 24; Exhs. B, E to Wright Dec.; Grothen Dec.,¶ ¶ 12, 14-16; Quinto Dec., ¶¶ 15, 16, 19-24, 26; Exhs. J, L, M, N to Quinto Dec.; P Depo 2, pp. 126: 17-19; 134: 6-9, 12-18; 135: 14-23: 136: 17-20; 162: 2-3; 164: 2-7.]<br>Furthermore, the decision-maker Grothen testified that Geico insureds with pre-paid accounts have been able to obtain their cell phone records. [Grothen Depo 97: 12, 98: 10-11, 23-24 – Exh. E to P's evidence.] In addition, P's exhibit J reflects that T-Mobile confirmed to claims representative Quinto that records for pre-paid cell phones do initially exist and can be provided to law enforcement, etc., and presumably to the customer upon an explanation of need (as opposed to a monthly print-out of the | | |

| | | |
|---|---|---|
| call detail which is not a service provided for a pre-paid account). [P's Exh. J; Quinto Rebuttal Dec.] | | |
| | Fact 27: Geico performed its contractual obligations in good faith;<br><br>See Facts 5-22 pertaining to the acts undertaken in the conduct of the investigation of plaintiff's claim. See also, Grothen Dec., ¶¶ 2, 4, 6, 11, 12, 14-16; Quinto Dec., ¶¶ 3, 8-11, 13, 15, 17-20, 23, 26; Exhs. H, M to Quinto Dec.; Wright Dec., ¶¶ 6-24, 27; Exhs. B, C, D, E to Wright Dec. | Disputed. Plaintiff asserts that this is an opinion rather than a fact. Plaintiff asserts that GEICO acted in bad faith and failed to perform its contractual obligations under the policy to pay for Plaintiff's valid claim.<br><br>(*See* Exhibit 19 to Quinto Depo, Ex. K; Monroe Depo. pp. 134:6-9, 135:19-23, 139:1-12, 164:2-10, Ex. B). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** The evidence cited by plaintiff, consisting of the May denial letter stating that the claim was denied under the cooperation and assistance provision of the policy and plaintiff's testimony that the only reason he was given for denial of the claim was failure to provide cell phone records does not meet or refute the fact that Geico performed its contractual obligations in good faith. Geico disputes plaintiff's additional material fact that Geico acted in bad faith and failed to perform its contractual obligations on the grounds that the cited evidence does not establish the additional material fact and based on the evidence cited in support of Geico's fact.<br>Furthermore, the decision-maker Grothen testified that Geico insureds with pre-paid accounts have been able to obtain their cell phone records. [Grothen Depo 97: 12, 98: 10-11, 23-24 – Exh. E to P's evidence.] In addition, P's exhibit J reflects that T-Mobile confirmed to claims representative Quinto that records for pre-paid cell phones do initially exist and can be provided to law enforcement, etc., and presumably to the customer upon an explanation of need (as opposed to a monthly print-out of the call detail which is not a service provided for a pre-paid account). [P's Exh. J; Quinto Rebuttal Dec.]<br>Plaintiff does not cite deposition testimony that contradicts the declarations of any of the declarants whose declarations were cited by Geico. | | |
| | Fact 28: Geico did not erroneously assert that its obligations are conditional and depend upon the insured's obligation under the insurance contract because it performed its obligation to investigate the claim and its obligation to pay was, in fact, conditional on plaintiff meeting the contractual conditions of coverage.<br><br>Wright Dec., ¶¶ 6-24; Exhs. B, C, D, E to Wright Dec.; Quinto Dec., ¶¶ 8-11, 13, 15, 17-20, 23; Exhs. H, M to Quinto Dec.; Exh. BB to Muhlestein Dec.; Grothen Dec., ¶ 5. | Disputed. Plaintiff asserts that this is an opinion rather than a fact.<br><br>(Quinto Depo, pp. 80:23-81:6, Ex. D; Grothen Depo, p. 90:2-11, Ex. E; Wright Depo, pp. 103:21-104:22, Ex. F; Exhibit 17 to Quinto Depo, Ex. G; Monroe Depo, pp. 126:17-21, 171:5-172-23, 173:18-174:22, Ex. B; Exhibit 5 to Wright Deposition, Ex. H; *See* Exhibit 8 to Wright Depo, Ex. I) Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** The evidence cited by plaintiff does not meet or refute the fact that Geico investigated the claim (the fact that the obligation to pay a claim depends on the insured meeting the | | |

