*Counsel for Plaintiff:*
James M. Terrell (Appearance *Pro Hac Vice*)
Email: jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
Email: myancey@mmlaw.net
Patrick C. Marshall (Appearance *Pro Hac Vice*)
Email: pmarshall@mmlaw.net
McCallum, Methvin & Terrell, P.C.
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 5:14-CV-05174-HRL<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: January 25, 2018<br>Time: 9:00 a.m.<br>Court Room: 4<br><br>[Filed concurrently with Plaintiff's Reply to Defendant Geico Insurance Company's Response to Plaintiff's Separate Statement of Uncontroverted Facts in Support of Plaintiff's Cross-Motion for Partial Summary Judgment; and Plaintiff's Supplemental Appendix of Rebuttal Evidence] |

Comes now Plaintiff Christopher T. Monroe ("Plaintiff") and submits this Reply in Support of his Cross-Motion for Partial Summary Judgment.

## TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. DEFENDANT'S COMBINED REPLY AND OPPOSITION WAS UNTIMELY SUBMITTED PURSUANT TO THIS COURT'S STANDING ORDER; PLAINTIFF REQUESTS THAT THIS COURT STRIKE GEICO'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AS UNTIMELY AND GRANT SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR AS TO ITS BREACH OF CONTRACT CLAIM ..... 1

III. GEICO HAS FAILED TO DEMONSTRATE THE EXISTENCE OF ANY TRIABLE ISSUE OF MATERIAL FACT, AND PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON ITS BREACH OF CONTRACT CLAIM ..... 3

- A. Plaintiff Has Established That There Is No Triable Issue Of Material Fact As To Plaintiff's Breach Of Contract Claim ..... 3
- B. Plaintiff Has Alleged A Valid Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing ..... 9
- C. Plaintiff Has Established The Absence Of Any Triable Issue Of Material Fact That GEICO Breached The Implied Covenant Of Good Faith And Fair Dealing In Bad Faith ..... 11

IV. CONCLUSION ..... 13

## TABLE OF AUTHORITIES


**CASES** **Page(s)**

*Bank of the West v. Superior Court*
(1992) 2 Cal.4th 1254, 1265 .......... 5

*Cleveland v. Groceryworks.com, LLC*,
200 F. Supp.3d 924 (N.D. Cal. 2016) .......... 7

*Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) .......... 11

*Digerati Holdings, Inc. v. Young Money Entertainment, LLC*,
194 Cal. App. 4th 873, 885 (Cal. Ct. App. 2011) .......... 9, 10

*Enriquez v. Bank of America, N.A.*,
C–15–0940 MMC, 2015 WL 2411719 (N.D. Cal. May 20, 2015) .......... 9

*Gilbert v. Infinity Ins. Co.,* 186 F.Supp.3d 1075 (C.D. Cal. 2016) .......... 5

*Guzik Tech Enterprises, Inc. v. Western Digital Corp.*,
No. 5:11–cv–03786–PSG, 2013 WL 6227626 (N.D. Cal. Nov. 22, 2013) .......... 9

*Jackson v. Hayakawa*, 605 F.2d 1121, 1129 (9th Cir. 1979) .......... 11

*Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262 (9th Cir.1991) .......... 6, 7

*Mariscal v. Old Republic Life Ins. Co.,*
50 Cal. Rptr. 2d 224, 225 (Cal. Ct. App. 1996) .......... 6

*Othman v. Globe Indem. Co.*, 759 F.2d 1458 (9th Cir. 1985) .......... 5

*Porsandeh v. Prudential Prop. & Cas. Ins. Co.,*
No. CV-02-5354EFS(SHX), 2004 WL 5642440 (C.D. Cal. Apr. 30, 2004) .......... 5, 6, 13

*Scottsdale Ins. Co. v. Moreno*,
133 F. App'x 415 (9th Cir. 2005) .......... 7

*Track Mortg. Grp., Inc. v. Crusader Ins. Co.,*
98 Cal. App. 4th 857, 869, (2002), *as modified* (June 20, 2002) .......... 5, 13

