*Counsel for Plaintiff:*
James M. Terrell (Appearance *Pro Hac Vice*)
Email: jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
Email: myancey@mmlaw.net
Patrick C. Marshall (Appearance *Pro Hac Vice*)
Email: pmarshall@mmlaw.net
**Methvin Terrell**
**Yancey, Stephens & Miller, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

Ross Bozarth, Esq. (Bar No. 179171)
Email: rbozarth@gblegal.com
**Guenard & Bozarth**
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672; Fax: (916) 714-9031

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 14-CV-05174-EJD<br><br>**PLAINTIFF'S MOTION IN LIMINE #1:**<br><br>**TO EXCLUDE EVIDENCE NOT CONTAINED IN GEICO'S CLAIM FILE AT THE TIME OF PLAINTIFF'S CLAIM DENIAL.**<br><br>Date: April 5, 2018<br>Time: 11:00 a.m.<br>Ctrm.: 4<br>Judge: Hon. Edward J. Davila |

**<u>NOTICE OF MOTION AND MOTION</u>**

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 5, 2018, or as soon thereafter as this matter may be heard before Honorable Edward J. Davila, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 4, 5th Floor, 280 South First Street, San Jose,

California 95113, Plaintiff will and hereby does respectfully move this Court, under Rules 401, 402, 403, 608 and 609 of the Federal Rules of Evidence, for an Order instructing Defendant Geico General Insurance Company ("Geico") and its counsel not to refer to, interrogate concerning, comment on, or attempt to suggest to the jury that the denial of Plaintiff's insurance coverage under the terms of Defendant's insurance policy was based on any information other than what was contained in Defendant's claim file at the time of its denial of Plaintiff's claim.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete pleadings, filings and records in this action, and such other arguments and authorities as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AN AUTHORITIES

On September 25, 2013, Plaintiff Christopher Monroe was issued Policy No. 4325-03-34-16 by Geico for his 2006 Lexus GS 300. On September 26, 2014 Plaintiff's vehicle was stolen. After discovering that his vehicle had been stolen, Plaintiff promptly reported the theft to the police and filed a timely claim with Geico for the theft of his vehicle. Shortly thereafter, Geico began its investigation of Plaintiff's claim. Plaintiff's claim was denied for the third and final time on May 29, 2014.

This motion seeks to prohibit Geico from introducing evidence or argument of purported reasons, in hindsight, that Geico denied Plaintiff's claim other than the reason stated in Geico's denial letters and based on evidence possessed by Geico in its claim file as of May 29, 2014. The Court should not allow the introduction of any purported evidence obtained by Geico after May 29, 2014 that is offered for the purpose of justifying the denial of Mr. Monroe's claim. Plaintiff expects Geico will attempt to offer a number of other, subsequently-discovered purported grounds for denying the claim. The law plainly forbids this.

Geico does not dispute and admits that the sole reason it denied Mr. Monroe's claim on May 29, 2014 for failure to cooperate was solely because Mr. Monroe did not provide his pre-paid cell phone records. (*See* May 29, 2014 denial letter, attached as Exhibit A; Def's Response to Plaintiff's Separate Statement of Facts, Dkt. 70, p. 13, Fact 39, attached as Exhibit E; *see also* Defendant's Motion for Summary Judgment, Dkt. 57, p. 26, "Plaintiff's claim was denied a third and final time on May 29, 2014. . . for violation of Plaintiff's contractual obligation to assist and cooperate for failure to provide cell phone records. . ."). Mr. Monroe's claim was denied for no other reason.

Geico admits that it is obligated to make a final determination to pay or deny a claim based on information it has available and that it must pay a claim even where there may be a *suspicion* of fraud or misrepresentation. (Deposition of Lon Grothen, pp. 77:4-78-11, attached hereto as Exhibit B). In other words, Geico admits that it cannot deny a claim without actual evidence of fraud or misrepresentation going beyond mere suspicion. (*Id*., pp. 59:11-60:8, 61:22-63:3, Ex. B). Here, Geico possessed zero evidence that Mr. Monroe committed fraud or misrepresented any information in submitting his insurance claim for the theft of his vehicle. (Deposition of Jon Quinto, pp. 102:22-103:14, attached as Exhibit C; Grothen Depo, p. 87:9-21, Ex. B; Deposition of Larry Wright, pp. 124:4-15, attached as Exhibit D). Importantly, Geico even admits that any evidence of fraud or misrepresentation is irrelevant "as Geico denied Plaintiff's claim for failure to cooperate in Geico's investigation and failure to assist in securing evidence [phone records], *not for fraud or misrepresentation*." (*See* Ex. E, Fact 51, pp. 16-17, Dkt. 70) (emphasis added). Additionally, at the time it denied Mr. Monroe's claim, and still today, Geico had zero evidence that Mr. Monroe participated in the theft of his vehicle.

