*Counsel for Plaintiff:*
James M. Terrell (Appearance *Pro Hac Vice*)
Email: jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
Email: myancey@mmlaw.net
Patrick C. Marshall (Appearance *Pro Hac Vice*)
Email: pmarshall@mmlaw.net
**Methvin Terrell**
**Yancey, Stephens & Miller, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

Ross Bozarth, Esq. (Bar No. 179171)
Email: rbozarth@gblegal.com
**Guenard & Bozarth**
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672; Fax: (916) 714-9031

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 14-CV-05174-HRL<br><br>**PLAINTIFF'S MOTION IN LIMINE #2:**<br><br>**TO EXCLUDE EVIDENCE OF PLAINTIFF'S PRIOR FELONY ARRESTS, CHARGES OR CONVICTION**<br><br>Date: April 5, 2018<br>Time: 11:00 a.m.<br>Ctrm.: 4<br>Judge: Hon. Edward J. Davila |

**NOTICE OF MOTION AND MOTION**

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 5, 2018, or as soon thereafter as this matter may be heard before Honorable Edward J. Davila, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 4, 5th Floor, 280 South First Street, San Jose, California 95113, Plaintiff will, and hereby does, respectfully move this Court, under Rules 401, 402, 403, 608 and 609 of the Federal Rules of Evidence, for an Order to exclude evidence, reference to, or argument concerning Plaintiff's prior felony arrests, charges or conviction. Any reference to this type of testimony or evidence is not probative of the issue at hand – whether Geico's denial of Mr. Monroe's insurance claim based solely on his failure to provide his pre-paid cell phone records was in bad faith, unfair and in breach of the insurance contract.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete pleadings, files and records in this action, and such other arguments and authorities as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AN AUTHORITIES**

This case arises from an insurance claim for the theft of Plaintiff Christopher Monroe's ("Mr. Monroe") vehicle which was insured by Defendant Geico General Liability Company ("Geico") on the date of loss. Mr. Monroe's car was stolen and he reported the theft immediately to the police and Geico. Mr. Monroe cooperated with Geico's investigation, sat for a recorded interview, and provided Geico with the police report, notarized vehicle theft questionnaire, witness information, and bank records per Geico's request. The only document Mr. Monroe did not provide Geico was his pre-paid cell phone records, which Mr. Monroe told Geico on multiple occasions he could not obtain.

Plaintiff anticipates that Geico may attempt to present testimony, argument, or other

evidence of Mr. Monroe's prior felony conviction for possession of a controlled substance. This evidence is immaterial, irrelevant, and highly prejudicial to the claims made and the basis of this suit. Fed. R. Evid. 401, 402, 403, and 404. Additionally, this incident may not be used to impeach Plaintiff since it constitutes inadmissible character evidence pursuant to Fed. R. Evid. 608(b), and is not an admissible criminal conviction pursuant to Fed. R. Evid. 609. Further, Geico did not possess this information until over three years after it denied Mr. Monroe's claim. As such, Mr. Monroe's prior felony conviction for possession of a controlled substance should be excluded at the trial of this matter since it is not relevant, was not a basis for the denial of Mr. Monroe's insurance claim and, pursuant to FRE 403, is highly prejudicial.

Geico denied Plaintiff's claim for the final time on May 29, 2014. Geico does not dispute that the sole reason Geico denied Plaintiff's claim was for failure to provide his prepaid cell phone records. (*See* Dkt. 57, p. 26, attached as Exhibit A; *see also* Dkt. 70, p. 13, Fact 39, attached as Exhibit B). Plaintiff filed this claim against Geico on November 21, 2014. On November 17, 2017, Geico filed its Motion for Summary Judgment in which it raised, for the first time, Mr. Monroe's conviction for felony possession of a controlled substance in 2010. [Dkt. 57]. Geico learned of this felony conviction after Maryam Maleki, an attorney with the law firm of Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Geico, obtained the records from the municipal and superior courts of Santa Clara County. (Declaration of Maryam Maleki, attached as Exhibit C, "At the request of Richard Garcia, the attorney primarily responsible for the handling of this case, I went to the municipal and superior Courts to obtain Court records of criminal proceedings involving plaintiff Christopher Monroe.").

Importantly, this criminal records search was not begun or completed until after Plaintiff filed this lawsuit and Defendant's counsel was retained to defend Plaintiff's claims, long after Geico denied Plaintiff's claim on May 29, 2014. Therefore, Geico did not possess Mr. Monroe's criminal

records or rely on these records as the time it denied Plaintiff's claim.

This is important to note, as Geico's clever wording led this Court to believe that Geico possessed these records on or before May 5, 2014, prior to denying Plaintiff's claim. (*See* Def's MSJ, Dkt. 57, p. 8, fn 1, "The exact date of some of these offenses is not known. **They appear in a Santa Clara Police Department records check** conducted no later than May 5, 2014 (Ex. U to Maleki Dec.)."). Based upon this representation, the Court took this to mean that Geico conducted this criminal record check no later than May 5, 2014. (*See* this Court's Order on Summary Judgment, Dkt. 74, p. 7, "'[N]o later than May 5, 2014', Geico investigated Monroe's criminal record and determined that Monroe had failed to disclose the full extent of his criminal record during his recorded statement. . . among other things, Geico learned that Monroe was a convicted felon with convictions for unemployment insurance fraud, theft, possession of a controlled substance, and use of a controlled substance, and that he had been arrested at least eight times.") (emphasis added).

