*Counsel for Plaintiff:*
James M. Terrell (Appearance *Pro Hac Vice*)
Email: jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
Email: myancey@mmlaw.net
Patrick C. Marshall (Appearance *Pro Hac Vice*)
Email: pmarshall@mmlaw.net
**Methvin Terrell**
**Yancey, Stephens & Miller, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

Ross Bozarth, Esq. (Bar No. 179171)
Email: rbozarth@gblegal.com
**Guenard & Bozarth**
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672; Fax: (916) 714-9031

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

CHRISTOPHER T. MONROE,

Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

Case No. 14-CV-05174-EJD

**PLAINTIFF'S MOTION IN LIMINE #5:**

**TO EXCLUDE EVIDENCE OF PLAINTIFF'S FINANCIAL CONDITION**

Date: April 5, 2018
Time: 11:00 a.m.
Ctrm.: 4
Judge: Hon. Edward J. Davila

**NOTICE OF MOTION AND MOTION**

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 5, 2018, or as soon thereafter as this matter may be heard before Honorable Edward J. Davila, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 4, 5th Floor, 280 South First Street, San Jose, California 95113, Plaintiff will and hereby does respectfully move this Court, under Rules 401, 402, 403, 608 and 609 of the Federal Rules of Evidence, for an Order to exclude evidence, reference to, or argument concerning evidence of Plaintiff's financial condition. Any reference to this type of testimony or evidence is not probative of the issue at hand – whether Geico's denial of Mr. Monroe's insurance claim based on his failure to provide his prepaid cell phone records was in bad faith, unfair and in breach of the insurance contract. It is irrelevant and is not material to the facts of the event.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete pleadings, filings and records in this action, and such other arguments and authorities as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AN AUTHORITIES**

Plaintiff anticipates that Geico may attempt to present testimony, argument, or other evidence at trial about Mr. Monroe's financial condition or purported "financial stress". However, a Plaintiff's financial condition is irrelevant to Plaintiff's claims, namely, whether Geico's denial of Mr. Monroe's insurance claim based on his failure to provide his pre-paid cell phone records was in bad faith, unfair and in breach of the insurance contract and whether Plaintiff was injured as a result. *Sanderson v. Winner*, 507 F.2d 477, 479 (10th Cir. 1974) (holding that evidence of the financial situation of a plaintiff is irrelevant since courts "generally eschew the question whether litigants are rich or poor. Instead, we address ourselves to the merits of the litigation."); *In re W. Coast Dep't Stores Antitrust Litig.*, Civ. A. No. C-79-2724 SW, 1979 WL 1721, at *1 (N.D. Cal.

Nov. 16, 1979) ("Inquiry into the financial affairs of a [] plaintiff. . . is irrelevant."). In addition, "evidence of a party's financial condition … can be unduly prejudicial, as it can distract the jury form the real issues in the case." *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (granting motion *in limine* to exclude reference to financial condition of plaintiff on grounds of irrelevance and undue prejudice); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2010 WL 10086747, at *2 (N.D. Cal. Dec. 16, 2010) (granting motion in limine to exclude reference to or evidence of plaintiff's financial condition, fee arrangements or other litigation).

Geico possessed zero evidence that Mr. Monroe committed fraud or misrepresented any information in submitting his insurance claim for the theft of his vehicle. (Deposition of Jon Quinto, pp. 102:22-103:14, attached as Exhibit A; Deposition of Lon Grothen, p. 87:9-21, attached as Exhibit B; Deposition of Larry Wright, pp. 124:4-15, attached as Exhibit C). Geico further admits that any evidence of fraud or misrepresentation is irrelevant "as Geico denied Plaintiff's claim for failure to cooperate in Geico's investigation and failure to assist in securing evidence [phone records], not for fraud or misrepresentation." (*See* Geico's Response to Plaintiff's Separate Statement of Uncontroverted Facts, SOF. No. 51, pp. 16-17, Dkt. 70). Therefore, any reference to or argument by Geico as to Mr. Monroe's financial condition would be introduced solely to prejudice the jury against Mr. Monroe, confuse the issues, and amount to a waste of this Court's time and resources. Fed. R. Evid. 403 and 602.

Such evidence would further be irrelevant under Fed. R. Evid. 401 as his financial condition is not a fact of consequence and will not make the issue of whether Mr. Monroe could have obtained his pre-paid cell phone records more or less probable. Accordingly, reference to or evidence of Mr. Monroe's financial condition is inadmissible under Federal Rules of Evidence 401, 402 and 403.

For the foregoing reasons, Plaintiff respectfully requests that his Court grant its motion in

limine to preclude evidence, argument, or reference to Plaintiff's financial condition.

Dated: March 22, 2018

Respectfully submitted,

**By:** /s/ Patrick C. Marshall
Patrick C. Marshall

**METHVIN TERRELL**
**YANCEY, STEPHENS & MILLER, P.C.**
Patrick C. Marshall (Appearance *Pro Hac Vice*)
pmarshall@mmlaw.net
James M. Terrell (Appearance *Pro Hac Vice*)
jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
myancey@mmlaw.net
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199;
Fax: (205) 939-0399

**GUENARD & BOZARTH**
Ross Bozarth, Esq. (Bar No. 179171)
rbozarth@gblegal.com
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672
Fax: (916) 714-9031

*Attorneys for Plaintiff Christopher Monroe*

**PROOF OF SERVICE**

The undersigned certifies that on March 22, 2018, he caused this document to be electronically filed with the Clerk of the Court using the EM/ECF system, which will send notification of filing to counsel or record for each party.

/s/ Patrick C. Marshall
OF COUNSEL