*Counsel for Plaintiff:*
James M. Terrell (Appearance *Pro Hac Vice*)
Email: jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
Email: myancey@mmlaw.net
Patrick C. Marshall (Appearance *Pro Hac Vice*)
Email: pmarshall@mmlaw.net
**Methvin Terrell**
**Yancey, Stephens & Miller, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

Ross Bozarth, Esq. (Bar No. 179171)
Email: rbozarth@gblegal.com
**Guenard & Bozarth**
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672; Fax: (916) 714-9031

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 14-CV-05174-EJD<br><br>**PLAINTIFF'S MOTION IN LIMINE #6:**<br><br>**TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING THE GENERAL NATURE OF INSURANCE FRAUD OR ITS EFFECT ON DEFENDANT OR DEFENDANT'S INSUREDS.**<br><br>Date: April 5, 2018<br>Time: 11:00 a.m.<br>Ctrm.: 4<br>Judge: Hon. Edward J. Davila |

## NOTICE OF MOTION AND MOTION

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 5, 2018, or as soon thereafter as this matter may be heard before Honorable Edward J. Davila, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 4, 5th Floor, 280 South First Street, San Jose, California 95113, Plaintiff will and hereby does respectfully move this Court, under Rules 401, 402, 403, 608 and 609 of the Federal Rules of Evidence, for an Order instructing Defendant Geico General Insurance Company ("Geico") and its counsel not to refer to, comment on, or attempt to suggest to the jury any information related to the general nature of Insurance Fraud or its effect on Geico or Geico's insureds.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete pleadings, filings and records in this action, and such other arguments and authorities as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AN AUTHORITIES

Plaintiff anticipates that Geico may attempt to present testimony, argument, or other evidence at trial about the general nature of insurance fraud, its effect on Geico and Geico's insureds, or that insurance fraud contributes to increased premiums. This information is unrelated to claims at issue in this case – whether Geico's denial of Mr. Monroe's insurance claim based on his failure to provide his pre-paid cell phone records was in bad faith, unfair and in breach of the insurance contract and whether Plaintiff was injured as a result. Such evidence would further be irrelevant under Fed. R. Evid. 401 as there is no evidence that Mr. Monroe submitted a fraudulent insurance claim, there is no claim for insurance fraud in this litigation, and any information related to insurance fraud or its effect on Geico or its insureds is not a fact of consequence and will not make the issue of whether Mr. Monroe could have obtained his pre-paid cell phone records more or less probable.

Furthermore, testimony or argument of this nature would be unfairly prejudicial by suggesting that Mr. Monroe's claim was fraudulently submitted. Importantly, Geico possessed zero evidence that Mr. Monroe committed fraud or misrepresented any information in submitting his insurance claim for the theft of his vehicle. (Deposition of Jon Quinto, pp. 102:22-103:14, attached as Exhibit A; Deposition of Lon Grothen, p. 87:9-21, attached as Exhibit B; Deposition of Larry Wright, pp. 124:4-15, attached as Exhibit C). Geico further admits that any evidence of fraud or misrepresentation "**is irrelevant**, as Geico denied plaintiff's claim for failure to cooperate in Geico's investigation and failure to assist in securing evidence [phone records], **not for fraud or misrepresentation**." (*See* Geico's Response to Plaintiff's Separate Statement of Uncontroverted Facts, SOF. No. 51, pp. 16-17, Dkt. 70). Therefore, any reference to or argument by Geico as to insurance fraud in general would be irrelevant, introduced solely to prejudice the jury against Mr. Monroe, suggest that Mr. Monroe's claim was fraudulently submitted, confuse the issues, and amount to a waste of this Court's time and resources. Fed. R. Evid. 403. Accordingly, reference to or evidence of insurance fraud in general, its effect on Geico or Geico's insureds, or that insurance fraud leads to increased premiums is inadmissible under Federal Rules of Evidence 401, 402 and 403.

For the foregoing reasons, Plaintiff respectfully requests that his Court grant its motion in limine to preclude evidence, argument, or reference to insurance fraud in general, its effect on Geico or Geico's insureds, or that insurance fraud leads to increased premiums.

Dated: March 22, 2018

Respectfully submitted,

**By:** /s/ Patrick C. Marshall
Patrick C. Marshall

**METHVIN TERRELL**
**YANCEY, STEPHENS & MILLER, P.C.**
Patrick C. Marshall (Appearance *Pro Hac Vice*)
pmarshall@mmlaw.net
James M. Terrell (Appearance *Pro Hac Vice*)
jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
myancey@mmlaw.net
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199;
Fax: (205) 939-0399

**GUENARD & BOZARTH**
Ross Bozarth, Esq. (Bar No. 179171)
rbozarth@gblegal.com
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672
Fax: (916) 714-9031

*Attorneys for Plaintiff Christopher Monroe*

**PROOF OF SERVICE**

The undersigned certifies that on March 22, 2018, he caused this document to be electronically filed with the Clerk of the Court using the EM/ECF system, which will send notification of filing to counsel or record for each party.

/s/ Patrick C. Marshall
OF COUNSEL