*Counsel for Plaintiff:*
James M. Terrell (Appearance *Pro Hac Vice*)
Email: jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
Email: myancey@mmlaw.net
Patrick C. Marshall (Appearance *Pro Hac Vice*)
Email: pmarshall@mmlaw.net
**Methvin Terrell**
**Yancey, Stephens & Miller, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

Ross Bozarth, Esq. (Bar No. 179171)
Email: rbozarth@gblegal.com
**Guenard & Bozarth**
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672; Fax: (916) 714-9031

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

CHRISTOPHER T. MONROE,

Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

Case No. 14-CV-05174-EJD

**PLAINTIFF'S MOTION IN LIMINE #8:**

**TO EXCLUDE PERCIPIENT WITNESSES, EXCEPT FOR ONE PARTY REPRESENTATIVE, FROM THE COURTROOM UNLESS THEY ARE TESTIFYING**

Date: April 5, 2018
Time: 11:00 a.m.
Ctrm.: 4
Judge: Hon. Edward J. Davila

**NOTICE OF MOTION AND MOTION**

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 5, 2018, or as soon thereafter as this matter may be heard before Honorable Edward J. Davila, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 4, 5th Floor, 280 South First Street, San Jose, California 95113, Plaintiff will and hereby does respectfully move this Court for an Order excluding percipient witnesses, except for one party representative, from the courtroom unless they are testifying.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete pleadings, filings and records in this action, and such other arguments and authorities as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AN AUTHORITIES**

Plaintiff asks that this Court enforce the plain language of Rule 615 of the Federal Rules of Evidence and enter an order directing that all percipient witnesses be excluded from the courtroom when they are not testifying. Rule 615 states, in pertinent part, that, upon the request of a party, "the court must order witnesses excluded so that they cannot hear other witnesses' testimony." *Id.*; *see also Larson v. Palmateer*, 515 F.3d 1057, 1065 (9th Cir. 2008) ("Federal Rules of Evidence. . . require a federal district court to exclude witnesses upon the motion of a party."). "This process serves both to reduce the danger that a witness's testimony will be influenced by hearing the testimony of other witnesses, and to increase the likelihood that the witness's testimony will be based on her own recollections." *Unites States v. Hobbs*, 31 F. 3d 918, 921 (9th Cir. 1994) (citing *Perry v. Leeke*, 488 U.S. 272, 281-82 (1989) and 3 Jack B. Weinstein & Margaret A. Berger, 3 *Weinstein's Evidence*, ¶ 615[01], at 615-1 (1994)); *See also Taylor v. United States*, 388 F. 2d 786, 788 (9th Cir. 1967) ("The exclusion of witnesses from the courtroom during trial is a time-honored

practice designed to prevent the shaping of testimony by hearing what other witnesses say."). In other words, the requirement that percipient witnesses be excluded from the courtroom except when testifying is designed to prevent "testimony that is less than candid." *Geders v. United States*, 425 U.S. 80, 87 (1976). The Court should thus enter an order excluding percipient witnesses from the courtroom except when those witnesses are testifying.

Plaintiff also requests that the Court enter an order precluding percipient witnesses from reading daily transcripts of the court proceedings, as "[t]he opportunity to shape testimony is as great with a witness who reads trial testimony as with one who hears the testimony in open court. The harm may be even more pronounced with a witness who reads trial transcript than with one who hears the testimony in open court, because the former need not rely on his memory of the testimony but can thoroughly review and study the transcript in formulating his own testimony." *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir. 1981) (upholding exclusion of expert testimony where expert witness, who had not been designated as essential to the party's case under a previous iteration of Rule 615(c), read daily transcripts).

Finally, Plaintiff asks that the Court allow the parties to designate no more than one party representative to attend the trial. Rule 615 permits the presence at trial of "an officer or employee of a party which is not a natural person designated as its representative by its attorney." The parties do not need more than one party representative to attend trial. Allowing more than one party representative would undercut the rule that percipient witnesses should not be present in the courtroom.

For the reasons stated above, Plaintiff respectfully requests that this Court grant their motion *in limine* to exclude percipient witnesses, except for one party representative, from the courtroom and preclude percipient witnesses from reading trial transcripts.

Dated: March 22, 2018

Respectfully submitted,

**By:** /s/________________________
Patrick C. Marshall

**METHVIN TERRELL**
**YANCEY, STEPHENS & MILLER, P.C.**
Patrick C. Marshall (Appearance *Pro Hac Vice*)
pmarshall@mmlaw.net
James M. Terrell (Appearance *Pro Hac Vice*)
jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
myancey@mmlaw.net
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199;
Fax: (205) 939-0399

**GUENARD & BOZARTH**
Ross Bozarth, Esq. (Bar No. 179171)
rbozarth@gblegal.com
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672
Fax: (916) 714-9031

*Attorneys for Plaintiff Christopher Monroe*