*Counsel for Plaintiff:*
James M. Terrell (Appearance *Pro Hac Vice*)
Email: jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
Email: myancey@mmlaw.net
Patrick C. Marshall (Appearance *Pro Hac Vice*)
Email: pmarshall@mmlaw.net
**Methvin Terrell**
**Yancey, Stephens & Miller, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

Ross Bozarth, Esq. (Bar No. 179171)
Email: rbozarth@gblegal.com
**Guenard & Bozarth**
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672; Fax: (916) 714-9031

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

CHRISTOPHER T. MONROE,

Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

Case No. 14-CV-05174-EJD

**PLAINTIFF'S MOTION IN LIMINE #9:**

**TO EXCLUDE IMPROPER CHARACTERIZATION OF PLAINTIFF OR INFLAMMATORY RHETORIC AT TRIAL**

Date: April 5, 2018
Time: 11:00 a.m.
Ctrm.: 4
Judge: Hon. Edward J. Davila

**NOTICE OF MOTION AND MOTION**

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 5, 2018, or as soon thereafter as this matter may be heard before Honorable Edward J. Davila, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 4, 5th Floor, 280 South First Street, San Jose, California 95113, Plaintiff will and hereby does respectfully move this Court for an Order excluding improper characterizations or inflammatory rhetoric to refer to Plaintiff at trial, including, but not limited to referring to Plaintiff as a "convicted felon", "felon", "drug user", or "criminal" or that Plaintiff had or used a "burner phone".

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete pleadings, filings and records in this action, and such other arguments and authorities as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AN AUTHORITIES**

The Court should prohibit Defendant and its witnesses' use of inflammatory rhetoric at trial, including, but not limited to referring to Plaintiff as a "convicted felon", "felon", "drug user", or "criminal", or that Plaintiff had or used a "burner phone" which serves no legitimate purpose, but is intended solely to inflame the jury and unfairly prejudice Plaintiff. Fed. R. Evid. 402, 403, and 404.

First, inflammatory rhetoric has no place in any trial. And, its use would be particularly inappropriate and confusing here given the lack of relevance to the issue at hand – whether Geico's denial of Mr. Monroe's insurance claim based on his failure to provide his prepaid cell phone records was in bad faith and in breach of the insurance contract. Fed. R. Evid. 401.

Second, particularly because inflammatory rhetoric has no probative value, real dangers of unfair prejudice, confusion, and misleading the jury tip the balance sharply in favor of its exclusion. Fed. R. Evid. 403. Inflammatory rhetoric is the classic example of "suggest[ing] decision on an

improper basis, commonly, though not necessarily, an emotional one." *Id.*, 1972 Advisory Committee Note. Inappropriate epithets such as "convicted criminal" or "convicted felon" are by their very nature inflammatory, and their only purpose is to smear Plaintiff and prejudge his relief on grounds other than the merits of this case. *See, e.g.*, *U.S. v. Basham*, 561 F.3d 302, 327 (4th Cir. 2009) (unfair prejudice occurs when evidence lures "the factfinder into declaring guilt on a ground different from proof specific to the offense charged"); *Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1150 (9th Cir. 2001) (although racial discrimination was relevant to the case, "racially inflammatory comments" were improper, and "went well beyond the limits of legitimate advocacy").

Third, any suggestion the Plaintiff is a "convicted criminal" or "drug user" is improper evidence of purported wrong acts which is inadmissible to prove that on this particular occasion, Plaintiff acted in accordance with that character. Fed. R. Evid. 404.

Additionally, any use of the term "burner phone" or suggestion that Plaintiff had or used a "burner phone" instead of referring to the actual terminology for Plaintiff's cell phone – a "pre-paid cell phone" would be inflammatory, contrary to the evidence, unfairly prejudicial, and mislead the jury. Fed R. Evid. 403. Defendant's anticipated use of this term would also improperly attack Plaintiff's character by associating the negative connotation linked to the term "burner phone" to that of Plaintiff and suggesting that Plaintiff must engage in bad acts requiring the use of a "burner phone". Fed. R. Evid. 404. Instead, Defendant should refer to the correct and unprejudicial terminology, a "pre-paid cell phone".

For the reasons stated above, Plaintiff respectfully requests that this Court grant its motion *in limine* excluding improper characterizations or inflammatory rhetoric to refer to Plaintiff at trial, including, but not limited to referring to Plaintiff as a "convicted felon", "felon", "drug user", or "criminal."

Dated: March 22, 2018

Respectfully submitted,

**By:** /s/________________________
Patrick C. Marshall

**METHVIN TERRELL**
**YANCEY, STEPHENS & MILLER, P.C.**
Patrick C. Marshall (Appearance *Pro Hac Vice*)
pmarshall@mmlaw.net
James M. Terrell (Appearance *Pro Hac Vice*)
jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
myancey@mmlaw.net
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199;
Fax: (205) 939-0399

**GUENARD & BOZARTH**
Ross Bozarth, Esq. (Bar No. 179171)
rbozarth@gblegal.com
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672
Fax: (916) 714-9031

*Attorneys for Plaintiff Christopher Monroe*