Richard Garcia (State Bar No. 198185)
*rgg@manningllp.com*
Alexandra Seibert (State Bar No. 283008)
*acs@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
333 Bush Street, 27th Floor
San Francisco, California 94104
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 14-CV-05174-EJD<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 1: TO EXCLUDE ANY REFERENCE TO THE REQUEST OF CELL PHONE RECORDS BEING A VIOLATION OF ANY STATUTE, CODE OR REGULATION** |

TO PLAINTIFF CHRISTOPHER T. MONROE AND HIS ATTORNEY OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT Defendant GEICO GENERAL INSURANCE COMPANY hereby moves this Court, in limine, to order Plaintiff CHRISTOPHER T. MONROE, his attorney, and his witnesses, regarding the following:

1. An order to exclude any reference to the request of cell phone records being a violation of any statute, code or regulation.

This motion is based upon this notice of motion, the attached Memorandum of Points and Authorities, all pleadings and records on file herein, and upon such further documents, evidence, and arguments as may be permitted at the time of the hearing on this motion.



MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

DATED: March 22, 2018

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Richard G. Garcia*
Richard Garcia
Alexandra Seibert
Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

**MOTION IN LIMINE NO. 1: TO EXCLUDE REFERENCES THAT THE REQUEST OF CELL PHONE RECORDS VIOLATES OF ANY STATUTE, CODE OR REGULATION**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This case arises from the purported theft of a Lexus owned by Plaintiff Christopher T. Monroe. After the theft, Monroe filed a claim with Defendant GEICO General Insurance Company ("GEICO"), the insurer of the Lexus. Because the theft occurred within 24 hours of the inception of the policy, the claims examiner referred the matter to GEICO's Special Investigative Unit ("SIU"). After Defendant failed to produce his cell phone records as requested by the investigator, GEICO denied Monroe's claim.

GEICO anticipates that Monroe may argue at trial that GEICO's request for his cell phone records violated a statute, rule, or regulation. However, this Court has already determined that GEICO's request did not, and as a result, GEICO seeks an order in limine excluded references that GEICO's request for Monroe's cell phone records violated a statute, code, or regulation.

**II. THIS COURT HAS ALREADY DETERMINED THAT GEICO'S REQUEST FOR CELL PHONE RECORDS DID NOT VIOLATE ANY STATUTE, CODE, OR REGULATION**

Federal Rule of Evidence 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In its order granting in part and denying Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment, Doc. 74, this Court found the following:

> In the course of the investigation, Geico decided that it needed Monroe's cell records. Geico's request for Monroe's cell records was not unreasonable, much less evidence of fraud, in light of the circumstances surrounding the loss of Monroe's vehicle. Further, [the investigator] gave Monroe guidance on how to obtain his cell records from his cell carrier and advised him that Geico often pays for the cost of upgrading cell service. Geico also gave Monroe multiple reminders that it needed his cell records and that he was contractually obligated to cooperate and assist in the investigation.

Doc. 74 at 10.



MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

Monroe argued that GEICO's business practices, including its request for his cell phone records, was a fraudulent business practice under California Business and Professions Code section 17200. This court disagreed, noting that such a request is not prohibited by California Insurance Code section 790.03, which delineates proscribed insurance practices, nor by any other California code section cited by Monroe. Doc. 74 at 13-14.

Accordingly, as this Court has already determined that GEICO's request of Monroe's cell phone records does not violate any statute, code, or regulation cited by him, the introduction of evidence or references to the contrary risks confusing the issues, misleading the jury, and wasting time. Fed. R. Evid. 403. GEICO therefore seeks an order in limine excluding any reference to the request of cell phone records being a violation of any statute, code or regulation, as any such reference

**III. CONCLUSION**

Based on the foregoing, it is respectfully requested that any reference to the request of cell phone records being a violation of any statute, code or regulation be excluded from trial in this case.

DATED: March 22, 2018

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Richard G. Garcia*
Richard Garcia
Alexandra Seibert
Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY