Richard Garcia (State Bar No. 198185)
*rgg@manningllp.com*
Alexandra Seibert (State Bar No. 283008)
*acs@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
333 Bush Street, 27th Floor
San Francisco, California 94104
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 14-CV-05174-EJD<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 2: TO EXCLUDE REFERENCES TO BAD FAITH ON THE PART OF DEFENDANT IN INVESTIGATING AND DENYING MONROE'S CLAIM** |

TO PLAINTIFF CHRISTOPHER T. MONROE AND HIS ATTORNEY OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT Defendant GEICO GENERAL INSURANCE COMPANY hereby moves this Court, in limine, to order Plaintiff CHRISTOPHER T. MONROE, his attorney, and his witnesses, regarding the following:

1. An order to exclude any reference to bad faith on the part of Defendant when investigating or denying his insurance claim.

This motion is based upon this notice of motion, the attached Memorandum of Points and Authorities, all pleadings and records on file herein, and upon such further documents, evidence, and arguments as may be permitted at the time of the hearing on this motion.



MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

DATED: March 22, 2018

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Richard G. Garcia*
Richard Garcia
Alexandra Seibert
Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

**MOTION IN LIMINE NO. 2: TO EXCLUDE REFERENCES TO BAD FAITH ON THE PART OF DEFENDANT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This case arises from the purported theft of a Lexus owned by Plaintiff Christopher T. Monroe. After the theft, Monroe filed a claim with Defendant GEICO General Insurance Company ("GEICO"), the insurer of the Lexus. Because the theft occurred within 24 hours of the inception of the policy, the claims examiner referred the matter to GEICO's Special Investigative Unit ("SIU"). After Defendant failed to produce his cell phone records as requested by the investigator, GEICO denied Monroe's claim.

On July 28, 2017, Plaintiff filed his First Amended Complaint ("FAC") bringing claims for: (1) Breach of Contract, (2) Unlawful, Unfair and Fraudulent Business Practices (Cal. Bus. & Prof. Code section 17200, et. seq.), (3) Fraud, and (4) Declaratory Relief. Doc. 51. Monroe has indicated that a disputed legal issue for trial is whether GEICO engaged in bad faith in investigating and denying Plaintiff's insurance claim, even though this allegation was not raised in his FAC, and "bad faith" is an entirely separate cause of action. Consequently, GEICO seeks an order in limine excluding any reference to bad faith on the part of GEICO in investigating and denying Monroe's claim.

## II. THE COURT MUST EXCLUDE ANY REFERENCES TO BAD FAITH ON THE PART OF GEICO

Federal Rule of Evidence 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Whether GEICO acted in bad faith when it investigated and denied Plaintiff's insurance claim is not an issue that has been previously raised in this case, in the pleadings or otherwise. "Bad faith" is an entirely separate cause of action from those asserted by Plaintiff in his FAC. *See Bosetti v. United States Life Ins. Co.*, 175 Cal.App.4th 1208, 1235 (Cal. Ct. App. 2009) ("The term 'bad faith,' as used



MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

in the context of an insured's claim against his or her insurer, is simply a shorthand reference to a claimed breach by the insurer of the covenant of good faith and fair dealing that is implied in every contract of insurance").

Injecting the issue of bad faith into trial would create a danger of prejudice, confusing the issues, misleading the jury, and causing undue delay. Fed. R. Evid. 403. GEICO therefore seeks and order in limine excluding any references to bad faith on the part of GEICO in investigating and denying Plaintiff's insurance claim.

## III. CONCLUSION

Based on the foregoing, it is respectfully requested that any reference to GEICO's bad faith in investigating and denying Plaintiff's insurance claim be excluded from trial.

DATED: March 22, 2018

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Richard G. Garcia*
Richard Garcia
Alexandra Seibert
Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY



MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW