Richard Garcia (State Bar No. 198185)
*rgg@manningllp.com*
Alexandra Seibert (State Bar No. 283008)
*acs@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
333 Bush Street, 27th Floor
San Francisco, California 94104
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 14-CV-05174-EJD<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 5: TO EXCLUDE ALL REFERENCES TO ARGUMENTS THAT PLAINTIFF WAS EXCUSED FROM PROVIDING HIS CELL PHONE RECORDS** |

TO PLAINTIFF CHRISTOPHER T. MONROE AND HIS ATTORNEY OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT Defendant GEICO GENERAL INSURANCE COMPANY hereby moves this Court, in limine, to order Plaintiff CHRISTOPHER T. MONROE, his attorney, and his witnesses, regarding the following:

1. An order excluding all references to arguments that Plaintiff was excused from providing his cell phone records to GEICO because they were not available.

This motion is based upon this notice of motion, the attached Memorandum of Points and Authorities, all pleadings and records on file herein, and upon such further documents, evidence, and arguments as may be permitted at the time of the hearing on this motion.



MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

DATED: March 22, 2018

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Richard G. Garcia*
Richard Garcia
Alexandra Seibert
Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

**MOTION IN LIMINE NO. 4: TO EXCLUDE ALL REFERENCES TO ARGUMENTS THAT PLAINTIFF WAS EXCUSED FROM PROVIDING HIS CELL PHONE RECORDS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This case arises from the purported theft of a Lexus owned by Plaintiff Christopher T. Monroe. After the theft, Monroe filed a claim with Defendant GEICO General Insurance Company ("GEICO"), the insurer of the Lexus. Because the theft occurred within 24 hours of the inception of the policy, the claims examiner referred the matter to GEICO's Special Investigative Unit ("SIU"). After Defendant failed to produce his cell phone records as requested by the investigator, GEICO denied Monroe's claim. GEICO's final denial letter, dated April 10, 2014, stated that Monroe's claim was denied because he failed to cooperate with GEICO's investigation when he did not turn over cell phone records as requested. Doc. 59 at 111-112.

Monroe may argue that he was excused from providing cell phone records to GEICO because they were unavailable, and therefore GEICO breached its contract with him by denying his claim on the basis of Monroe's failure to provide cell phone records. However, in his First Amended Complaint ("FAC"), Plaintiff did not assert that he was excused from providing cell phone records to GEICO on the ground that the records were unavailable. Doc. 51. GEICO therefore seeks an order in limine excluding all references to arguments that plaintiff was excused from providing his cell phone records.

## II. THE COURT MUST EXCLUDE ALL REFERENCES TO ARGUMENTS THAT PLAINTIFF WAS EXCUSED FROM PROVIDING HIS CELL PHONE RECORDS

"To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) plaintiff's performance of the contract or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to the plaintiff." *Richman v. Hartley*, 224 Cal.App.4th 1182, 1186 (Cal. Ct. App. 2014). " '[E]xcuses must be pleaded specifically.' " *Hale v. Sharp Healthcare*, 183 Cal.App.4th 1373, 1388 (Cal. Ct. App. 2010).

Here, Monroe has not pleaded specifically (or even at all) that he is excused from performance due to the unavailability of the cell phone records requested by GEICO. "It is elementary a plaintiff suing for breach of contract must prove it has performed all conditions on its part or that it was



MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

excused from performance." *Consolidated World Investments, Inc. v. Lido Preferred Ltd.*, 9 Cal.App.4th 373, 380 (Cal. Ct. App. 1992). Because Plaintiff has not proved, or even pleaded, that he should be excused from performance, he cannot now claim that his failure to provide cell phone records was excused.

**III. CONCLUSION**

Based on the foregoing, it is respectfully requested that all references to arguments that plaintiff was excused from providing his cell phone records be excluded from trial.

DATED: March 22, 2018

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Richard G. Garcia*
Richard Garcia
Alexandra Seibert
Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW