Richard Garcia (State Bar No. 198185)
*rgg@manningllp.com*
Alexandra Seibert (State Bar No. 283008)
*acs@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
333 Bush Street, 27th Floor
San Francisco, California 94104
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 14-CV-05174-EJD<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE NOT CONTAINED IN GEICO'S CLAIM FILE AT THE TIME OF PLAINTIFF'S CLAIM DENIAL**<br><br>Date: April 5, 2018<br>Time: 11:00 a.m.<br>Ctrm.: 4<br>Judge: Hon. Edward J. Davila |

Defendant GEICO GENERAL INSURANCE COMPANY ("GEICO") hereby submits the following Opposition to plaintiff's Motion in Limine No. 1, to exclude evidence not contained in GEICO's claim file at the time of Plaintiff's claim denial.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff's Motion in Limine No. 1 seeks to exclude evidence not contained in GEICO's claim file at the time Plaintiff's claim was denied. Plaintiff does not specifically identify what evidence, if any, GEICO may use at trial. For the reasons that follow, Plaintiff's Motion in Limine No. 1 should



MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

be denied.

## II. PERTINENT FACTS

In connection with his auto theft claim, Plaintiff gave a recorded statement to GEICO's investigator on October 8, 2013, during which he acknowledged having financial challenges at the time he purchased the GEICO policy. Plaintiff was unemployed at the time, and his car payments were in arrears. During the course of its investigation, GEICO confirmed that Monroe was having financial challenges at the time he purchased the policy. [Dkt. 59, p. 25, ¶ 23, Wright Dec.]

During his interview with the investigator, Plaintiff represented that he had been arrested only once, and then, only for possession of a small amount of narcotics, and he had not been on probation or parole. However, contrary to the statements he gave to the investigator, at the time he gave his statement, Plaintiff had suffered convictions for unemployment insurance fraud, theft, possession of a controlled substance, and use of a controlled substance [Dkt 59, pp. 166-203 (Exhs. S,T, U to Maleki Dec.)]; he had been arrested at least eight times [Dkt 59, pp. 122-127, 146-150, 166-171, 199-203 (Exhs. O, Q, S, U to Maleki Dec.)]; he had a long history of felony drug arrests, including arrests for possession for sale of a controlled substance and distribution of a controlled substance [Dkt 59, pp. 199-203 (Exh. U to Maleki Dec.)]; and he had been sentenced to one year on probation [Dkt 59, pp. 172-198 (Exh. T to Maleki Dec.)].

Moreover, Plaintiff did not disclose to GEICO that he had multiple cell phone accounts, but bank records Plaintiff sent to GEICO revealed payments to two different cell phone providers during the period for which GEICO requested cell phone records. [Dkt. 59, p. 49, Ex. B to Grothen Dec.]

GEICO learned all of the aforementioned information prior to its second denial letter [Dkt. 59, p. 114, Ex. L to Quinto Decl.], which was sent to Monroe on May 6, 2014.

## III. THE COURT MUST DENY PLAINTIFF'S MOTION IN LIMINE NO. 1

The crux of Plaintiff's claim in this case is that GEICO had no legitimate reason to request his cell phone records, and therefore GEICO fraudulently denied his theft claim due to noncompliance with its investigation. If an insured misrepresents or conceals material facts in connection with the investigation of a loss (as opposed to in connection with the application for insurance), the insurer is excused from indemnifying the insured, even if the misrepresentation or concealment was not made



MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

with an explicit intent to defraud the insurer. An intent to defraud is inferred when the misrepresentation or concealment is material and willfully made with knowledge of its falsity. *Cummings v. Farmers Ins. Exchange* (1988) 202 Cal.App.3d 1407, 1416-1417; *Herbert v. State Farm Mut. Auto. Ins. Co*. (9th Cir. 2010) 362 Fed. Appx. 748, 2010 U.S. App. LEXIS 1240; *Karkar v. State Farm Gen. Ins. Co*. (N.D. 2015) 2015 U.S. Dist. LEXIS 97105; *Brizuela v. Calfarm Ins. Co.*, 116 Cal.App.4th 578, 589 (2004) (failure to comply with policy provisions requiring examination under oath and production of documents generally results in forfeiture of coverage, relieving the insurer of liability to pay and providing absolute defense to action on the policy). *Id.* at 1085.

In order to recover on a claim for breach of the insurance contract, it is Plaintiff's burden to prove that he met the contractual conditions for coverage. One of the conditions of Plaintiff's coverage required him to cooperate and assist GEICO with the investigation of an occurrence and with securing and giving evidence. [Dkt. 59, p. 294, Ex. BB to Muhlstein Dec.] Plaintiff did not cooperate with the investigation, and therefore did not meet the contractual conditions for coverage, by failing to provide requested records or to disclose the existence of multiple cell phone accounts, which Plaintiff knew about at the time. [Dkt. 59, p. 49, Ex. B to Grothen Dec.] All of this information was known to GEICO at the time it denied Plaintiff's insurance claim.

Contrary to Plaintiff's contention, and as this already Court recognized when it granted in part, and denied in part, summary judgment, GEICO had in its possession numerous "red flags" suggesting fraud during the investigation of Plaintiff's claim. [Dkt. 74 at 12.] Such "red flags" may have included: Plaintiff filed a claim within 24 hours of the inception of the policy, which he purchased after a lengthy period of being uninsured; Plaintiff could not provide cell phone records to corroborate his account to the investigator; and Plaintiff did not check on his car after a key to the car was stolen from his home during a burglary. This Court observed that GEICO was entitled to investigate the theft in light of these "red flags." [Dkt. 74 at 12.] That Plaintiff was not forthright throughout the investigation amounts to failing to cooperate with the investigation, and therefore, any evidence that Plaintiff concealed or misrepresented certain material facts is relevant and admissible. *See Valladao v. Fireman's Fund Indem. Co.*, 13 Cal.2d 322, 330 (1939) (holding that the insured "breached the cooperation clause of his policy by knowingly, wilfully and repeatedly misrepresenting" material

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

facts).

Furthermore, it is therefore unclear what information Plaintiff is referring to that is the subject of his Motion in Limine No. 1. Consequently, the motion should be denied. *See Weiss v. La Suisse, Societe d'Assurances sur la Vie*, 293 F.Supp.2d 397, 407-408 (S.D.N.Y. 2003) (denying motion in limine because it "lacks sufficient specificity with respect to the evidence to be excluded. … No particular documents or testimony have been identified in this motion"); *Feezor v. Golden Bear Rest. Group, Inc.*, No. 09-CV-03324, 2012 U.S. Dist. LEXIS 97074, at *2 (E.D. Cal. July 11, 2012) (denying motion in limine because "it is unclear what evidence is involved in this motion").

**IV. CONCLUSION**

For the foregoing reasons, GEICO respectfully requests that the Court deny Plaintiff's Motion in Limine No. 1.

DATED: March 26, 2018

Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Richard G. Garcia
Richard G. Garcia
Alexandra Seibert
Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY