Richard Garcia (State Bar No. 198185)
*rgg@manningllp.com*
Alexandra C. Seibert (State Bar No. 283008)
*acs@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
333 Bush Street. 27th Floor
San Francisco, California 94104
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for GEICO GENERAL INSURANCE COMPANY

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 14-CV-05174-EJD<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF PLAINTIFF'S PRIOR FELONY ARRESTS, CHARGES OR CONVICTION**<br><br>Date: April 5, 2018<br>Time: 11:00 a.m.<br>Ctrm.: 4<br>Judge: Hon. Edward J. Davila |

Defendant GEICO GENERAL INSURANCE COMPANY ("Geico") hereby submits the following Opposition to plaintiff's Motion in Limine No. 2, to exclude evidence of plaintiff's prior felony arrests, charges or conviction.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

By his second motion in limine, plaintiff seeks to exclude his felony arrests, charges and conviction. His motion apparently applies to the following: (1) his conviction for felony possession of

methamphetamine on August 25, 2010; (2) his felony arrest for possession for sale of controlled substances formerly classified as restricted dangerous drugs on an unknown date (H&S Code § 11378); (3) his felony arrest for transportation, sale or distribution of controlled substances formerly classified as restricted dangerous drugs on an unknown date (H&S Code § 11379); and possibly (4) his arrest on May 1, 2014 for carrying a concealed dirk or dagger, which can be prosecuted as either a felony or a misdemeanor.[1]

## II. PERTINENT FACTS

In connection with his auto theft claim, plaintiff gave a Recorded Statement to Geico's investigator on October 8, 2013, in which he stated that he had been arrested only once, and only for possession of a small amount of drugs, not for trafficking, and that he had never been on probation or parole (Exh. C to Wright Dec. at pp. 14, 15).

However, ***contrary to the statements he gave to the investigator***, at the time he gave his statement, plaintiff was a convicted felon with convictions for unemployment ***insurance fraud, theft,*** possession of a controlled substance, and use of a controlled substance [Dkt 59, pp. 166-203 (Exhs. S,T, U to Maleki Dec.)]; he had been arrested at least eight times [Dkt 59, pp. 122-127, 146-150, 166-171, 199-203 (Exhs. O, Q, S, U to Maleki Dec.)]; he had a long history of felony drug arrests, including arrests for ***possession for sale*** of a controlled substance and ***distribution*** of a controlled substance [Dkt 59, pp. 199-203 (Exh. U to Maleki Dec.)]; and he had been sentenced to one year on probation [Dkt 59, pp. 172-198 (Exh. T to Maleki Dec.)].

In addition, plaintiff told the investigator that he that he voluntarily revealed the one drug arrest he

[1] Geico first learned of the criminal records that contradict the statements plaintiff made in his Recorded Statement after it denied plaintiff's claim. Contrary to plaintiff's assertion, there was no "clever wording" designed to lead the court to believe that Geico possessed these records prior to denying plaintiff's claim. [Dkt 81, p. 4: 2-3.] The declaration pursuant to which the evidence was submitted stated, "A records check **conducted by the Santa Clara Police Department** in connection with an arrest of plaintiff on May 1, 2014 (after plaintiff's recorded statement) for carrying a concealed weapon revealed that plaintiff was convicted of felony possession of a controlled substance on August 25, 2010 and that he had had felony arrests for possession of a controlled substance for sale and for transportation, sale or distribution of a controlled substance and misdemeanor convictions for use of a controlled substance, vandalism, petty theft, and unemployment insurance fraud." [Dkt 59, p. 121: 15-22.] In addition, the Santa Clara police document, reflecting the results of the records check was submitted as an exhibit. [Dkt 59: 199-203.]



MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

admitted during his statement " 'cause I'm honest." [Dkt 59, pp. 72-73 (Recorded Statement, Exh. C to Wright Dec).]

## III. PLAINTIFF'S FELONY ARREST, CHARGES, AND CONVICTION ARE RELEVANT TO THE MERITS OF THE ACTION.

Plaintiff brings claims against Geico for breach of contract and unfair business practices under California Business & Professions Code section 17200 et seq., based on the allegedly wrongful denial of this claim.

