Richard Garcia (State Bar No. 198185)
*rgg@manningllp.com*
Alexandra Seibert (State Bar No. 283008)
*acs@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
333 Bush Street, 27th Floor
San Francisco, California 94104
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 14-CV-05174-EJD<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF PLAINTIFF'S FINANCIAL CONDITION**<br><br>Date: April 5, 2018<br>Time: 11:00 a.m.<br>Ctrm.: 4<br>Judge: Hon. Edward J. Davila |

Defendant GEICO GENERAL INSURANCE COMPANY ("GEICO") hereby submits the following Opposition to plaintiff's Motion in Limine No. 5, to exclude evidence of Plaintiff's financial condition.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff's Motion in Limine No. 5 seeks to exclude all evidence of his financial condition on the grounds that such evidence is irrelevant and not probative. For the reasons that follow, Plaintiff's Motion in Limine No. 5 should be denied.



MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

## II. PERTIENT FACTS

In connection with his auto theft claim, Plaintiff gave a recorded statement to GEICO's investigator on October 8, 2013, during which he acknowledged having financial challenges at the time he purchased the GEICO policy. Specifically, Plaintiff stated that he was unemployed and had a car payment in arrears. [Dkt. 59, p. 82, Wright Dec. Ex. C] During the course of its investigation, GEICO confirmed that Monroe was "under economic stress" at the time he purchased the policy. [Dkt. 59, p. 25, Wright Dec.¶ 23]

## III. EVIDENCE OF PLAINTIFF'S FINANCIAL CONDITION IS BOTH RELEVANT AND PROBATIVE OF GEICO'S NEED FOR HIS CELL PHONE RECORDS

The crux of Plaintiff's claim in this case is that GEICO had no legitimate reason to request his cell phone records, and therefore GEICO fraudulently denied his theft claim due to noncompliance with its investigation. However, as the Court recognized in its order granting in part, and denying in part, summary judgment, Plaintiff acknowledged he was having financial challenges when he purchased the GEICO policy: He was unemployed, his car payments were in arrears, and his mother was making credit payments for him. [Dkt. 74 at 3.]

As the Court observed in its order regarding summary judgment (and in contrast to Plaintiff's contention that GEICO "possessed zero evidence" of fraud), GEICO determined there were "red flags" suggesting fraud, and GEICO was entitled to conduct an investigation, to include requesting documents and records corroborating Plaintiff's account of his activities on or around the date of the loss. [Dkt. 74 at 12.] Such "red flags" may have included: Plaintiff filed a claim within 24 hours of the inception of the policy, which he purchased after a lengthy period of being uninsured; Plaintiff could not provide cell phone records to corroborate his account to the investigator; and Plaintiff did not check on his car after a key to the car was stolen from his home during a burglary. Courts have "repeatedly" permitted disclosure of financial information where, as here, the insurance company suspects fraud. *See State Farm Mut. Ins. Co. v. Fayda*, No. 14-CV-9792, 2016 U.S. Dist. LEXIS 119487 at *6-7 (S.D.N.Y. Mar. 24, 2016) and cases cited therein; *accord Zell v. Fed. Ins. Co.*, No. 06-250, 2007 U.S. Dist. LEXIS at *16 (W.D. Pa. May 21, 2007) and cases cited therein (insured's financial condition was relevant to whether he had a motive for insurance fraud).



MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

Although evidence of a party's financial condition is generally excluded in order to minimize prejudice to the jury's determination of punitive damages, *see Hangarter v. Paul Revere Life Ins. Co.*, 236 F.Supp.2d 1069, 1095 (N.D. Cal. 2002), such evidence is *not* prejudicial in other contexts. *Id.* For this reason, Plaintiff's reliance on *Sanderson v. Winner*, 507 F.2d 477 (10th Cir. 1974), is misplaced, as that case involved whether the plaintiffs were able to pay the litigation costs attendant to class action litigation—a question irrelevant on the merits of that case. *Id.* at 479-480. Here, as noted, evidence of Plaintiff's financial condition is highly relevant to GEICO's investigation, particularly to determine if Plaintiff had a financial motive to file a false claim.

Plaintiff's financial condition at the time he purchased the policy (and suffered the loss) is not subject to exclusion under Federal Rule of Evidence 403, as the probative value of such evidence greatly outweighs any potential prejudice to Plaintiff. " '[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.' " *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977). Plaintiff has not identified any way in which the admission of evidence of his financial condition would be "unfair," particularly in light of the evidence's probative value.

## IV. CONCLUSION

For the foregoing reasons, GEICO respectfully requests that the Court deny his Motion in Limine No. 5.

DATED: March 26, 2018

Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Richard G. Garcia
Richard G. Garcia
Alexandra Seibert
Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW