Richard Garcia (State Bar No. 198185)
*rgg@manningllp.com*
Alexandra Seibert (State Bar No. 283008)
*acs@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
333 Bush Street, 27th Floor
San Francisco, California 94104
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br>Plaintiff,<br>v.<br>GEICO GENERAL INSURANCE COMPANY,<br>Defendant. | Case No. 14-CV-05174-EJD<br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING THE GENERAL NATURE OF INSURANCE FRAUD OR ITS EFFECT ON DEFENDANT'S INSUREDS**<br>Date: April 5, 2018<br>Time: 11:00 a.m.<br>Ctrm.: 4<br>Judge: Hon. Edward J. Davila |

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

Defendant GEICO GENERAL INSURANCE COMPANY ("GEICO") hereby submits the following Opposition to plaintiff's Motion in Limine No. 6, to exclude evidence of Plaintiff's financial condition.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff's Motion in Limine No. 6 seeks to exclude all evidence or argument of the general nature of insurance fraud, or its effect on GEICO or its insureds. Plaintiff objects to admission of this evidence on the grounds that it is irrelevant and prejudicial. For the reasons that follow, Plaintiff's Motion in Limine No. 6 should be denied.

**II. EVIDENCE OF THE GENERAL NATURE OF INSURANCE FRAUD IS RELEVANT TO THE REASONABLENESS OF GEICO'S REQUEST FOR PLAINTIFF'S CELL PHONE RECORDS**

Federal Rule of Evidence 403 permits the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

" '[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.' " *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977).

If an insured misrepresents or conceals material facts in connection with the investigation of a loss (as opposed to in connection with the application for insurance), the insurer is excused from indemnifying the insured, even if the misrepresentation or concealment was not made with an explicit intent to defraud the insurer. An intent to defraud is inferred when the misrepresentation or concealment is material and willfully made with knowledge of its falsity. *Cummings v. Farmers Ins. Exchange* (1988) 202 Cal.App.3d 1407, 1416-1417; *Herbert v. State Farm Mut. Auto. Ins. Co*. (9th Cir. 2010) 362 Fed. Appx. 748, 2010 U.S. App. LEXIS 1240; *Karkar v. State Farm Gen. Ins. Co*. (N.D. 2015) 2015 U.S. Dist. LEXIS 97105; *Brizuela v. Calfarm Ins. Co.*, 116 Cal.App.4th 578, 589 (2004) (failure to comply with policy provisions requiring examination under oath and production of documents generally results in forfeiture of coverage, relieving the insurer of liability to pay and





MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

providing absolute defense to action on the policy). *Id.* at 1085. That Plaintiff was not forthright throughout the investigation amounts to failing to cooperate with the investigation, and therefore, any evidence that Plaintiff concealed or misrepresented certain material facts is relevant and admissible. *See Valladao v. Fireman's Fund Indem. Co.*, 13 Cal.2d 322, 330 (1939) (holding that the insured "breached the cooperation clause of his policy by knowingly, wilfully and repeatedly misrepresenting" material facts)

In order to recover on a claim for breach of the insurance contract, it is Plaintiff's burden to prove that he met the contractual conditions for coverage—including cooperating with GEICO's investigation. Whether GEICO and its investigators suspected fraud, and therefore reasonably asked for corroborating evidence in connection with its investigation, is a key issue in this case that must be reserved for the jury, as it is expected Plaintiff will argue that GEICO had no reason to request his cell phone records. Although Plaintiff contends that GEICO possessed "zero evidence" of fraud, this Court found otherwise, observing in its order regarding summary judgment that GEICO determined there were "red flags" suggesting fraud, and that GEICO was entitled to conduct an investigation, to include requesting documents and records corroborating Plaintiff's account of his activities on or around the date of the loss. [Dkt. 74 at 12.] Such "red flags" may have included: Plaintiff filed a claim within 24 hours of the inception of the policy, which he purchased after a lengthy period of being uninsured; Plaintiff could not provide cell phone records to corroborate his account to the investigator; and Plaintiff did not check on his car after a key to the car was stolen from his home during a burglary. Notably, GEICO ***did*** suspect fraud, and attempted to investigate, but was stymied by Plaintiff's non-cooperation. Pl.'s Motion in Limine No. 6, Ex. B, Depo. of Lon Grothen, p.87:9-11 ("We suspected fraud. We tried to do an investigation, and then denied coverage because [Plaintiff] didn't cooperate with the investigation"). An intent to defraud can therefore be inferred from the circumstances. *Cummings*, 202 Cal.App.3d at 1416-1417.

Any prejudicial effect owing to this evidence is therefore outweighed by its probative value. Moreover, Plaintiff will have an opportunity for cross-examination on this issue, allowing him to mitigate any potential prejudice. *See United States v. McElroy*, 587 F.3d 73, 83 (1st Cir. 2009) (affirming district court's admission testimony of IRS agents in tax fraud case as probative of

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

defendants' knowledge of their tax obligations and the defendants would have the opportunity to cross-examine the agents).

**III. CONCLUSION**

For the foregoing reasons, GEICO respectfully requests that the Court deny Plaintiff's Motion in Limine No. 6.

DATED: March 26, 2018

Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Richard G. Garcia
Richard G. Garcia
Alexandra Seibert
Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY