*Counsel for Plaintiff:*
James M. Terrell (Appearance *Pro Hac Vice*)
Email: jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
Email: myancey@mmlaw.net
Patrick C. Marshall (Appearance *Pro Hac Vice*)
Email: pmarshall@mmlaw.net
**Methvin Terrell**
**Yancey, Stephens & Miller, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

Ross Bozarth, Esq. (Bar No. 179171)
Email: rbozarth@gblegal.com
**Guenard & Bozarth**
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672; Fax: (916) 714-9031

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 14-CV-05174-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1: TO EXCLUDE ANY REFERENCE TO THE REQUEST OF CELL PHONE RECORDS BEING A VIOLATION OF ANY STATUTE, CODE OR REGULATION**<br><br>Date: April 5, 2018<br>Time: 11:00 a.m.<br>Ctrm.: 4<br>Judge: Hon. Edward J. Davila |

COMES NOW Plaintiff Christopher T. Monroe ("Mr. Monroe") and submits this Opposition to Defendant Geico General Insurance Company's ("Geico") Motion in Limine No. 1: To Exclude Any Reference to the Request of Cell Phone Records Being a Violation of Any Statute, Code or Regulation.

## I. INTRODUCTION

On September 25, 2013, Geico issued an automobile insurance policy to Plaintiff, Christopher T. Monroe ("Mr. Monroe") for his 2006 white Lexus GS300. Plaintiff paid Geico the initial premium on the policy to insure his Lexus that same day. On September 26, 2013, Plaintiff's vehicle was stolen from its parked location. At the time of the theft of his vehicle, Plaintiff's vehicle was insured by Geico under his active policy. After discovering that his vehicle had been stolen, Plaintiff promptly reported the theft to the local police department and filed a timely claim with Geico for the theft of his vehicle. Shortly thereafter, Geico began its investigation of Plaintiff's claim. Plaintiff's claim was denied for the final time on May 29, 2014 solely because Plaintiff did not provide his pre-paid cell phone records.

## II. ARGUMENT IN OPPOSITION

Geico requests that this Court exclude references that its request of cell phone records violates any statute, code or regulation. In support of its motion, Geico relies solely on this Court's Summary Judgement Order [Dkt. 74] and states that his Court has already determined that Geico's request does not violate any statute, code or regulation cited by Plaintiff. (*See* Def's MIL, p. 4). Geico is incorrect.

In its Order, the Court specially denied Geico's motion for summary judgment as to the "unfair" prong of Plaintiff's 17200 Claim. (Dkt. 74, pp. 14-15, "Monroe's personal account of his attempt to obtain his cell records coupled with T-Mobile letter raise a triable issue regarding whether Geico unfairly denied Monroe's claim based on his inability to produce cell records that either did not exist or were not available. Geico's motion is denied with respect to the unfair business practices prong of Monroe's Section 17200 claim."). Therefore, this Court has not "determined" that Geico's request of cell phone records does not violate any statute, code, or regulation – specifically Cal. Business & Professions Code Section 17200, et seq. Instead, it determined that whether Geico'

unfairly denied Mr. Monroe's claim based on his inability to produce the requested cell phone records is a triable issue. Mr. Monroe should not be precluded from presenting evidence of this at trial.

Additionally, the probative value of this evidence substantially outweighs any purported prejudice to Geico. Fed. R. Evid. 403. Additionally, any argument the Geico's request for Mr. Monroe's pre-paid cell phones violated Section 17200 will not confuse the issues, waste time, or mislead the jury, but instead educate the jury as to one of the claims at issue in this case which the jury will ultimately be asked to decide. This evidence is clearly relevant here and should not be excluded. Fed. R. Evid. 401 and 402.

For the foregoing reasons, Plaintiff asks the Court for an order denying Defendant's Motion in Limine No. 1.

Dated: March 26, 2018

Respectfully submitted,

**By:** /s/ Patrick C. Marshall
Patrick C. Marshall

**METHVIN TERRELL**
**YANCEY, STEPHENS & MILLER, P.C**.
Patrick C. Marshall (Appearance *Pro Hac Vice*)
pmarshall@mmlaw.net
James M. Terrell (Appearance *Pro Hac Vice*)
jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
myancey@mmlaw.net
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

**GUENARD & BOZARTH**
Ross Bozarth, Esq. (Bar No. 179171)
rbozarth@gblegal.com
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672
Fax: (916) 714-9031

*Attorneys for Plaintiff Christopher Monroe*

**PROOF OF SERVICE**

The undersigned certifies that on March 26, 2018, he caused this document to be electronically filed with the Clerk of the Court using the EM/ECF system, which will send notification of filing to counsel or record for each party.

/s/ Patrick C. Marshall
OF COUNSEL