*Counsel for Plaintiff:*
James M. Terrell (Appearance *Pro Hac Vice*)
Email: jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
Email: myancey@mmlaw.net
Patrick C. Marshall (Appearance *Pro Hac Vice*)
Email: pmarshall@mmlaw.net
**Methvin Terrell**
**Yancey, Stephens & Miller, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

Ross Bozarth, Esq. (Bar No. 179171)
Email: rbozarth@gblegal.com
**Guenard & Bozarth**
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672; Fax: (916) 714-9031

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 14-CV-05174-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2: TO EXCLUDE REFERENCES TO BAD FAITH ON THE PART OF DEFENDANT IN INVESTIGATING AND DENYING MONROE'S CLAIM**<br><br>Date: April 5, 2018<br>Time: 11:00 a.m.<br>Ctrm.: 4<br>Judge: Hon. Edward J. Davila |

COMES NOW Plaintiff Christopher T. Monroe and submits this Opposition Defendant Geico General Insurance Company's ("Geico") Motion in Limine No. 2: To Exclude References to Bad Faith on The Part of Defendant in Investigating and Denying Monroe's Claim.

## I. INTRODUCTION

On September 25, 2013, Geico issued an automobile insurance policy to Plaintiff,

Christopher T. Monroe ("Mr. Monroe") for his 2006 white Lexus GS300. Plaintiff paid Geico the initial premium on the policy to insure his Lexus that same day. On September 26, 2013, Plaintiff's vehicle was stolen from its parked location. At the time of the theft of his vehicle, Plaintiff's vehicle was insured by Geico under his active policy. After discovering that his vehicle had been stolen, Plaintiff promptly reported the theft to the local police department and filed a timely claim with Geico for the theft of his vehicle. Shortly thereafter, Geico began its investigation of Plaintiff's claim. Plaintiff's claim was denied for the final time on May 29, 2014 solely because Plaintiff did not provide his pre-paid cell phone records.

## II. ARGUMENT IN OPPOSITION

Geico's request to exclude references to its bad faith in denying Mr. Monroe's claim lacks any basis for exclusion under the Federal Rules of Evidence and is contrary to the very case law cited by Geico in its *limine* motion. A motion *in limine* "should be granted only if the evidence is clearly not admissible for any purpose. If there is any question on the issue, rather than barring the evidence before trial, the court should reserve ruling on questions of admissibility until they actually arise, in the context of the trial." *Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL 12746232, at *1 (C.D. Cal. Oct. 29, 2015), *clarified on denial of reconsideration*, No. CV 14-4242 SS, 2015 WL 12748277 (C.D. Cal. Nov. 5, 2015).

As an initial matter, Plaintiff's First Amended Complaint asserted a claim for breach of contract, including the implied covenant of good faith and fair dealing inherent in every insurance contract. *See Letizia v. Facebook Inc*., No. 16-cv-062320TEH, 2017 WL 3006950 at *9 (N.D. Cal. July 14, 2017) ("It is well settled in California that "every contract contains an implied covenant of good faith and fair dealing" and that "[a]ll insurance contracts include the implied covenant of good faith and fair dealing.*")*; *Chierfue Her v. State Farm Ins. Co.*, 92 F. Supp. 3d 957, 973 (E.D. Cal. 2015). As this Court noted in its Summary Judgement Order [Dkt. 74, p. 15], a claim for beach of

the implied covenant need not be pled separately. *Guzik Tech Enterprises, Inc. v. Western Digital Corp*., No. 11-3786 PSG, 2013 WL 6227626, at *12 (N.D. Cal. Nov. 22, 2013). "A 'bad faith' claim against an insurer is based on a breach of the implied covenant of good faith and fair dealing, which exists to assure the insurer makes prompt payment of claims to the insured." *Chierfue Her*, at 973. "To establish a bad faith claim against an insurer, the insured must show that: (1) benefits due under the policy were withheld; and (2) the reason for withholding the benefits was unreasonable or without proper cause." *Id.*

As Geico points out in its *limine* motion, [Dkt. 97, pp. 3-4] "the term 'bad faith', as used in the context of an insured's claim against his or her insurer, is simply shorthand reference to a claimed breach by the insurer of the covenant of good faith and fair dealing that is implied in every contract of insurance." *Bosetti v. U.S. Life Ins. Co. in City of New York*, 175 Cal. App. 4th 1208, 1235, 96 Cal. Rptr. 3d 744, 768 (2009). Therefore, Mr. Monroe should not be precluded from referencing "bad faith" in presenting argument and evidence to the jury regarding his claim that Geico breached the implied covenant of good faith and fair dealing – specifically that Geico acted in bad faith by unreasonably withholding the benefits he is due under the policy based solely on pre-paid cell phone records Geico knew he could not provide. Furthermore, Geico's attempts to narrow the issues to be tried through an *in limine* motion is improper and should be dismissed. *Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL 12746232, at *1 (C.D. Cal. Oct. 29, 2015), *clarified on denial of reconsideration*, No. CV 14-4242 SS, 2015 WL 12748277 (C.D. Cal. Nov. 5, 2015) ("A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried."); *see also Chopourian v. Catholic Healthcare West*, 2011 WL 6396500, at *12 (E.D. Cal. Dec. 20, 2011) (court may summarily deny "a substantive motion disguised as a motion in limine").

Geico has offered no explanation or argument as to why reference to Geico's bad faith should be excluded at trial. This is because any reference by Plaintiff to Geico's bad faith is clearly admissible and relevant to the issues in this case, goes directly to establishing a fact of consequence – i.e., whether Geico's denial of Mr. Monroe's claim was unreasonable and in bad faith breach of the implied covenant of good faith and fair dealing – and evidence and argument of this nature should be presented to the jury for consideration. Fed. R. Evid. 401, 402, 403.

For the foregoing reasons, Plaintiff asks the Court for an order denying Defendant's Motion in Limine No. 2.

Dated: March 26, 2018

Respectfully submitted,

**By:** /s/ Patrick C. Marshall
Patrick C. Marshall

**METHVIN TERRELL**
**YANCEY, STEPHENS & MILLER, P.C.**
Patrick C. Marshall (Appearance *Pro Hac Vice*)
pmarshall@mmlaw.net
James M. Terrell (Appearance *Pro Hac Vice*)
jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
myancey@mmlaw.net
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199;
Fax: (205) 939-0399

**GUENARD & BOZARTH**
Ross Bozarth, Esq. (Bar No. 179171)
rbozarth@gblegal.com
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672
Fax: (916) 714-9031

*Attorneys for Plaintiff Christopher Monroe*

**PROOF OF SERVICE**

The undersigned certifies that on March 26, 2018, he caused this document to be electronically filed with the Clerk of the Court using the EM/ECF system, which will send notification of filing to counsel or record for each party.

/s/ Patrick C. Marshall
OF COUNSEL