*Counsel for Plaintiff:*
James M. Terrell (Appearance *Pro Hac Vice*)
Email: jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
Email: myancey@mmlaw.net
Patrick C. Marshall (Appearance *Pro Hac Vice*)
Email: pmarshall@mmlaw.net
**Methvin Terrell**
**Yancey, Stephens & Miller, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

Ross Bozarth, Esq. (Bar No. 179171)
Email: rbozarth@gblegal.com
**Guenard & Bozarth**
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672; Fax: (916) 714-9031

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER T. MONROE,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 14-CV-05174-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 5: TO EXCLUDE ALL REFERENCES TO ARGUMENTS THAT PLAINTIFF WAS EXCUSED FROM PROVIDING HIS CELL PHONE RECORDS.**<br><br>Date: April 5, 2018<br>Time: 11:00 a.m.<br>Ctrm.: 4<br>Judge: Hon. Edward J. Davila |

COMES NOW Plaintiff Christopher T. Monroe and submits this Opposition Defendant Geico General Insurance Company's ("Geico") Motion in Limine No. 5: To Exclude All References To Arguments That Plaintiff Was Excused from Providing His Cell Phone Records.

## I. INTRODUCTION

On September 25, 2013, Geico issued an automobile insurance policy to Plaintiff,

Christopher T. Monroe ("Mr. Monroe") for his 2006 white Lexus GS300. Plaintiff paid Geico the initial premium on the policy to insure his Lexus that same day. On September 26, 2013, Plaintiff's vehicle was stolen from its parked location. At the time of the theft of his vehicle, Plaintiff's vehicle was insured by Geico under his active policy. After discovering that his vehicle had been stolen, Plaintiff promptly reported the theft to the local police department and filed a timely claim with Geico for the theft of his vehicle. Shortly thereafter, Geico began its investigation of Plaintiff's claim. Plaintiff's claim was denied for the final time on May 29, 2014 solely because Plaintiff did not provide his pre-paid cell phone records.

## II. ARGUMENT IN OPPOSITION

Geico's request to exclude Mr. Monroe from arguing that he was excused from providing his cell phone records should be denied. Plaintiff's First Amended Complaint specifically stated that Mr. Monroe "promptly informed GEICO that the documentation was not available- including his cellular phone records." (Dkt. 51, p. 4). Plaintiff also alleged that "Plaintiff submitted additional documentation from T-Mobile retail store manager James Truong stating that due to the nature of Plaintiff's prepaid account with T-Mobile, T-Mobile did not hold the phone records for his cellular phone." (*Id*.). Plaintiff also alleged that he fully performed his obligations under the Policy by providing documents and information that he was able to provide. (*Id*.).

'To excuse nonperformance, it must appear that the act to be done could not by any means have been accomplished.' *Hickman v. London Assur. Corp.*, 195 P. 45, 48 (1920). Not only does the evidence reflect that Mr. Monroe's pre-paid cell phone records were unavailable and obtaining them "could not by any means have been accomplished," Geico has not introduced any evidence demonstrating that they could have been obtained. Plaintiff communicated to Geico on multiple occasions that he was unable to provide his pre-paid cell phone records as such records were not kept or maintained by his cell phone provider, T-Mobile. Furthermore, demanding cell phone

records that do not exist, and that Geico confirmed Mr. Monroe could not provide, cannot be considered "reasonably requested information" warranting denial of an insurance claim. *See Globe Indem. Co. v. Superior Court*, 6 Cal.App.4th 725, 731 (1992).

Here, Mr. Monroe has alleged in his First Amended Complaint that he was unable to provide his pre-paid cell phone records because they did not exist and Geico confirmed that he could not provide such records. Mr. Monroe's inability to produce these non-existent records, therefore, excused him from providing such unreasonably requested information and Mr. Monroe should not be excluded from presenting such evidence and argument at trial. This evidence is clearly relevant and admissible. Fed. R. Evid. 401 & 402. Geico has provided no authority otherwise.

For the foregoing reasons, Plaintiff asks the Court for an order denying Defendant's Motion in Limine No. 5.

Dated: March 26, 2018

Respectfully submitted,

**By:** /s/ Patrick C. Marshall
Patrick C. Marshall

**METHVIN TERRELL**
**YANCEY, STEPHENS & MILLER, P.C.**
Patrick C. Marshall (Appearance *Pro Hac Vice*)
pmarshall@mmlaw.net
James M. Terrell (Appearance *Pro Hac Vice*)
jterrell@mmlaw.net
P. Michael Yancey (Appearance *Pro Hac Vice*)
myancey@mmlaw.net
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199; Fax: (205) 939-0399

**GUENARD & BOZARTH**
Ross Bozarth, Esq. (Bar No. 179171)
rbozarth@gblegal.com
8830 Elk Grove Boulevard
Elk Grove, CA 95624
Tel: (916) 714-7672
Fax: (916) 714-9031

*Attorneys for Plaintiff Christopher Monroe*

**PROOF OF SERVICE**

The undersigned certifies that on March 26, 2018, he caused this document to be electronically filed with the Clerk of the Court using the EM/ECF system, which will send notification of filing to counsel or record for each party.

/s/ Patrick C. Marshall
OF COUNSEL