United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CHRISTOPHER T. MONROE,

Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

Case No. 5:14-cv-05174-EJD

**ORDER RE: MOTIONS IN LIMINE**

Re: Dkt. Nos. 80-88, 94, 96-100

The following rulings on the parties' respective motions in limine shall remain in effect throughout the trial, but may be revised by the court at any time.

Plaintiff's Motion No.1 To Exclude Evidence Not Contained In Geico's Claim File At The Time Of Plaintiff's Claim Denial (Dkt. 80) is DENIED because Plaintiff fails to identify any specific evidence he seeks to exclude.

Plaintiff's Motion No. 2 To Exclude Evidence Of Plaintiff's Prior Felony Arrests, Charges Or Conviction (Dkt. 81) is DENIED as to the conviction for felony possession of methamphetamine on August 25, 2010. The conviction is admissible pursuant to Federal Rule of Evidence 609 and Plaintiff has not shown that the probative value of the conviction is substantially outweighed by any of the factors set forth in Federal Rule of Evidence 403. The motion is tentatively denied as to the remaining arrests and charges pending further discussion at the scheduled Final Pretrial Conference.

Plaintiff's Motion No. 3 To Exclude Evidence Of Plaintiff's Prior Misdemeanor Arrests, Charges And Convictions (Dkt. 82) is deferred pending further discussion at the scheduled Final Pretrial Conference. In particular, the parties should be prepared to provide further information

United States District Court
Northern District of California

regarding Plaintiff's conviction for unemployment insurance fraud to determine whether Federal Rule of Evidence 609 subsections (a)(2) and/or (b) apply.

Plaintiff's Motion No. 4 To Exclude Evidence And Testimony Of Plaintiff's Prior Criminal Record Contained In The Santa Clara Police Department Report Dated May 1, 2014 (Dkt. 83) is deferred pending further discussion at the Final Pretrial Conference.

Plaintiff's Motion No. 5 To Exclude Evidence Of Plaintiff's Financial Condition (Dkt. 84) is DENIED. Plaintiff's financial condition at the time he purchased the insurance policy is relevant to Defendant's investigation of Plaintiff's claim for potential fraud, and the probative value of Plaintiff's financial condition is not substantially outweighed by the factors set forth in Federal Rule of Evidence 403.

Plaintiff's Motion No. 6 To Exclude Evidence Or Argument Regarding The General Nature Of Insurance Fraud Or Its Effect On Defendant Or Defendant's Insureds (Dkt. 85) is DENIED, subject to limitations to be discussed at the Final Pretrial Conference.

Plaintiff's Motion No. 7 To Exclude Evidence That Plaintiff's Pre-Paid Cell Phone Records Were At Some Point Available, But Later Became Unavailable, Prior To Defendant's Denying Plaintiff's Claim On May 29, 2014 Or That Plaintiff Could Have Upgraded His Plan To Obtain His Pre-Paid Cell Phone Records (Dkt. 86) is deferred pending further discussion at the Final Pretrial Conference.

Plaintiff's Motion No. 8 To Exclude Percipient Witnesses, Except For One Party Representative, From The Courtroom Unless They Are Testifying (Dkt. 87) is GRANTED.

Plaintiff's Motion No. 9 To Exclude Improper Characterization Of Plaintiff Or Inflammatory Rhetoric At Trial (Dkt. 88) is GRANTED.

Defendant's Motion No. 1 To Exclude Any Reference To The Request Of Cell Phone Records Being A Violation Of Any Statute, Code Or Regulation (Dkt. 94, 96) is DENIED. Plaintiff is entitled to proceed to trial on his UCL claim under the "unfair" prong.

Defendant's Motion No. 2 To Exclude References To Bad Faith On The Part Of Defendant In Investigating And Denying Monroe's Claim (Dkt. 97) is DENIED. The Court already

determined in the context of the summary judgment motions that Plaintiff was not required to plead breach of the implied covenant as a separate claim. Dkt. 64, p. 16 (citing Guzik Technical Enterprises, Inc. v. Western Digital Corp., No. 11-3786 PGS, 2013 WL 6227626, at *12 (N.D. Cal. Nov. 22, 2013) ("California courts have held that, while a claim for breach of the covenant of good faith and fair dealing is sometimes pleaded as a separate count, it is necessarily a type of breach of contract, and need not be pleaded separately.")).[1] "The term 'bad faith,' as used in the context of an insured's claim against his or her insurer, is simply a shorthand reference to a claimed breach by the insurer of the covenant of good faith and fair dealing that is implied in every contract of insurance." Bosetti v. U.S. Life Ins. Co. in City of New York, 175 Cal.App.4th 1206, 12235 (2009).

Defendant's Motion No. 3 To Exclude Maryam Maleki From Testifying At Trial (Dkt. 98) is reserved for trial.

Defendant's Motion No. 4 To Preclude Plaintiff From Arguing That Geico Is Estopped From Asserting That His Claim Was Denied For Reasons Other Than Those In His Denial Letter (Dkt. 99) is deferred pending further discussion at the Pretrial Conference.

Defendant's Motion No. 5 To Exclude All References To Arguments That Plaintiff Was Excused From Providing His Cell Phone Records (Dkt. 100) is DENIED. Whether Plaintiff's cell phone records were available at any time during Geico's investigation is an issue for the jury.

**IT IS SO ORDERED.**

Dated: July 6, 2018

EDWARD J. DAVILA
United States District Judge

[1] Even if Plaintiff failed to properly raise the breach of implied covenant claim in the complaint, the Ninth Circuit has instructed that where, as here, Plaintiff has raised the claim in a summary judgment motion, Plaintiff should be allowed to incorporate it by amendment under Fed. R. Civ. P. 15(b). Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014).