| | | |
|---|---|---|
| obligations of coverage is a legal issue). The evidence cited by plaintiff pertains mostly to plaintiff having provided some of the records requested and his requests for cell phone records (and includes his admission that he did not provide cell phone records). This evidence that Geico requested and plaintiff provided information necessary to Geico's investigation actually supports the fact that Geico investigated the claim. | | |
| | Fact 29: Geico did not give advance notice prior to the purchase of a policy or submission of a claim that providing cell phone records was a condition or requirement for claim processing because it was not a condition or requirement for all claims.<br><br>Grothen Dec., ¶ 7; Quinto Dec., ¶ 5; Wright Dec., ¶ 12. | Undisputed.<br><br>Plaintiff admits GEICO does not give advance notice of having to provide cell phone records to its customers. Plaintiff further avers that GEICO's policy omits this altogether even though GEICO considers cell phone records to be "absolutely critical in an investigation."<br><br>(Grothen Depo. p. 79:16-24). |
| **Moving Party's Reply:** Plaintiff's averal is merely argument. | | |
| 2. Geico's handling of plaintiff's theft claim was not unfair. | Fact 30. Plaintiff alleges that defendant's handling of his claim was unfair on the grounds that defendant denied his valid auto theft claim without a reasonable factual basis for doing so, mislead, misrepresented and omitted material facts regarding its duties and the duties of its insureds and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injuries to plaintiff.<br><br>FAC, ¶ 34. | Undisputed. |
| | Fact 31. Insurers owe a duty to their policy holders to control premium rates by investigating claims to confirm coverage, liability, and when applicable, damages and denying claims that can be shown to be fraudulent.<br><br>Grothen Dec., ¶ 2; Quinto Dec., ¶ 3. | Undisputed. |
| | Fact 32. Investigations play a crucial role in determining whether a claim is valid and should be paid or fraudulent and should be denied.<br><br>Grothen Dec., ¶ 4; Wright Dec., ¶ 12. | Plaintiff does not dispute that investigations are implemented to determine whether a claim is valid or fraudulent. Plaintiff states that whether the "investigations play a crucial role" is an opinion. Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion |

| | | |
|---|---|---|
| | | (at Section V.A.) |
| **Moving Party's Reply:** Plaintiff does not cite any deposition testimony that contradicts the declaration testimony cited by Geico. | | |
| | Fact 33. In conducting his investigations SIU investigator Wright looked for the truth, he looked both for indicators of a valid claim and indicators of fraud. He recorded information in the case file regardless of whether it suggests a valid claim or possible fraud.<br><br>Wright Dec., ¶ 7; Exh. B to Wright Dec. | Disputed.<br><br>(Quinto Depo, pp. 102:22-103:14, Ex. D; Grothen Depo, p. 87:9-21, Ex. E; Wright Depo, pp. 124:4-15, Ex. F). (Fax from Larry Wright to John Quinto on 3/31/2014 "His choice not to provide us phone records has prejudiced our ability to conduct a thorough claims investigation." DEF001233, Ex. S). |
| **Moving Party's Reply:** The evidence cited by plaintiff does not meet or refute the fact that Wright looked for indicates of a valid claim and indicators of fraud and recorded information he discovered regarding of which it suggested. | | |
| | Fact 34. It is not the function of nor did SIU investigator Wright make any recommendation regarding whether or not a claim should be paid. He formed no opinion regarding the validity of plaintiff's claim and did not know that the claim had been denied until he learned that a lawsuit had been filed.<br><br>Wright Dec., ¶¶ 19, 27. | Disputed. Wright's improper recommendations based on knowledge he did not possess influenced the denial of Plaintiff's claim.<br><br>(Wright Depo, pp. 76:21-77:3, Ex. F; Quinto Depo, p. 58:2-59:16, Ex. D). (Fax from Larry Wright to John Quinto on 3/31/2014 "His choice not to provide us phone records has prejudiced our ability to conduct a thorough claims investigation." DEF001233, Ex. S). |
| **Moving Party's Reply:** The evidence cited by plaintiff, does not meet or refute the fact that Wright made no recommendation regarding whether the claim should or should not be paid or support plaintiff's additional material fact that Wright made an improper recommendation. Reporting that a thorough SIU investigation has been prejudiced is not a recommendation regarding the validity of a claim or whether it should be paid. | | |
| | Fact 35. A total theft claim cannot be denied without authorization from an RLA who consults with the claims examiner regarding the claim after the SIU investigation is closed.<br><br>Grothen Dec., ¶ 11, 12, 14, 15; Quinto Dec., ¶¶ 15, 20, 23. | Undisputed.<br><br>However, several Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** Plaintiff cites no deposition testimony that contradicts the declaration testimony cited by Geico. | | |
| | Fact 36. The decisions of Grothen in consultation with Quinto were made in a good faith exercise of Geico's | Plaintiff disputes this and asserts that this is an opinion rather than a fact. Plaintiff further denies these facts as it is |