*Wilson v. 21st Century Ins. Co.*, 171 P.3d 1082, 1087 (Cal. 2007) .......... 11

*Yeager v. Bowlin*,
693 F.3d 1076 (9th Cir. 2012) .......... 6, 7

**STATUTES**

FED. R. CIV. P. 15(a)(2) .......... 10, 11

**LOCAL RULES**

L.R. 7.3 .......... 2, 3, 13

## I. INTRODUCTION

GEICO's response fails to introduce any triable issue of material fact as to Plaintiff's breach of contract claim. GEICO cannot refute the undisputed evidence that Plaintiff complied with his obligation to assist and cooperate in GEICO's investigation of his insurance claim. GEICO can point to no evidence that anyone at GEICO involved with Plaintiff's claim had actual knowledge that Plaintiff's pre-paid cell phone records were maintained by T-Mobile, that Plaintiff could have obtained such records at any point in time, or that Plaintiff could have upgraded his account to obtain such records. Instead, GECIO repeatedly relies on its assumption that such records were available by citing to speculation and yet another self-serving and unsubstantiated declaration.

The facts here are clear. GEICO knew that Plaintiff could not obtain or provide his pre-paid cell phone records prior to denying Plaintiff's claim on May 29, 2014; yet GEICO consciously chose to ignore this substantial undisputed evidence and use the lack of Plaintiff's cell phone records as the sole basis for denying Plaintiff's claim. There is no triable issue of fact that Plaintiff met his contractual obligations prior to GEICO's May 29, 2014 denial of his insurance claim or that GEICO's withholding of the benefits Plaintiff was due under his policy was unreasonable, in bad faith, and in breach of the implied covenant of good faith and fair dealing. Plaintiff is entitled to summary judgment on his breach of contract claim.

## II. DEFENDANT'S COMBINED REPLY AND OPPOSITION WAS UNTIMELY SUBMITTED PURSUANT TO THIS COURT'S STANDING ORDER; PLAINTIFF REQUESTS THAT THIS COURT STRIKE GEICO'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AS UNTIMELY AND GRANT SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR AS TO ITS BREACH OF CONTRACT CLAIM.

As a procedural matter, GEICO's Combined Reply to Plaintiff's Opposition to Defendant's Motion For Summary Judgment And Opposition to Plaintiff's Cross-Motion For Summary Judgment (hereinafter referred to as "Def's Reply/Opposition") was untimely filed and should be

dismissed in its entirety because GEICO failed to incorporate its Opposition to Plaintiff's Cross-Motion for Summary Judgment into its Reply in violation of this Court's Standing Order. Consequently, summary judgment should be granted in Plaintiff's favor.

This Court's August 14, 2017 Amended Case Management Order set a November 17, 2017 deadline for the parties to file dispositive motions and a December 8, 2017 deadline to respond to anticipated dispositive motions (Doc. 53). The Order also stated that any reply to a response to dispositive motions should be filed in accordance with L.R. 7.3, which states that a "reply to an opposition must be filed and served not more than 7 days after the opposition was due." L.R. 7.3. Thus, GEICO was required to file any reply in support of its Motion for Summary Judgment by December 15, 2017. Furthermore, pursuant to this Court's Standing Order, Section IV.C (Cross-Motion Requirement), any opposition to Plaintiff's anticipated Cross-Motion for Summary Judgment was to be incorporated into GEICO's Reply. *See* Section IV.C. ("[a]ny opposition to a Cross-Motion shall be incorporated into the Reply to the opposition to the original like motion. The combined Reply/Opposition shall be limited to 15 pages in length.").

On November 17, 2017, GEICO filed its Motion for Summary Judgment. (Doc. 57). On December 8, 2017, Plaintiff timely filed its Notice of Cross-Motion for Partial Summary Judgment and Opposition to GEICO's Motion for Summary Judgment (Doc. 63) and its Memorandum of Points and Authorities in Support of its Cross-Motion for Partial Summary Judgment and Opposition to GEICO's Motion for Summary Judgment (hereinafter "Plaintiff's Motion"). (Doc. 64). Later that afternoon, and for reasons unknown to Plaintiff, Defendant subsequently filed its Reply to Lack of Opposition by Plaintiff to its Motion for Summary Judgment. (Doc. 67). It is undisputed that Plaintiff's Opposition and Cross-Motion were timely filed in accordance with this Court's Scheduling Order. GEICO's Reply filed on December 8, 2017 did not incorporate its opposition to Plaintiff's Cross-Motion for Summary Judgment as required by this Court's Standing

Order. Instead, GEICO filed its untimely Reply/Opposition to Plaintiff's Motion on December 22, 2017.