This Court may exclude prejudicial evidence in advance of trial by way of an *in limine* motion. Federal Rule of Evidence 403 allows this Court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of unfair prejudice,

confusion of the issues, misleading the jury or waste of time. Fed. R. Evid. 403. "In such a case, relevant evidence may be excluded when there is a significant danger that the jury might base its decision on emotion or when non-party events would distract reasonable jurors from the real issues in a case." *Campbell v. Garcia*, No. 3:13-CV-0627-LRH-WGC, 2016 WL 4769728, at *2 (D. Nev. Sept. 13, 2016).

Any reference by Geico to reasons or justifications for denying Mr. Monroe's claim other than those contained in Geico's claim file at the time of denial or stated in Geico's denial letters are irrelevant to this case and should be excluded. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401; *Morris v. Long*, No. 1:08-CV-01422-AWI, 2012 WL 3276938, at *1 (E.D. Cal. Aug. 9, 2012), *clarified on denial of reconsideration*, No. 1:08-CV-01422-AWI, 2012 WL 3528015 (E.D. Cal. Aug. 14, 2012), *and aff'd*, 592 F. App'x 579 (9th Cir. 2015). The trial court "has no discretion to admit irrelevant evidence." *Cain v. Cullen*, No. CV 96-2584 ABC, 2011 WL 941057, at *10 (C.D. Cal. Mar. 14, 2011). The evidence relied upon by Geico at the time of denial is the key criteria regarding the reasonableness of its decision to deny coverage and payment of Mr. Monroe's claim. Reasonableness should be measured at the time the decision to deny the claim was made. The only evidence that has any bearing on Geico's decision to deny the claim are the facts that Geico had and considered at the time it denied Mr. Monroe's claim. It stands to reason, therefore, that any investigation of the claim, which took place after Geico denied Mr. Monroe's claim, must be excluded as irrelevant.

Following California law, the United States District Court for the Southern District of California court has stated that "the reasonableness of an insurer's conduct must be determined based on the basis of the information known to it **at the time of denial**." *Aceves v. Allstate Ins. Co.*, 827 F.Supp. 1473, 1487 (S.D.Cal.1993) (emphasis added) (citing *Austero v. National Cas. Co.*,

84 Cal.App.3d 1, 32 (1978). Furthermore, "[i]n evaluating the evidence to see if there was any unreasonable conduct by the [insurer], it is essential that no hindsight test be applied. The reasonable or unreasonable action by the [insurer] must be measured as of the time it was confronted with a factual situation to which it was called upon to respond." *Austero,* 84 Cal.App.3d at 32; *See also Century Sur. Co. v. Polisso*, 139 Cal. App. 4th 922, 949, 43 Cal. Rptr. 3d 468, 487 (2006), *as modified on denial of reh'g* (June 16, 2006) ("We evaluate the reasonableness of the insurer's actions and decision to deny benefits as of the time they were made rather than with the benefit of hindsight."). In *Mullen v. Glens Falls Ins. Co*., 73 Cal. App. 3d 163, 173 (Ct. App. 1977), the court refused to allow an insurer to use the "hindsight test" to support denial of coverage. The *Mullen* court stated that:

> The inquiry narrows to whether an insurance company can, without having all of the facts before it, refuse to defend an insured in a lawsuit brought against the insured, if at the time the company denies the defense it is aware of some facts indicating potential liability under the policy. . .
>
> We believe that public policy alone mandates a negative answer to the question; otherwise an insurance carrier could refuse to defend its insured on the slightest provocation and then resort to hindsight for the justification. Furthermore, a contrary holding would force the insured to finance his own investigation and the defense of the lawsuit, and then to seek reimbursement in a second lawsuit against the insurance company

*Id*. In evaluating the evidence to determine if Geico acted unreasonably, it is essential that no hindsight test be applied. Geico's action in denying Mr. Monroe's claim must be measured as of the time it was confronted with the factual situation to which it was called upon to respond. There are good, solid reasons why the law prevents insurers from using evidence developed after-the-fact, including an insurer's duty to investigate, to communicate, and to provide coverage.