However, and of utmost importance, Geico did not conduct this criminal record check or learn about Plaintiff's felony conviction or criminal history until several years **after** it denied his claim and **after** Geico's attorneys conducted a criminal record check in preparation for trial. Rather, the Police Report obtained by Geico in late 2017 was created by the Santa Clara Police Department in May, 2014, and it was the Police Department – not Geico – who conducted the record check in the course of creating its Report. The May 1, 2014 Santa Clara Police Report shows a notation that "[a] records check revealed that Monroe was convicted of Felony H +S 11377(a) on 08-25-2010. A review of his CJIC and CII showed no other felony convictions." (*See* Ex. U attached to Maleki Dec., attached as Exhibit D). There is no evidence that Geico requested or otherwise participated in performing the record check in 2014.

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid.

401; *Morris v. Long*, No. 1:08-CV-01422-AWI, 2012 WL 3276938, at *1 (E.D. Cal. Aug. 9, 2012), *clarified on denial of reconsideration*, No. 1:08-CV-01422-AWI, 2012 WL 3528015 (E.D. Cal. Aug. 14, 2012), *and aff'd*, 592 F. App'x 579 (9th Cir. 2015). The trial court "has no discretion to admit irrelevant evidence." *Cain v. Cullen*, No. CV 96-2584 ABC, 2011 WL 941057, at *10 (C.D. Cal. Mar. 14, 2011). When applying Fed. R. Evid. 404(b), a court must first ask whether the past crime evidence is "probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988). If the evidence goes to an issue other than character, such as intent, motive, etc., the court then asks whether Federal Rule of Evidence 402's relevancy requirement is met and whether the probative value of the evidence is substantially outweighed by the prejudicial effect under Federal Rule of Evidence 403. *See Huddleston*, 485 U.S. at 686-87.

Stated another way, in order to be admissible under Rule 404(b), evidence must be (1) directed toward establishing a matter in issue other than the party's propensity to commit the act at issue, (2) show that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) be sufficient to support a jury finding that the person committed the other similar act, and (4) have sufficient probative value so as not to be substantially outweighed by the risk of unfair prejudice. *United States v. Scop*, 940 F.2d 1004, 1009 (7th Cir. 1991).

Mr. Monroe's prior conviction for possession of a controlled substance is not relevant to any issues presented in this insurance bad faith case. Mr. Monroe's prior conviction was not known to Geico or considered as a factor in denying Mr. Monroe's insurance claim. But this information would be highly prejudicial to Mr. Monroe if it were presented to a jury. A jury would view Mr. Monroe with suspicion and would be less likely to view the relevant evidence objectively and find in his favor. Additionally, this information would confuse the jury and unduly consume time at trial since it would take time for Geico to introduce this information and Mr. Monroe would then have to explain the circumstances of his past to allow the jury to understand the circumstances

surrounding his conviction. This would result in a "mini-trial" related to Mr. Monroe's conviction which occurred almost eight years ago and is entirely unrelated to this action.

The incident in question does not tend to establish any issue related to the matters before this Court. Any conceivable relevance would be substantially outweighed by the risk of unfair prejudice. "Evidence of a conviction for drug possession alone is not highly relevant to the issue of veracity. Moreover, such evidence can be highly prejudicial and arouse jury sentiment against a party-witness." *Bordegaray v. Cty. of Santa Barbara*, No. 214CV8610CASJPRX, 2016 WL 7260920, at *3 (C.D. Cal. Dec. 13, 2016) (excluding the plaintiff's prior felony convictions unrelated to the incident at issue) (citing *Wilson v. Union Pac. R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995); *see also* 5 Weinstein's Federal Evidence, § 609 App.101 (2016) ("A 'rule of thumb' thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent assaultive crimes generally do not; traffic violations, however serious, are in the same category.").

Presentation of this type of evidence or testimony will invite the jury to improperly speculate in branding Mr. Monroe a criminal. Such an improper attack on Mr. Monroe's character will unfairly prejudice him while offering no probative value to this action. It serves only to divert the attention of the jury and should be excluded. Furthermore, evidence which bears on a witness' character for truthfulness may be brought in the form or reputation or opinion evidence under Fed. R. Evid. 608(a). However, evidence of specific instances of conduct is not admissible to support or attack a witness' character for truthfulness. Fed. R. Evid. 608(b). Under these standards, all instances of Mr. Monroe's felony conviction for possession of a controlled substance must be excluded.

For the foregoing reasons, Plaintiff asks the Court for an Order admonishing Defendant, their counsel, and their witnesses, not to attempt to introduce in any form, and not to suggest, comment directly upon, or refer to, Mr. Monroe's prior felony arrest, charge or conviction.

Dated: March 22, 2018

Respectfully submitted,

**By:** /s/ Patrick C. Marshall
Patrick C. Marshall

**METHVIN TERRELL**
**YANCEY, STEPHENS & MILLER, P.C.**
Patrick C. Marshall (Appearance *Pro Hac Vice*)
pmarshall@mmlaw.net
James M. Terrell (Appearance *Pro Hac Vice*)
jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
myancey@mmlaw.net
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199;
Fax: (205) 939-0399

**GUENARD & BOZARTH**
Ross Bozarth, Esq. (Bar No. 179171)
rbozarth@gblegal.com
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672
Fax: (916) 714-9031

*Attorneys for Plaintiff Christopher Monroe*

**PROOF OF SERVICE**

The undersigned certifies that on March 22, 2018, he caused this document to be electronically filed with the Clerk of the Court using the EM/ECF system, which will send notification of filing to counsel or record for each party.

/s/ Patrick C. Marshall
OF COUNSEL