However, Geico's contractual obligation to pay insurance policy proceeds does not arise until plaintiff complies with his obligations under the policy to submit reasonably requested information. *Globe Indem. Co. v. Superior Court* (1992) 6 Cal.App.4th 725, 731. Given the multiple indicators of possible fraud in connection with plaintiff's claim,[2] Geico reasonably requested information regarding plaintiff's criminal background in the course of the Recorded Statement. However, plaintiff lied and denied any significant criminal background, when in fact he had a substantial criminal background.

If an insured misrepresents or conceals material facts in connection with the investigation of a loss (as opposed to in connection with the application for insurance), the insurer is excused from indemnifying the insured, even if the misrepresentation or concealment was not made with an explicit intent to defraud the insurer. An intent to defraud is inferred when the misrepresentation or concealment is material and willfully made with knowledge of its falsity. *Cummings v. Farmers Ins. Exchange* (1988) 202 Cal.App.3d 1407, 1416-1417; *Herbert v. State Farm Mut. Auto. Ins. Co*. (9th Cir. 2010) 362 Fed. Appx. 748, 2010 U.S. App. LEXIS 1240; *Karkar v. State Farm Gen. Ins. Co*. (N.D. 2015) 2015 U.S. Dist. LEXIS 97105; *Brizuela v. Calfarm Ins. Co.*, 116 Cal.App.4th 578, 589 (2004) (failure to comply with policy provisions requiring examination under oath and production of documents generally results in forfeiture of coverage, relieving the insurer of liability to pay and providing absolute defense to action on the policy). *Id.* at 1085.

In order to recover on a claim for breach of the insurance contract, it is plaintiff's burden to

---

[2] Plaintiff made a total loss theft claim within 24 hours of obtaining the shortest term insurance on the most expensive of his cars, after being uninsured for a month. He had acknowledged financial difficulties. His recitation of the circumstances of the alleged theft included the suspicious circumstances of having parked the vehicle away from his home and failing to check on it after the theft of a key to the car.



MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

prove that he met the contractual conditions for coverage. Accordingly, whether he misrepresented or concealed material facts in connection with the investigation of the loss is relevant. Contrary to the thesis of plaintiff's motion in limine, Geico is not restricted to evidence bearing on denial of the claim for failure to cooperate by providing cell phone records where plaintiff fails to meet his precedent contractual duty to provide reasonably requested information. Evidence that plaintiff lied in response to reasonable questions to which he was asked to respond in his Recorded Statement is relevant to the merits of plaintiff's breach of contract claim.

A claim for unfair business practices under Business & Professions Code section 17200 is an equitable action, and equitable defenses may be considered by the court. *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 173, 179-180 (2000) ("equitable considerations may enter into the court's disposition of a UCL action"). Evidence that plaintiff lied in response to reasonable questions in his Recorded Statement is also therefore also relevant to the merits of his Business & Professions Code section17200 claim, because such a claim is an equitable claim. Evidence that plaintiff lied and concealed material information from Geico during the course of the investigation is relevant to the issue of whether plaintiff has the clean hands that warrant equitable relief.

Plaintiff's criminal history is also relevant because California courts require a showing that the insurer was prejudiced in its investigation by the insured's failure to cooperate in order to void the policy. *Gilbert v. Infinity Ins. Co.*, 186 F.Supp.3d 1075, 1085-1086 (C.D. Cal. 2016), citing *Abdelhamid v. Fire Ins. Exchange*, 182 Cal.App.4th 990, 999-1001 (2010). Accordingly, the true facts that plaintiff concealed are relevant to show that Geico's investigation was prejudiced by plaintiff's lies and concealment.

## IV. <u>THE COURT HAS ALREADY RULED THAT PLAINTIFF'S CRIMINAL RECORDS ARE MATERIAL</u>.

Geico submitted plaintiff's criminal records in support of its motion for summary judgment/summary adjudication of issues to demonstrate that, in fact, plaintiff had made false statements to Geico and that his failure to cooperate prevented Geico from discovering relevant information. In opposition to Geico's motion for summary judgement/summary adjudication of issues, plaintiff moved the court to strike his criminal records on the grounds that they were immaterial. The court denied plaintiff's motion and considered the records which the court indicated showed that



MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

"Monroe was a convicted felon with convictions for unemployment insurance fraud, theft, possession of a controlled substance, and use of a controlled substance, and that he had been arrested at least eight times." [Dkt 74, p. 7:11-13, fn 5.]