<table>
<tr><td></td><td>contractual right to deny plaintiff's claim due to his failure to comply with his contractual obligation to cooperate in in investigation of the claim and assist in securing evidence and were based upon the unique facts that rendered the claim suspicious, the aspects of plaintiff's story that Geico could likely confirm or refute through use of cell phone records, the history of the investigation, and the effect of the lack of cell phone records on Geico's ability to complete the investigation.<br><br>Grothen Dec., ¶ 16; Quinto Dec., ¶ 26.</td><td>undisputed GEICO denied Plaintiff's claim solely based on his inability to provide his unavailable prepaid cell phone records.<br><br>(Grothen Depo, pp. 100:7-24, 102:3-23, 107:10-23, 113:9-114:12, Ex. E; Quinto Depo, p. 148:16-24, Ex. D; Exhibit 19 to Quinto Depo, Ex. K; Wright Depo, p. 70:5-23, 78:7-19, Ex F). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.)</td></tr>
<tr><td colspan="3">Moving Party's Reply: The evidence cited by plaintiff does not meet or refute the fact that the decision of Grothen in consultation with Quinto for plaintiff's failure to comply with his cooperation and assistance duties under the contract for failure to provide requested cell phone records were based on the identified considerations. Nor does the evidence support plaintiff's assertion that his cell phone records were unavailable. See, Grothen Depo 97: 12, 98: 10-11, 23-24 – Exh. E to P's evidence; P's Exh. J; Quinto Rebuttal Dec.<br>Plaintiff does not cite any deposition testimony that contradicts the declaration testimony of Grothen and Quinto cited by Geico.</td></tr>
<tr><td></td><td>Fact 37. It is neither possible nor advisable for Geico to spell out in detail every claims handling practice in its policies or other materials distributed to the public. Explaining every claims handling practice would drown the consumer in a sea of mostly irrelevant minutia. An extremely vast majority of California policy holders will never be concerned with Geico's policies regarding use of cell phones in investigation of total theft claims.<br><br>Grothen Dec., ¶ 6.</td><td>Disputed. Plaintiff asserts that this is an opinion rather than a fact.</td></tr>
<tr><td colspan="3">Moving Party's Reply: Plaintiff cites no evidence to refute the fact.</td></tr>
<tr><td>3. Plaintiff cannot establish that Geico defrauded him.</td><td>See facts 38 - 52 below pertaining to plaintiff's fraud claim.</td><td>See Responses to fact 38-52 below.</td></tr>
<tr><td>Claim 3<br>Fraud</td><td></td><td></td></tr>
<tr><td>1. Plaintiff</td><td>Fact 38. Geico had no policy not to</td><td>Undisputed.</td></tr>
</table>

| | | |
|---|---|---|
| cannot establish that **at the time plaintiff purchased his auto policy** Geico had no intention of paying valid claims under the policy. | pay valid total theft claims or of automatically denying auto theft claims if requested cell phone records are not provided. Whether a claim will be denied for failure to comply with the assistance and cooperation provisions of the policy depends upon the significance of the documentation to the investigation.<br><br>Grothen Dec., ¶¶ 7, 9; Wright Dec., ¶¶ 3, 4; Quinto Dec., ¶¶ 2, 5, 6, | |
| | Fact 39. Geico pays the vast majority – approximately 2/3 - of California auto theft claims, even those subject to SIU investigation, regardless of whether cell phone records are requested or provided. Of auto theft claims made under Geico auto policies, only approximately 1/3 are closed without payment; only some fraction of claims closed without payment are denied; only some fraction of claims denied are denied for failure to cooperate; and only some fraction of claims denied for failure to cooperate are denied for failure to provide cell phone records.<br><br>Grothen Dec., ¶¶ 6, 9. | Undisputed. |
| | Fact 40. Geico requested plaintiff's cell phone records in order to confirm the facts he provided Geico regarding his claim, including individuals he spoke to prior to the theft. SIU investigator Wright does not request cell phone records in every case, although cell phone records frequently lead to information that bears on or resolved the question of whether a claim is valid or fraudulent. However, he felt that cell phone records were critical to the investigation of plaintiff's claim.<br><br>Wright Dec., ¶¶ 11, 12; Exh. C to Wright Dec., at 1-2, 11, 16, 18, 26. | Plaintiff does not dispute that plaintiff's cell phone records were requested by GEICO. Plaintiff disputes the remaining facts. Plaintiff asserts that this is an opinion rather than a fact and that the only reason Wright thought that the cell phone records might be relevant was because they were not produced. Furthermore, Mr. Grothen confirmed that if the records cannot be obtained GEICO would have to re-evaluate to see "if it warrants a denial for misrepresentation."<br><br>Wright Depo pp. 169:13-170:3, <u>Ex. F</u>; Grothen Depo p. 107:18-108:4, 114:1-12, <u>Ex. E</u> (sating "that would put me in a position like I said before. If we thought |

| | | |
|---|---|---|
| | | we had all the evidence we could possibly gather in support of or against a denial for misrepresentation, we would look at the file in its totality and see if it warrants a payment”) |
| **Moving Party's Reply:** The evidence cited by plaintiff does not meet or refute the testimony of an experienced SIU investigator regarding the purpose for which he requested plaintiff's cell phone records or the investigator's assessment of the need for cell phone records in plaintiff's case.<br>Plaintiff's additional material fact that the only reason Wright thought that the cell phone records might be relevant was because they were not produced is disputed as inaccurate representation of Wright's testimony in which he testified that he believed that plaintiff's telephone records would be relevant to the theft of the vehicle based on his knowledge and experience that they are frequently used successfully in investigations. [Wright Depo 169: 13-21 – Exh. F to P's evidence.] When pressed to identify some specific evidence that the records would be relevant, he testified inconclusively "I have to go with the likelihood of not producing them" and repeated that he relied on his knowledge and experience. [Wright Depo 169: 22 – 170: 5 –Exh. F to P's evidence.] Furthermore, plaintiff's inaccurate characterization of Wright's testimony is refuted by the fact that Wright divulged the purpose for which he was requesting plaintiff's cell phone records to him during his recorded statement at the outset of the investigation and his testimony that cell phone records frequently lead to information relevant to the validity of the claim. [Exh. C to Wright Dec., at 1-2, 26; Wright Dec., ¶ 12.] | | |
| | Fact 41. Geico cannot obtain the cell phone records of its insureds due to consumer protection and privacy laws.<br><br>Grothen Dec., ¶ 4. | Disputed. Plaintiff asserts that Wright represented that he has personally subpoenaed cell records on behalf of GEICO in the past.<br><br>(Wright Depo p. 77:10-15, Ex. F; Grothen Depo p. 33:14-22, Ex. E). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff’s Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** The evidence cited by plaintiff does not meet or refute the fact that due to privacy laws, Geico cannot obtain insured's cell phone records (absent a subpoena in a criminal investigation or pursuant to civil litigation, neither of which pertains to Geico's investigation). The evidence cited by plaintiff includes Wright's testimony that he has inquired in cell phone stores if cell phone records could be released to him and been told that the records must go to the customer (Wright Depo 83: 12-16.)<br>Plaintiff's additional material fact that Wright represented that he had personally subpoenaed cell phone records on behalf of Geico is not disputed. However, the fact is not relevant because Wright's investigation of plaintiff's claim occurred prior to a lawsuit in which a subpoena would be available. Accordingly, Grothen's testimony is correct in the context of the investigation of plaintiff's claim. Furthermore, plaintiff admits that, at most, Geico "incorrectly assumed, but did not have actual knowledge, that Plaintiff could obtain his prepaid cellular telephone records in other ways such as changing his plan from a prepaid account to a monthly “post-paid” account." (See, P's UMF 10.)<br>Paragraph 4 of Grothen's declaration is not inconsistent with the cited deposition testimony. | | |
| | Fact 42. Geico has no policy | Undisputed. |

| | | |
|---|---|---|
| | requiring SIU investigation of all total theft claims or requiring that cell phone records be requested in all total theft cases, and has no policy requiring denial of claims when cell phone records are requested and not provided.<br><br>Grothen Dec., ¶¶ 7-9, 16; Wright Dec., ¶¶ 3, 4; Quinto Dec., ¶¶ 2, 5, 6, 15, 23, 25, 26. | |
| | Fact 43. Geico undertook to investigate plaintiff's claim and requested, obtained, and evaluated information and documentation that assisted in the investigation.<br><br>Wright Dec., ¶¶ 6-24; Exhs. B, C, D, E to Wright Dec.; Quinto Dec., ¶¶ 8-11, 13, 15, 17-20, 23; Exhs. H, M to Quinto Dec. | Undisputed.<br><br>However, several Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** Plaintiff cites to no deposition testimony that contradicts the declaration testimony cited by Geico. | | |
| | Fact 44. Geico attempted to assist plaintiff in getting his cell phone records, by telling him about the upgrade procedure by which he could get his records even though his account was a prepaid account, volunteering that Geico would likely pay the cost of the necessary upgrade, following up with him, and continuing to request documentation, and reminded him of his obligation under the policy to assist and cooperate with its investigation.<br><br>Wright Dec., ¶¶ 14, 15; Exh. C to Wright Dec., pp. 17, 23, 24; Quinto Dec., ¶ 13; Exh. H to Quinto Dec.; P Depo 2, pp. 155: 20-21, 25 – 156: 4, 17-20; 157: 25 – 158: 7. | Disputed. GEICO possessed no knowledge that Plaintiff's prepaid cell phone records could be obtained or that changing his plan to a post-paid monthly account would allow Plaintiff to obtain such records. Mr. Quinto confirmed with T-Mobile that such records were never available and that upgrading his plan would not have changed this.<br><br>(Monroe Depo, pp. 171:5-172-23, Ex. B; Wright Depo, pp. 67:16-68:20, 82:5-19, 88:7-16, 89:1-14, 90:23-91:2, 127:4-128:22, Ex. F; Quinto Depo, p. 141:13-19, 148:1-24, Ex. D; Ex. H, *See* Exhibit 8 to Wright Depo, Ex. I; Ex. J, Atlas Record Notes entered by John Quinto on 05/22/2014, DEF001275). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff's Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** The evidence cited by plaintiff does not meet or refute the fact that Geico's employees undertook the identified actions or that they did so for the purpose of assisting plaintiff in getting his cell phone records. Plaintiff's additional material fact that Geico had no "knowledge" (as | | |

| | | |
|---|---|---|
| opposed to belief) that if plaintiff followed the procedure he was instructed to follow he would not be able to obtain the requested records that, at most, Wright's understanding was mistaken, and is nevertheless, irrelevant because Wright's request was reasonable because he believed plaintiff would be able to obtain the records (Wright Depo 71: 2-25: 72: 4-18; 73: 1-12; 75: 11-24; 76: 4-14 – Exh. F to P's evidence) (in addition, Grothen testified that Geico insureds with pre-paid accounts have been able to obtain their cell phone records. (Grothen Depo 97: 12, 98: 10-11, 23-24 – Exh. E to P's evidence)). If plaintiff had followed instructions and then not been able to obtain the records, Geico would have asked for confirmation from the carrier that the records could not be obtained and then would have made a determination regarding the validity of the claim based on the information they had collected (Grothen Depo 100: 11-24; 102: 14-19: 103: 4-14: 107: 18-23 - Exh. E to P's evidence).<br>Plaintiff's evidence does not establish that Mr. Quinto confirmed with T-Mobile that such records were never available and that upgrading his plan would not have changed this, and the evidence in fact refutes it. P's exhibit J reflects that T-Mobile confirmed to claims representative Quinto that records for pre-paid cell phones do initially exist and can be provided to law enforcement, etc., and presumably to the customer upon an explanation of need (as opposed to a monthly print-out of the call detail which is not a service provided for a pre-paid account). [P's Exh. J; Quinto Rebuttal Dec.]<br>Plaintiff does not cite any deposition testimony that contradicts the declaration testimony cited by Geico. | | |
| | Fact 45. Geico reopened its investigation and reconsidered plaintiff's claim twice.<br><br>Grothen Dec., ¶¶ 14, 15; Quinto Dec., ¶¶ 18, 23; Wright Dec., ¶¶ 21, 22; Exh. B to Wright Dec.; Quinto Dec., ¶ 18; P Depo 2, p. 157: 12-20. | Disputed. GEICO reconsidered Plaintiff’s claim three times, with the final denial of Plaintiff’s claim on May 29, 2014.<br><br>(*See* Declaration of Lon Grothen, ¶15; Exhibit 16 to Quinto Depo, Ex. P; Exhibit 19 to Quinto Depo, Ex. K; Exhibit 17 to Quinto Depo, Ex. G). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff’s Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** The only disagreement between the parties has to do with counting reconsiderations. Geico first denied plaintiff's claim on December 10, 2013 (see Exh. J to Quinto Dec.) Thereafter, it reconsidered plaintiff's claim on April 10, 2014 (see Exh. K to Quinto Dec.) and May 29, 201 (see Exh. N to Quinto Dec.).<br>Plaintiff does not cite any deposition testimony that contradicts the declaration testimony of Grothen, Quinto, or Wright cited by Geico. | | |
| | Fact 46. Plaintiff's failure to timely provide cell phone records impeded Geico's investigation of his claim.<br><br>Wright Dec., ¶¶ 18, 24; Exhs. B, E to Wright Dec.; Grothen Dec., ¶¶ 12, 14, 15; Quinto Dec., 15, 20, 23. | Disputed.<br><br>(Monroe Depo, pp. 171:5-172-23, Ex. B; Wright Depo, pp. 82:5-19, 88:7-16, 90:23-91:2, 127:4-128:22, Ex. F; Quinto Depo, p. 141:13-19, Ex. D; Ex. H). Such Declaration statements are also improper and should be stricken, as discussed in Plaintiff’s Cross Motion (at Section V.A.) |
| **Moving Party's Reply:** The evidence cited by plaintiff, which concerns to his requests for records | | |

| | | |
|---|---|---|
| and communication that he could not get records for his pre-paid account, does not meet or refute the fact that plaintiff's failure to timely provide cell phone records impeded Geico's investigation of his claim.<br>Plaintiff does not cite any deposition testimony that contradicts the declaration testimony cited by Geico. | | |
| | Fact 47. In verified answers to special interrogatories, plaintiff identified all the facts that support his claim that Geico did not intend to pay claims as the fact that Gecio continued to refuse to pay the claim after he cooperated and it had reasonably available information necessary to process his claim.<br><br>Exh. Y to Muhlestein Dec., no, 26. | Undisputed. |
| | Fact 48. There is no evidence that Geico had a policy to deny any valid claims made by plaintiff personally, as opposed to any other insured.<br><br>P Depo 1, p. 16: 6-23. | Disputed.<br><br>(Atlas Notes, Ex. J; Grothen Depo. p. 83:16-18, Ex. E ("this claim was denied because it was suspected of being fraudulent")) |
| **Moving Party's Reply:** Plaintiff misunderstands the import of the fact. Plaintiff admits that Geico did not have a policy to deny all valid claims when cell phone records are not produced. By this fact Geico establishes that Geico did not have a policy to deny any valid claim made by plaintiff because it was made by plaintiff. The evidence cited by plaintiff does not dispute the fact that concerns Geico policies. Plaintiff quotes only a selected portion of Grothen's testimony, which is not an accurate reflection of his testimony. Grothen described a three-part process that led to the denial of the claim for failure to cooperate. He testified "this claim was denied because it was suspected of being fraudulent. We tried to conduct an investigation, and Mr. Monroe did not cooperate." [Grothen Depo 83: 16-19; see also 86: 12-14 ("The claim was investigated, and I made a decision to deny coverage because he didn't cooperate with the investigation."); 87: 9-11 ("We suspected fraud. We tried to do an investigation, and then denied coverage because he didn't cooperate with the investigation."). | | |
| 2. Plaintiff cannot establish that Geico misrepresented to him that it had disclosed all of its claims handling practices to him. | Fact 49. Geico does not disclose its claims handling procedures to the public, either on line or in advertising or any other materials distributed to the public.<br><br>Grothen Dec., ¶ 17. | Undisputed. |
| | Fact 50. Plaintiff applied for his policy on line. He spoke for five or six minutes with a Geico representative who confirmed information in his application and took payment for the policy. He | Undisputed. |

| | | |
|---|---|---|
| | denies having any other discussion with the Geico representative.<br><br>P Depo 1, p. 16: 6-23. | |
| | Fact 51. Even if it intended to disclose claims handling procedures to the public, Gecio does not and could not spell out every claims handling practice in it policies or in other materials distributed to the public. The details of every type of documentation or information that might be required in the course of an investigation would drown consumers in information that in most cases would be wholly irrelevant to them.<br><br>Grothen Dec., ¶ 6. | Disputed. Plaintiff asserts that this is an opinion rather than a fact. GEICO can and should identify all conditions to coverage in its policy. |
| **Moving Party's Reply:** Geico does disclose all conditions to coverage. It does not disclose all policy handling procedures or every type of information that might be required in the course of an investigation, which cannot be known in advance. | | |
| 3. Plaintiff cannot establish that he relied or reasonably relied on and was induced by Geico's claims handling procedures to purchase the Geico auto policy. | Fact 52. Plaintiff cannot establish that he saw or was advised of any of Geico's claims handling policies prior to purchase of the policy.<br><br>Grothen Dec., ¶ 17; P Depo 1, p. 16: 6-23. | Undisputed. |
| | Fact 53. Plaintiff searched on line for a month trying to find the best deal. He went to a website that sent him offers from several different companies with quotes. He selected Geico because it was the cheapest. He did not renew with his former insurer because he was trying to save money and it was more expensive.<br><br>Exh. C to Wright Dec. at p. 19; P Depo 1, pp. 18: 16-22; 23: 4-16.<br>P Depo 2, p. 78: 17-21. | Undisputed. |
| Claim 4 Declaratory | See facts 1-22 above, pertaining to plaintiff's breach of contract claim. | |

| | | |
|---|---|---|
| Relief | | |
| Injunctive Relief | | |
| 1. There is no likelihood that plaintiff will be wronged again by Geico in a similar way. | Fact 54. Plaintiff is no longer insured with Geico and therefore has no interested in Geico's future claims handling.<br><br>P Depo 2, pp. 32; 17-23; 33: 18-19. | Undisputed. |

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

DATED: December 22, 2017

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/

Dennis B. Kass
Richard Garcia
Alexandra C. Seibert
Ladell Hulet Muhlestein
Attorneys for GEICO GENERAL INSURANCE COMPANY

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 333 Bush Street, 27th Floor, San Francisco, CA 94104.

On December 22, 2017, I served true copies of the following document(s) described as **DEFENDANT GEICO GENERAL INSURANCE COMPANY'S REPLY SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF ISSUES AS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 22, 2017, at San Francisco, California.

/s/
Lisette Estevez-Watkins

**SERVICE LIST**
***Christopher Monroe v. Geico General Insurance Co.***
**14-CV-05174-EJD**

**Bradley Ross Bozarth**
Guenard & Bozarth, LLP
8830 Elk Grove Blvd.
Elk Grove, CA 95624
916-714-7672
919-7149031 (fax)
rbozarth@gblegal.com

**Attorney for Christopher T. Monroe**
*(Plaintiff)*

**Gary Alan Waldron**
**Sherry Sue Bragg**
Weintraub Tobin
23 Corporate Plaza Dr.
Suite 200
Newport Beach, CA 92660
949-760-0204
gwaldron@weintraub.com
sbragg@weintraub.com

**Attorneys for Christopher T. Monroe**
*(Plaintiff)*

**Kristin E. Hobbs**
Hobbs Law Group
1340 E. Route 66
Suite 210
Glendora, CA 91740
626-782-4520
k.hobbs@hobbslawgroup.com

**Attorney for Christopher T. Monroe**
*(Plaintiff)*

**Perry Michael Yancey**
**James Michael Terrell**
**Patrick Clayton Marshall**
McCallum, Methvin & Terrell, P.C.
2201 Arlington Avenue South
Birmingham, AL 35205
205-939-0199 ext. 105
205-939-0399 (fax)
myancey@mmlaw.net
jterrell@mmlaw.net

**Attorneys for Christopher T. Monroe**
*(Plaintiff)*