GEICO has failed to comply with this Court's Standing Order and L.R. 7.3; its Combined Reply and Opposition should be dismissed in its entirety; and Plaintiff's Cross-Motion for Summary Judgment should be granted.

## III. GEICO HAS FAILED TO DEMONSTRATE THE EXISTENCE OF ANY TRIABLE ISSUE OF MATERIAL FACT, AND PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON ITS BREACH OF CONTRACT CLAIM.

GEICO's Response to Plaintiff's Cross-Motion for Summary Judgment fails to demonstrate the existence of any triable issue of material fact. GEICO does not dispute that it denied Plaintiff's claim solely because he did not provide GEICO with his pre-paid cell phone records, which GEICO only believed but did not know were available. Furthermore, GEICO cannot dispute its own confirmation with Plaintiff's cell phone provider, T-Mobile, that Plaintiff could not have upgraded his plan to obtain such records. GEICO has provided no evidence to the contrary. There exists no triable issue of material fact that Plaintiff met his contractual obligations prior to GEICO's May 29, 2014 denial of his insurance claim or that GEICO's withholding of the benefits Plaintiff is due under his policy was unreasonable, in bad faith, and in breach of the implied covenant of good faith and fair dealing. Plaintiff is entitled to summary judgment on his breach of contract claim.

### A. There Is No Triable Issue Of Material Fact As To Plaintiff's Breach Of Contract Claim.

In its Response, GEICO states that "[i]t was Plaintiff's obligation under the contract to make **reasonable efforts** to follow GEICO's instructions to obtain the records, but he did not do so. Had he timely followed instructions, and then reported that the records, in fact could not be obtained in the manner Geico **believed** they could, Geico would have been in a position to attempt other means to obtain the records or to make a determination to deny or acknowledge coverage."

(Def's Reply/Opposition, p. 14:9-13) (emphasis added).[1] Yet, this is exactly what Plaintiff did. Plaintiff fully complied with his obligation to assist in GEICO's claim investigation by attempting to obtain his pre-paid cell phone records from T-Mobile. As shown in Plaintiff's Cross-Motion, Plaintiff timely requested his pre-paid cell phone records from T-Mobile on multiple occasions, including immediately after Mr. Wright asked him to provide such records in October of 2013. (SOF Nos. 5-7; *see also* Ex. H)[2]. On each occasion, T-Mobile informed him that such records were not maintained for pre-paid customers and that upgrading his plan would only provide records from the date he upgraded his plan forward. (SOF Nos. 7-9; *see also* Ex. W, Monroe Depo, pp. 156:3-13, "He [Mr. Wright] wanted me to upgrade my plan. So this is me saying that I was doing what he was asking of me. . . But it didn't' make sense to do it . . . if I upgraded then, it wouldn't have produced records they never ever had", attached hereto as Plaintiff's Supplemental Appendix of Rebuttal Evidence). Plaintiff communicated to GEICO that his pre-paid cell phone records could not be obtained in the manner GEICO believed on numerous occasions – which GEICO does not dispute – and GEICO's own claim examiner John Quinto confirmed this to be true prior to denying Plaintiff's claim on May 29, 2014. (SOF Nos. 7-9, 11; *see also* Quinto 2nd Declaration, ¶ 6 attached to Def's Reply/Opposition). It is therefore undisputed that Plaintiff complied with his contractual obligations under his insurance contract by cooperating in GEICO's investigation

---

[1] GEICO states, without citing to supporting evidence, that "[t]he evidence establishes that Wright and Grothen **believed** that such records were available and could be obtained if plaintiff upgraded his account." (Def's Reply/Opposition, p. 16:13-15). However, Mr. Wright and Mr. Grothen both testified that they did not know whether upgrading his account would have allowed Plaintiff to obtain his pre-paid cell phone records form T-Mobile. (SOF No. 30). Regardless, as discussed below, Mr. Quinto confirmed with T-Mobile that Plaintiff could not upgrade his account to obtain his records prior to denying his claim on May 29, 2014. (SOF No. 36). Therefore, GEICO's statement that "[E]ven assuming that plaintiff's cell phone records were not available upon upgrade, Geico would not know that because plaintiff did not upgrade his account", is both factually inaccurate and refuted by GEICO's own inquiry with T-Mobile.

[2] Plaintiff refers the Court to the Exhibits filed in its Cross-Motion for Summary Judgment. Any additional evidence not contained in Plaintiff's Cross-Motion will be included in Plaintiff's Supplement Appendix of Rebuttal Evidence attached hereto.

and that Plaintiff made every reasonable effort to obtain his pre-paid cell phone records. It is well established that "[a]n insurance policy must be interpreted in light of the 'objectively reasonable expectations of the insured.' (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1265). The objectively reasonable expectation of the insured is that the insurer would not insist on information the insured did not have and could not obtain." *Track Mortg. Grp., Inc. v. Crusader Ins. Co.*, 98 Cal. App. 4th 857, 869 (Cal.2002), *as modified* (June 20, 2002) (finding that "[t]he reasonable conclusion is that the [insurance company's] demand for unavailable information was a ploy to avoid paying a legitimate claim.").

Instead of demonstrating the existence of any triable issue of fact as to Plaintiff's breach of contract claim, GEICO scrambles to manufacture evidence by relying on the (second) self-serving declaration of Mr. Quinto.[3] GEICO relies on Mr. Quinto's declaration primarily for the incorrect suggestion that Plaintiff could have upgraded his account to obtain his pre-paid cell phone records and that Plaintiff's cell phone records initially existed and could have been obtained by Plaintiff. However, GIECO presents no evidence, only assumptions, that Plaintiff could have upgraded his account to obtain his pre-paid records. *See Porsandeh v. Prudential Prop. & Cas. Ins. Co.,* No. CV-02-5354EFS(SHX), 2004 WL 5642440, at *2 (C.D. Cal. Apr. 30, 2004) (The burden is on the "party opposing summary judgment to provide sufficient evidence supporting his claims to establish a genuine issue of material fact for trial. [A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the non[-]moving party must introduce some 'significant probative evidence tending to support the complaint.'").

---

[3] GEICO's also recycles its discussion of *Gilbert v. Infinity Ins. Co.,* 186 F.Supp.3d 1075 (C.D. Cal. 2016) and *Othman v. Globe Indem. Co.*, 759 F.2d 1458 (9th Cir. 1985). GEICO's arguments are again unavailing and factually distinguishable from the present case. Plaintiff refers the Court to its arguments demonstrating the inapplicability of these cases in its Cross-Motion for Summary Judgment.

Regardless, GEICO's argument is defeated by Mr. Quinto's own recorded entry in the ATLAS records documenting his conversation with T-Mobile and stating that "**no cell rcds for pre-paid acct** even if t-mobile towers used for pre-paid or post-paid accts. **If pre-paid converted to post-paid, only recds avail online from the time of conversion to post-paid**." (Quinto 2nd Declaration, ¶ 6). Therefore, there is no dispute that Plaintiff could not have upgraded his account to obtain his previous months pre-paid phone records or that his pre-paid cell phone records were not available to him at any point in time. "A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion." *Porsandeh,* at *2. Despite its duty to diligently investigate Plaintiff's claim as Plaintiff's insurer, GEICO simply chose to ignore this undisputed fact in denying Plaintiff's claim. *Mariscal v. Old Republic Life Ins. Co.*, 50 Cal. Rptr. 2d 224, 225 (Cal. Ct. App. 1996) ("When investigating a claim, an insurance company has a duty to diligently search for evidence which supports its insured's claim. If it seeks to discover only the evidence that defeats the claim it holds its own interests above that of its insured."). For this reason alone, Plaintiff is entitled to summary judgment on its breach of contract claim.

Notwithstanding, Mr. Quinto's second declaration contains other speculations and assumptions which GEICO improperly disguises as "testimony". This ploy should be seen for what it is, GEICO's manufacturing of evidence to avoid the record testimony of its own employees and the evidence warranting summary judgment in Plaintiff's favor. Therefore, Plaintiff respectfully requests that this Court strike Mr. Quinto's second declaration for the same reasons articulated in Plaintiff's Cross-Motion.[4]

---

[4] Like Mr. Quinto's first declaration, his second declaration contains contradictory testimony, fails to provide the Declarant's full testimony, and is based on assumption rather than fact. Such declaration should be disregarded by this Court. *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (quoting *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit

For example, Mr. Quinto's declaration makes the following statements which are based on assumption and speculation, rather than fact, and which flatly contradict Mr. Quinto's prior sworn testimony:

> I did not believe that the [T-Mobile letter from James Truong] letter established that plaintiff's cell phone records had never been available both because I understood that records of calls made from all cell phones, whether pre-paid or not, are created and because the letter did not indicate that no such records exist and did not address whether T-Mobile would have provided them had plaintiff upgraded his account or sought them from customers service instead of from the sales office. (¶ 3).
>
> I reviewed Mr. Truong's letter and our understanding that it did not establish that plaintiff's cell phone were never available because there would be a record of plaintiff's calls – even though they were from a pre-paid phone. (¶ 5).

(Quinto 2nd Declaration attached to Def's Reply/Opposition). These statements are directly contradicted by Mr. Truong's letter which clearly confirmed that T-Mobile does not maintain cellular telephone records for its prepaid customers. (SOF No. 9). Additionally, Mr. Quinto's declaration statements are contradicted by Mr. Quinto's prior sworn testimony that Mr. Truong's letter confirmed that Plaintiff's pre-paid cell phone records were never available.

> *Mr. Quinto: "Yeah, the language is 'We do not hold phone records for prepaid phone number,' such-and-such.*
>
> *Q: What does that mean to you?*
>
> *A: That it's not available for that prepaid phone number."*

(Quinto Depo, pp. 146:20-147:6, Ex. D). Furthermore, Mr. Quinto previously testified that he has no personal knowledge of whether Plaintiff could have obtained his pre-paid cell phone records

---

contradicting his prior deposition testimony."); *Scottsdale Ins. Co. v. Moreno*, 133 F. App'x 415, 416 (9th Cir. 2005) ("A party cannot create a material issue of fact on a motion for summary judgment by offering an affidavit that 'flatly contradicts' the affiant's prior testimony."); *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924 (N.D. Cal. 2016) ("A declaration that purports to impeach his or her own prior sworn testimony" is barred by California courts at the summary judgment stage.). Additionally, a court "may find a declaration to be a sham when it contains facts that the affiant previously testified he could not remember." *Yeager,* 693 F.3d at 1080

or whether Plaintiff could have changed his plan to obtain his pre-paid cell phone records. (Quinto Depo, p. 148:8-24, Ex. D).

Mr. Quinto's second declaration further states that:

> My [05/22/2014 ATLAS notes] entry reflects that T-Mobile confirmed to me that plaintiff's cell phone records had initially existed. The T-Mobile pre-paid account representative stated that, in fact, records of plaintiff's calls on his pre-paid phone did exist initially and could be obtained by law enforcement and others. Based upon the confirmed existence of records for pre-paid cell phone accounts, it was my understanding that although the general level of customer support for pre-paid accounts may not include providing call-detail records, had he timely upgraded his account or had he explained his need for the records to assist his insurer in its investigation of his claim, plaintiff could have obtained his records from T-Mobile. (¶ 8).

(Quinto 2nd Declaration attached to Def's Reply/Opposition). This paragraph, which GEICO relies on almost exclusively in its Reply/Opposition, is based entirely on speculation and is not supported by Mr. Quinto's 05/22/2014 entry in the ATLAS database. This entry states as follows:

> revd with supv. --- called and s/w tmobile customer service, 800-866-2453. **no cell rcds for pre-paid acct even if t-mobile towers used for pre-paid or post-paid accts**. **if pre-paid converted to post-paid, only rcds avail online from the time of conversion to post-paid**. ---he xferred me to pre-paid acct dept, 877-778-2106. s/w adam. **no cell rcds available for pre-paid accts**. **clarified that not avail to genl public**, **but is avail to law enforcement, etc**. i asked if he knew if any time-frame storage limitations. he said would be different dept that could answer that-legal dept. --- will make appt with rla, to discuss above.

(*Id*. at ¶ 6).[5] Nowhere does Mr. Quinto's ATLAS entry confirm that "plaintiff's cell phone records had initially existed" or confirm the "existence of records for pre-paid cell phone accounts." To the contrary, Mr. Quinto made **two separate notes** that T-Mobile does not maintain cell phone records for its pre-paid customers, and that such records are not available to the general public.

---

[5] GEICO's ATLAS customer notes, which are maintained for every insured and used by GEICO to track each interaction, document, and conversation with an insured, were not produced to Plaintiff's counsel until after the close of discovery and after depositions had already taken place. (SOF No. 36). Plaintiff's counsel only learned of such notes during Mr. Quinto's deposition. Importantly, GEICO did not even reference the ATLAS notes in its Motion for Summary Judgment, which are of clear and important relevance to the issue at hand considering they demonstrate GEICO's acknowledgment that Plaintiff could not have obtained and provided his pre-paid cell phone records.

Additionally, there is absolutely no support in Mr. Quinto's ATLAS entry for his declaration statement that if Plaintiff would have "timely upgraded his account" or "explained his need for the records to assist his insurer in its investigation of his claim" then Plaintiff "could have obtained his records from T-Mobile." These blatant mischaracterizations of the information contained in Mr. Quinto's notes are clearly refuted by his own ATLAS notes (Ex. J to Plaintiff's Cross-Motion) and therefore should be disregarded by this Court.

GIECO's Reply/Opposition presents no triable issue of fact to refute the undisputed fact that Plaintiff fully complied with his obligation to assist in GEICO's claim investigation, made every reasonable attempt to obtain his pre-paid cell phone records from T-Mobile, and communicated to GEICO multiple times that such records could not be obtained in the manner GEICO believed they could. GEICO further confirmed this was true through its own investigation. For these reasons, Plaintiff is entitled to summary judgment on it breach of contract claim.

**B. Plaintiff Has Alleged A Valid Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing.**

Plaintiff has properly alleged that GEICO breached the implied covenant of good faith and fair dealing. A breach of the implied covenant of good faith and fair dealing is not required to be pled as a separate count. *See, e.g.*, *Guzik Tech Enterprises, Inc. v. Western Digital Corp.*, No. 5:11–cv–03786–PSG, 2013 WL 6227626, at *12 (N.D. Cal. Nov. 22, 2013) (recognizing plaintiff's argument that "California courts have held that, while a claim for breach of the covenant of good faith and fair dealing is sometimes pleaded as a separate count, it is necessarily a type of breach of contract, and need not be pleaded separately."); *see generally Enriquez v. Bank of America, N.A.*, No. C–15–0940 MMC, 2015 WL 2411719, at *4 (N.D. Cal. May 20, 2015) (quoting *Digerati Holdings, Inc. v. Young Money Entertainment, LLC*, 194 Cal. App. 4th 873, 885 (Cal. Ct. App. 2011)) (allowing amendment of breach of contract count to allege breach of implied covenant of good faith and fair dealing); *Digerati Holdings*, 194 Cal. App. 4th at 885 (finding that

the gravamen of the breach of contract and breach of the covenant of good faith and fair dealing differed even though the latter did not expressly set forth the alleged misconduct but only incorporated by reference all prior allegations). Here, Defendant's focus on the breach of contract count itself is misguided because it overlooks the fact that Plaintiff's declaratory judgment count addresses Defendant's breach of the implied covenant of good faith and fair dealing and establishes the necessary conscious and deliberate act of Defendant's failing to discharge its contract responsibilities:

> . . . Plaintiff maintains that Defendant has breached the policies by inappropriately and unlawfully shifting the burden to prove claims to the Plaintiff, denied those claims without a reasonable factual basis, and further shifted the burden to prove the claim was not invalid on the Plaintiff.

(*See* First Amended Complaint at ¶ 44) (Doc. 51). It is noteworthy that Defendant never challenged the specificity of Plaintiff's claims until now.

Moreover, it is an elaborate understatement to suggest that there is "no evidence to support a claim for breach of the implied covenant of fair dealing." (*See* Defendants' Reply/Opposition at p. 17). Defendant had in its possession – but failed to disclose until after the close of discovery – evidence of its conscious decision to deny Plaintiff's claim for improper reasons. As confirmed in the ATLAS record notes produced shortly before Defendant's Motion for Summary Judgment was filed, Defendant was aware of the fact that Plaintiff's pre-paid cell phone records were not maintained by T-Mobile and that Plaintiff could not upgrade his plan to obtain such records. Despite its awareness of the impossibility of obtaining such records, Defendant denied Plaintiff his benefits because of his inability to produce his pre-paid cell phone records GEICO knew he could not produce.

Alternatively, Plaintiff should be given the opportunity to amend his Complaint and assert a separate claim for breach of the implied covenant of good faith and fair dealing in light of the evidence produced after the close of discovery, which supports his theory. The Federal Rules of

Civil Procedure provide that "leave to amend shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (noting that the Rule 15 policy for amendments "is to be applied with extreme liberality") (citations omitted). "Where plaintiffs 'fail[ ] to raise [a claim] properly in their pleadings, . . . [if] they raised it in their motion for summary judgment, they should [be] allowed to incorporate it by amendment under Fed.R.Civ.P. 15(b).'" *Desertrain*, 754 F.3d at 1154 (quoting *Jackson v. Hayakawa*, 605 F.2d 1121, 1129 (9th Cir. 1979)). Particularly compelling to the Ninth Circuit in *Desertrain,* the court found that the district court abused its discretion by not allowing amendment of the complaint to conform to the evidence when defendants did not produce crucial discovery shedding light on the plaintiffs' new claim until eight days before the discovery cut-off. *See id.* at 1154–55. Similarly, here, Plaintiff should be permitted to amend his complaint to conform to the evidence of the recently produced ATLAS notes and specifically allege that Defendant violated the implied covenant of good faith and fair dealing and acted in bad faith by denying his insurance claim.

### C. Plaintiff Has Established The Absence Of Any Triable Issue Of Material Fact That GEICO Breached The Implied Covenant Of Good Faith And Fair Dealing In Bad Faith.

Notwithstanding, GEICO has also failed to demonstrate a triable issue of material fact to refute the undisputed evidence demonstrating that GEICO acted in bad faith by unreasonably withholding the benefits Plaintiff is due under the policy based solely on pre-paid cell phone records GEICO knew Plaintiff could not provide in breach of the implied covenant of good faith and fair dealing. In first party insurance cases, the implied covenant of good faith and fair dealing is breached when denial or delay in provision of benefits is unreasonable. *Wilson v. 21st Century Ins. Co.*, 171 P.3d 1082, 1087 (Cal. 2007) ("**denial of a claim on a basis unfounded in the facts known to the insurer, or contradicted by those facts, may be deemed unreasonable**") (emphasis added). GEICO's Response cites only to its "belief" and "understanding" that Plaintiff

could have somehow obtained his pre-paid cell phone records. Such a belief was unfounded and contradicted by well-established facts known to GEICO.

GEICO also fails to address Mr. Grothen's testimony that GEICO could not have denied Plaintiff's claim for failure to cooperate based on his cell phone records if GEICO had confirmation that such records were unavailable. (SOF No. 48). Instead, GEICO would be obligated to examine Plaintiff's file based on the information they had available and if there was no evidence of any misrepresentation or fraud, GEICO would be required to pay Plaintiff's claim. (SOF Nos. 47-48). Moreover, despite GEICO's attempts to change the narrative to the avoid the record evidence, GEICO also fails to address the undisputed testimony that GEICO must pay a claim where there is only a suspicion of fraud or misrepresentation (SOF No. 47), and that GEICO cannot deny a claim without ***evidence*** of fraud or misrepresentation. (SOF No. 50). Here, the undisputed testimony is that GEICO possessed zero evidence that Plaintiff committed fraud or misrepresented any information in submitting his insurance claim for the theft of his vehicle. (SOF No. 51). It is also undisputed that at the time of its claim denial GEICO had zero evidence that Plaintiff participated in the theft of his vehicle in any way. (*Id*.).

Additionally, GEICO has presented no evidence that Mr. Wright, Mr. Grothen or Mr. Quinto[6] **knew** that Plaintiff could have obtained his pre-paid records from T-Mobile – at any point in time – or that Plaintiff could have upgraded his account to obtain such records.[7] In fact,

---

[6] Plaintiff refers the Court to its discussion of Mr. Quinto's improper second declaration in Section III.A, *supra*.

[7] Mr. Grothen's "understanding" that Plaintiff could have obtained his cell phone records was based on an incorrect assumption rather than a fact, as Mr. Grothen testified that he has no personal knowledge of how to obtain cell phone records, he has never looked into whether a customer can change his plan to obtain his pre-paid cell phone records, and he has no knowledge of whether T-Mobile, or any other cell phone provider for that matter, maintains cell phone records for its pre-paid cell phone customers. (Grothen Depo, pp. 94:23-96:18, 97:6-98:2, 99:5-16, Ex. E and Ex. Y). Mr. Wright also did not know whether Plaintiff could have obtained his prepaid cellular phone records when he provided his written report and has no personal knowledge that T-Mobile, or any other cell phone carrier, maintains such records for its prepaid cellular phone customers. (SOF No.

GEICO's belief that Plaintiff could obtain his pre-paid records was directly contradicted by GEICO's own confirmation that Plaintiff could not obtain or produce his pre-paid cell phone records, or change his plan to obtain such records, as evidenced by the ATLAS notes discussed above. (*See also* SOF No. 36). At this point, prior to denying Plaintiff's claim and knowing that Plaintiff could not obtain his records, GEICO could no longer hide behind its assumptions and beliefs. It now possessed knowledge that Plaintiff could not produce the records it had requested and which Plaintiff had communicated he could not provide. *See Track Mortg. Grp., Inc.*, 98 Cal. App. 4th at 869 (The objectively reasonable expectation of the insured is that the insurer would not insist on information the insured did not have and could not obtain and finding that "[t]he reasonable conclusion is that the [insurance company's] demand for unavailable information was a ploy to avoid paying a legitimate claim.").

Consequently, GEICO's decision to ignore this known fact and to deny Plaintiff's claim based solely on Plaintiff's inability to produce his pre-paid cell phone records it knew he could not produce was unreasonable and in bad faith. *See Porsandeh*, 2004 WL 5642440 at *7 ("The reasonableness of an insurer's claims-handling conduct, which is ordinarily a question of fact, will become a question of law where the evidence is undisputed and only one reasonable inference can be drawn from the evidence."). Summary judgment should therefore be granted in Plaintiff's favor.

## IV. CONCLUSION

Plaintiff respectfully requests this Court grant summary judgment in favor of Plaintiff's Breach of Contract Claim (Count I) based on GEICO's untimely filed Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment in violation of this Court's Standing Order and L.R.

---

42). Furthermore, Mr. Wright did not and does not know whether a T-Mobile customer could change or upgrade his plan from a prepaid account to a monthly or post-paid account to obtain his prior months cellular phone records. (SOF No. 43).

7.3. Additionally, Plaintiff respectfully requests that this Court grant summary judgment in favor of Plaintiff's Breach of Contract Claim (Count I) as the evidence shows that GEICO improperly denied Plaintiff's claim in breach of the parties' contract and that GEICO unreasonably withheld the benefits Plaintiff was due under his policy in bad faith and in breach of the implied duty of good faith and fair dealing. Additionally, and to the extent necessary, Plaintiff respectfully requests permission to amend his complaint to conform to the evidence of the recently produced ATLAS notes and specifically allege that Defendant violated the implied covenant of good faith and fair dealing and acted in bad faith by denying his insurance claim.

Dated: December 29, 2017

**MCCALLUM, METHVIN & TERRELL, P.C.**

By: /s/ Patrick C. Marshall
James M. Terrell (Appearance *Pro Hac Vice*)
jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
myancey@mmlaw.net
Patrick C. Marshall (Appearance *Pro Hac Vice*)
pmarshall@mmlaw.net
McCallum, Methvin & Terrell, P.C.
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

Ross Bozarth, Esq. (Bar No. 259602)
Email: rbozarth@gblegal.com
**Guenard & Bozarth**
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672; Fax: (916) 714-9031

*Attorneys for Plaintiff*

**PROOF OF SERVICE**

The undersigned certifies that on December 29, 2017, he caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

/s/ Patrick C. Marshall
OF COUNSEL