Furthermore, Geico's duty to investigate cannot be satisfied by after-acquired evidence and Geico had a duty to investigate all facts – including those that would support coverage for Mr. Monroe's claim. An insurance company has a duty to fully investigate any potential of coverage

for a claim. *Egan v. Mutual of Omaha Ins. Co*. 24 Cal. 3d 809, 817 (1979). Further, the California Insurance Code has mandated that an investigation be prompt. California Insurance Code § 790.03(h)(3). An insurance company is prohibited from focusing its investigation on just those facts that would justify denial of the claim. *Mariscal v. Old Republic Life Ins. Co*., 42 Cal. App. 4th 1617, 1623 (1996), as modified (Mar. 28, 1996), as modified (Mar. 29, 1996); *Maslo v. Ameriprise Auto & Home Ins.*, 227 Cal. App. 4th 626, 634, 173 Cal. Rptr. 3d 854, 859 (2014), *as modified* (July 22, 2014) ("The insurer may not just focus on those facts which justify denial of the claim.").

In light of the great importance of the duty to investigate before an insurance company denies a claim, it would be contrary to law as well as unjust to Mr. Monroe to allow Geico to introduce evidence obtained after its denial of coverage in order to justify its wrongful reasons for the denial. Clearly, if an insurance company could deny a claim without thoroughly investigating the claim and then defend a subsequent lawsuit on separate grounds developed during discovery, the insurance company's incentive to fulfill its duty to investigate would be significantly diminished, or non-existent. Additionally, under California law,

> Where an insurer denies or rejects a first party claim, in whole or in part, it shall do so in writing and shall provide to the claimant a statement listing all bases for such rejection or denial and the factual and legal bases for each reason given for such rejection or denial which is then within the insurer's knowledge. Where an insurer's denial of a first party claim, in whole or in part, is based on a specific statute, applicable law or policy provision, condition or exclusion, the written denial shall include reference thereto and provide an explanation of the application of the statute, applicable law or provision, condition or exclusion to the claim.

CAL. CODE REGS. tit. 10, § 2695.7(b)(1).

In this case, Geico denied Mr. Monroe's claim on May 29, 2014 strictly on the basis that Mr. Monroe failed to cooperate solely by failing to produce his prepaid cell phone records. (*See* Def's Response to Plaintiff's SOF, DKT 70, p. 13, SOF 39). During the course of this litigation, Geico has reversed course and concocted new justifications outside the reasons stated in its denial

letters purportedly supporting the denial of Mr. Monroe's claim. In fact, it raised many of these suggested but unsubstantiated justifications in its Motion of Summary Judgment. (*See* Dkt. 57). These arguments and evidence will invite the jury to improperly assume facts which are irrelevant and contrary to the evidence and to improperly speculate about the facts and circumstances of Geico's denial of Mr. Monroe's claim. *See* Fed. R. Evid. 401-403.

According to the legal authorities discussed above, and others on which they, in turn, rely, the only evidence, which Geico may introduce to support its denial, has to be the evidence that it had in its claim file at the time it made the decision to deny Mr. Monroe's claim.

## I. Conclusion

For the foregoing reasons, Plaintiff asks the Court for an order admonishing Defendant, their counsel, and their witnesses, not to attempt to introduce, in any form, and not to suggest, comment directly upon, or refer to the following:

1. Any reason for Geico's denial of Plaintiff's claim, other than the sole reason contained in Geico's denial letters to Plaintiff – that Plaintiff failed to cooperate under the policy language solely by failing to produce his pre-paid cell phone records;

2. Any facts regarding a possible basis for denial of Plaintiff's claim, other than those contained in Geico's claim file on May 29, 2014 – the date that Mr. Monroe's claim was denied;

3. Any expert opinion as to the propriety of Geico's denial of Plaintiff's claim, if any portion of that opinion is based on any facts which were not in Geico's claim file on May 29, 2014;

4. The results of any post-denial discovery or investigation in any way related to the basis for the denial of Plaintiff's claim other than those facts contained in Geico's claim file on May 29, 2014.

For the foregoing reasons, Plaintiff's motion in limine should be granted.

Dated: March 22, 2018

Respectfully submitted,

**By:** /s/ Patrick C. Marshall
Patrick C. Marshall

**METHVIN TERRELL**
**YANCEY, STEPHENS & MILLER, P.C.**
Patrick C. Marshall (Appearance *Pro Hac Vice*)
pmarshall@mmlaw.net
James M. Terrell (Appearance *Pro Hac Vice*)
jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
myancey@mmlaw.net
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199;
Fax: (205) 939-0399

**GUENARD & BOZARTH**
Ross Bozarth, Esq. (Bar No. 179171)
rbozarth@gblegal.com
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672
Fax: (916) 714-9031

*Attorneys for Plaintiff Christopher Monroe*

**PROOF OF SERVICE**

The undersigned certifies that on March 22, 2018, he caused this document to be electronically filed with the Clerk of the Court using the EM/ECF system, which will send notification of filing to counsel or record for each party.

/s/ Patrick C. Marshall
OF COUNSEL