## V. <u>PLAINTIFF'S FELONY DRUG ARRESTS, CHARGES, AND CONVICTIONS ARE ALSO RELEVANT TO HIS CREDIBILITY</u>.

Plaintiff's criminal history is relevant to his credibility both in general as a conviction of a felony, and also because it demonstrates that plaintiff lied to Geico's investigator about his criminal history.

"Any party . . . may attack the witness's credibility." Fed. R. Evid. 607. A party may attack a witness' character for truthfulness by evidence of a criminal conviction. A crime that is punishable by more than one year ***must*** be admitted to attack a witness's credibility, subject to a Rule 403 analysis, if the conviction is less than ten years old. Fed. R. Evid. 609; *See also U.S. v. Colbert*, 116 F.3d 395, 395 (9th Cir. 1997). "Under the Federal rules, evidence that a witness in a civil or criminal trial has been convicted of a felony ***must*** be admitted within ten years of the conviction; after ten years, the conviction is admissible only if its probative value, 'supported by specific facts and circumstances, substantially outweighs its prejudicial effect.'" *United States SEC v. Jensen*, 835 F.3d 1100, 1116-1117 (9th Cir. 2016) [emphasis added]. This includes felony convictions that are the result of no contest pleas. *Brewer v. City of Napa*, 210 F.3d 1093, 1096 (9th Cir. 2000). "Such evidence can be admitted, regardless of whether it deals with truth telling, if it impeaches the credibility of a testifying [party] and the conviction . . . . is not more than 10 years old." *U.S. v. Johnson*, 2015 U.S. Dist. LEXIS 1055518 at p.*30. (N.D. Cal. 2015). Plaintiff's August 25, 2010 conviction for felony possession of a controlled substance must be admitted as bearing on plaintiff's character for truthfulness as a felony conviction less than 10 years old.

Furthermore, plaintiff was questioned about his criminal history and lied to the investigator in his response, denying more than one arrest and claiming that arrest was for an insignificant drug charge, and denying he had ever been on probation or parole. He also claimed that he volunteered the information that he had one drug use arrest because he is "honest." Evidence of his lies goes directly to his credibility. The jury is entitled to hear evidence of plaintiff's felony arrests, charges, and



MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

convictions, which he denied, as part of their credibility evaluation, as the trier of fact. *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987).

## VI. THE PROBATIVE EVIDENCE OF PLAINTIFF'S FELONY ARRESTS, CHARGES, AND CONVICTIONS IS NOT OUTWEIGHED BY UNFAIR PREJUDICE.

Plaintiff argues that his criminal history is highly prejudicial and would confuse the jury and unduly consume time at trial. [Dkt. 81, p. 5:19-25.] These arguments are without merit. Under Rule 403, "the general rule is that the balance should be struck ***in favor of admission***." *See United States v. Augustine*, 663 F.3d 367, 373 (8th Cir. 2011) (emphasis added); *accord, United States v. Sangrey*, 586 F.2d 1312, 1314 (9th Cir. 1978).

The proper question is not whether this evidence is prejudicial, but whether it is *unfairly* prejudicial. It is not. This evidence demonstrates that plaintiff lied to the Geico investigator investigating his claim. They go to the central issues of whether plaintiff complied with the contractual condition for payment of policy proceeds that he cooperate in the investigation of his claim by answering questions truthfully, whether he misrepresented or concealed facts pertinent to the investigation, whether he acted in a fashion that warrants equitable relief, and whether Geico's investigation was prejudiced by plaintiff's lies and concealment. Plaintiff seeks to exclude this evidence because it harms his case. However, he is not entitled to exclude harmful evidence, only ***unfairly prejudicial*** evidence. The probative value of the evidence plaintiff seeks to exclude vastly outweighs any prejudice.

Lastly, inquiring into plaintiff's felony drug arrests, charges and conviction would not result in undue consumption of time. Inquiring into these offenses would require only a few questions at trial and would not take more than a matter of minutes, and whatever time would be required is justified due to the relevance of the evidence to central issues to be decided.

/ / /

/ / /

/ / /

/ / /

/ / /

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

**VII. CONCLUSION**

For the above reasons, the court should not exclude plaintiff's felony arrests, charges and convictions. Further, these matters should not be excluded for purposes of impeachment or rebuttal.

DATED: March 26, 2018

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Richard G. Garcia
Richard G. Garcia
Alexandra Seibert
Attorneys for GEICO GENERAL INSURANCE COMPANY

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW